UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.                                                                                            Case No. 3:21cv1066-TKW-EMT

**UNITED STATES OF AMERICA,
et al.**,

    **Defendants**.

_____/

## ORDER DENYING MOTION TO TRANSFER VENUE

This case is before the Court based on Defendants' amended motion to transfer venue (Doc. 7) and supporting memorandum (Doc. 7-1). Plaintiff filed a response in opposition (Doc. 11) and Defendants filed a reply (Doc. 12). No hearing is necessary to rule on the amended motion, and upon due consideration of the parties' filings and the entire case file, the Court finds the amended motion is due to be denied.

The State of Florida (Plaintiff) filed suit against the United States and various federal agencies and officials (Defendants) challenging Defendants' "policy of releasing arriving aliens subject to mandatory detention, of paroling aliens without engaging in case-by-case adjudication or abiding by the other limits on that authority, and of failing to serve charging documents or initiate removal proceedings

against plainly inadmissible aliens who are being released into the interior of the United States." Doc. 1, at 21; *see also id.* at 17-18 (¶¶54-56). Plaintiff claims that the policy is unlawful and that it harms Plaintiff because "[m]any of the aliens illegally released by [Defendants] are arriving or will arrive in Florida, harming the State's quasi-sovereign interests and forcing it to incur millions of dollars in expenses." *Id.* at 3 (¶9); *see also id.* at 14-16 (¶¶43-51) (detailing the alleged irreparable harm to Plaintiff). The suit was filed in the Pensacola Division of this District "because illegal border crossers typically cross into Florida's territory in this … division [and] a substantial part of the events or omissions giving rise to Florida's claims occurred here." *Id.* at 5 (¶20).

Defendants ask the Court to transfer this case to the Tallahassee Division because venue is improper in the Pensacola Division or, alternatively, because the Tallahassee Division would be more convenient for the parties and witnesses. Plaintiff responds that venue is proper in the Pensacola Division because it resides here and the events giving rise to this case occurred here, and the Pensacola Division is just as convenient for the parties and witnesses as the Tallahassee Division.

By asking the Court to transfer this case to the Tallahassee Division (rather than some other District), Defendants effectively concede that venue is proper in this District. In determining whether venue is proper in a particular division of the

District, the Court considers whether venue would be proper in the division if it was a stand-alone district. *See* N.D. Fla. Loc. R. 3.1(B).

Defendants have not cited—nor is the Court aware of—any special venue statute for this type of suit. Under the general venue statute, a civil action against the federal government may be filed in any district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or (C) the plaintiff resides …." 28 U.S.C. §1391(e)(1). Here, it is undisputed that none of the Defendants reside in the Pensacola Division, but Plaintiff argues that the venue is proper under both of the other statutory grounds.

It is well established that a state "resides at every point within [its] boundaries." *Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892); *see also California v. Azar*, 911 F.3d 558, 569-70 (9th Cir. 2018) (rejecting argument that California resides only in the district where the state capital is located and holding that "a state with multiple judicial districts 'resides' in every district within its borders"). Thus, Plaintiff is a resident of this District and all its divisions, such that venue is proper in the Pensacola Division under §1391(e)(1)(C).[1]

The Court did not overlook Defendants' argument that Plaintiff is a resident of the Tallahassee Division because that is where its capital—and, thus, its principal

---

[1] Based on this finding, the Court need not consider whether venue would be proper under §1391(e)(1)(B).

3

place of business—is located.  However, the Court finds this argument unpersuasive because it is grounded on §1391(c)(2),[2] which governs the residency of corporations and other business organizations, not sovereign states.  *See Azar*, 911 F.3d at 570 (explaining that term "entity" in §1391(c)(2) "refers to some organization, not a state"); *Pennsylvania v. Trump*, 351 F. Supp. 3d 791, 809 (E.D. Pa. 2019) ("There is no indication … that Congress intended for [§1391(c)(2)] to dictate the residency of sovereign States by equating a State with an 'unincorporated association[]' like a labor union.").

Although venue is proper in Pensacola Division, the Court has the authority to transfer the case to another division in the District for the convenience of parties or witnesses or in the interests of justice.  *See Combs v. Fla. Dep't of Corr.*, 461 F. Supp. 3d 1203, 1206 (N.D. Fla. 2020).  The standards in 28 U.S.C. §1404(a) must be met to transfer a case to another division over objection, *id.*, and "[m]erely demonstrating that litigating the case in another division … would be equally convenient will not suffice," *id.* at 1207.  Instead, "[t]o justify transferring a case, a court must conclude that 'some other forum is a *better* location to hear the dispute.'"  *Id.*  (quoting 15 Wright et al., Federal Practice and Procedure §3841, at 4) (emphasis in original).

---

[2] This statute provides that for venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside … only in the judicial district in which it maintains its principal place of business."

The factors to be considered in deciding whether to transfer a case under §1404(a) include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013). The ninth factor relates to the efficient operation of the court system and requires consideration of

> (1) where the action is more likely to be expeditiously and efficiently litigated; (2) judicial economy and docket congestion in the competing districts or divisions; (3) each party's ability to enforce a judgment; (4) whether transfer would allow for a consolidation of litigation; (5) the relationship of each community to the controversy; and (6) any obstacles to a fair trial that the parties may encounter in the competing venues.

*Combs*, 461 F. Supp. 3d at 1215.

Here, the first, second, and third factors do not weigh in favor of one division over the other because it is unknown at this point who the witnesses will be and what documents will be relevant, although it seems likely that most of the documents will

be located out of state, as are the defendants and their attorneys.³ The fourth factor does not weigh in favor of one division over the other because the primary loci of the operative facts is out of state—in Washington, D.C., where immigration policy is being formulated, and in and around the southern border of the United States, where the policy is being implemented. The fifth, sixth, and seventh factors do not weigh in favor of one district over the other because the parties are of relatively equal means, the availability or not of process is the same in either division, and both divisions are equally familiar with the governing law. The eighth factor weighs in favor of the Pensacola Division because that is the division chosen by Plaintiff, although the weight of this factor is tempered by the fact that this case is primarily about immigration policy at the southern border. *See Combs*, 461 F. Supp. 3d at 1214 (explaining that "when the conduct at issue did not occur in plaintiff's chosen forum, [courts] give less deference to plaintiff's desired forum").⁴ The ninth factor

---

³ The Court did not overlook Defendants' argument that "the only witnesses likely to be called [are] state agencies providing extra-record evidence to establish Florida's standing" because the merits of the case will be determined based solely on the administrative record. However, at this stage of the case, the identity of the witnesses is unknown and even if Defendants' speculation is correct, that does not necessarily mean that it would be more convenient for the state agency witnesses to appear in court personally in the Tallahassee Division than it would for them to appear remotely (by Zoom or similar technology) in the Pensacola Division. Moreover, it is not entirely clear why Defendants are concerned about inconvenience to state agency witnesses if Plaintiff is not concerned.

⁴ Defendants do not argue that there is any indication that Plaintiff's venue choice is the result of forum shopping, so the Court need not consider whether the choice should be given less weight for that reason. *See Combs*, 461 F. Supp. 3d at 1214. That said, it would be naïve to think that forum shopping played no role in Plaintiff's decision to file this case in this this division, just like it undoubtedly played a role in Defendants' decision to file the motion to transfer venue.

6

does not weigh in favor of one division over the other because this case can resolved just a expeditiously, efficiently, and fairly in the Pensacola Division as the Tallahassee Division, and the case is more about immigration policy at the southern border (and its alleged impacts on Plaintiff) than it is about what is happening in any particular division of this District.  Thus, because one factor weighs in favor of the Pensacola Division and all the other factors are essentially neutral, a transfer of venue under §1404(a) is unwarranted.

In sum, because venue is proper in the Pensacola Division under §1391(e)(1)(C) and the Pensacola Division is just as convenient for the parties and witnesses as the Tallahassee Division, there is no reason for the Court to override Plaintiff's venue choice.  Accordingly, it is **ORDERED** that:

1. Defendants' amended motion to transfer venue (Doc. 7) is **DENIED**.

2. Plaintiff has 14 days from the date of this Order to respond to Defendants' motion to dismiss (Doc. 6) or to file an amended complaint. *See* Doc. 10, at 1 (¶3).

**DONE and ORDERED** this 18th day of January, 2022.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**