UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    *Plaintiff*,

v.    Case No. 3:21-cv-1066-TKW-EMT

The UNITED STATES OF AMERICA;
*et al.*,

    *Defendants*.
_____/

## FLORIDA'S RESPONSE TO DEFENDANTS' MOTION TO STAY

Defendants ask this Court to stay this case pending the Supreme Court's decision in *Biden v. Texas*, No. 21-954 (U.S.). Doc. 20. The two cases, however, challenge different agency actions and present several distinct questions of law. Moreover, a stay will cause Florida harm and the Defendants will not be prejudiced in the absence of a stay. This Court should deny Defendants' motion.

### ARGUMENT

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

This is particularly true when the basis for the requested stay is a grant of certiorari. "The Eleventh Circuit disfavors the granting of a stay based on the Supreme Court's grant of certiorari." *Arkin v. Innocutis Holdings, LLC*, 176 F. Supp. 3d 1313, 1314 (M.D. Fla. 2016) (citing *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015)). This is because "[a] 'grant of certiorari does not change the law.'" *Id.* (quoting *Rutherford v. McDonough*, 466 F.3d 970, 977 (11th Cir. 2006)).

In any event, Defendants overstate the overlap between *Texas* and this case, and the other factors do not favor a stay.

I. **FLORIDA'S CHALLENGE IS NOT SUFFICIENTLY SIMILAR TO THE TEXAS CHALLENGE TO WARRANT A STAY.**

On February 18, 2022, the Supreme Court granted the federal government's petition for certiorari in *Biden v. Texas*, No. 21-954, 2022 WL 497412 (U.S. Feb. 18, 2022). The two questions presented were: (1) "Whether 8 U.S.C. § 1225 requires DHS to continue implementing [the Migrant Protection Protocols (MPP)]"; and (2) "Whether the court of appeals erred by concluding that the Secretary's [October 29, 2021] decision terminating MPP had no legal effect." Pet. Writ Cert. at I, *Biden v. Texas*, No. 21-954 (Dec. 29, 2021).

While the Supreme Court's decision in *Texas* may touch on certain issues in this case—particularly the scope of DHS's duty to detain arriving aliens under 8

U.S.C. § 1225—it may not, and it will certainly not address several issues in this case.

First, Florida challenges a different agency action than the one at issue in *Texas*. Florida challenges the Biden Administration's non-detention policy and its Parole + ATD policy. Doc. 16 ¶¶ 12–13, 19, 80, 86. In *Texas*, the plaintiffs challenged the suspension of MPP, under which DHS "returned certain undocumented aliens to Mexico for the duration of their removal proceedings." *Texas v. Biden*, 20 F.4th 928, 944 (5th Cir. 2021). Thus, whatever the Supreme Court says in *Texas*, it will not address the validity of the policies challenged here.

Second, insofar as the Court's interpretation of § 1225 may affect this case, it is not a foregone conclusion that the Court will address the scope of that statute at all. *Texas* has already been to the Supreme Court once—when the government requested a stay—and the Supreme Court denied a stay solely on the ground that the termination of MPP was arbitrary and capricious under the Administrative Procedure Act (APA). *Biden v. Texas*, 142 S. Ct. 926, 927 (2021) (citing *DHS v. Regents of Univ. of Cal.*, 140 S. Ct. 1891 (2020)). The Supreme Court may affirm the Fifth Circuit's decision on that same ground (or some other ground) and sidestep the § 1225 issue altogether. *See Texas*, 20 F.4th at 988–93. After all, the relevant question in *Texas* is not the abstract question of what § 1225 requires but only whether the government validly terminated the MPP program. *Cf. Boxer X v. Harris*,

459 F.3d 1114, 1116 (11th Cir. 2006) (Carnes, J.) ("[T]he role of our court system in civil cases is not to decide how many analytical angels can dance on the head of a particular injury. Our role is to determine whether the plaintiff before the court is entitled to relief.")

Third, the government stretches *Texas* when it suggests that the Court will address the parole authority in 8 U.S.C. § 1182, the other principal statute at issue in Florida's challenge. Doc. 20-1 at 12; Doc. 16 ¶¶ 81–82, 85–86. The government's own cert petition emphasized that the plaintiffs in *Texas* never challenged the government's parole policies. *See* Pet. Writ Cert., *supra* at 19 (quoting the plaintiffs' statement that "they were 'not challenging' DHS's 'parole policies'"). And neither that statute nor even the concept of parole appears in the questions presented.

Finally, Florida brings several claims that the Supreme Court will certainly not address. Florida contends that both the non-detention and Parole + ATD policies are subject to notice and comment. Doc. 16 ¶¶ 101–07. The APA's notice and comment requirements are not at issue in *Texas*. Similarly, Florida claims that the polices are arbitrary and capricious. *Id.* ¶¶ 87–100. Defendants, of course, point to the Fifth Circuit's holding in *Texas* that the MPP suspension was arbitrary and capricious. Doc. 20-1 at 13 (citing *Texas*, 20 F.4th at 989–93). But the fact that one government policy is or is not arbitrary and capricious has little to do with whether a separate government policy is arbitrary and capricious. Were Defendants' rule

4

actually applied, every APA challenge would be stayed virtually every Supreme Court term.

## II. THE BALANCE OF HARMS WEIGHS AGAINST A STAY OF PROCEEDINGS.

The balance of harms also weighs in favor of denying Defendants' motion. Florida faces ongoing financial and other harm as a result of the Biden Administration's unlawful policies. *See* Doc. 16 ¶¶ 68–77. And contrary to Defendants' assertion, the *Texas* injunction does not "address a substantial portion of Florida's complaints." Doc. 20-1 at 15. The *Texas* injunction only requires the federal government to continue to implement the MPP policy in good faith and does not enjoin enforcement of the two policies Florida challenges. *See Texas v. Biden*, No. 2:21-cv-67, 2021 WL 3603341, at *27–28 (N.D. Tex. Aug. 13, 2021). In fact, the government released over 43,000 arriving aliens at the border last month. *See* Doc. 16 n.1. It is thus remarkable that the government would suggest that the *Texas* injunction even remotely remedies Florida's harm.

Further, Florida has already suffered delays at Defendants' hands in this case. Florida challenged Defendants' policy of issuing "notices to report" in September 2021, and Defendants changed that policy to the Parole + ATD policy in a November 2, 2021 memo. Doc. 16 ¶¶ 11–12 (citing Doc. 6-2). Defendants, however, did not reveal that they had mooted part of Florida's case until they filed their first motion

to dismiss a month later on December 3. Doc. 6-1; Doc. 9 ¶ 2 (noting that both parties agree that the November memo mooted Florida's original complaint in part).

Moreover, Florida faces the continued threat that Defendants will once again change policies in an attempt to moot this case and prevent judicial review of their actions. The federal government has mooted Florida's cases in whole or in part several times in the past year, including in this case. *See, e.g.*, *Florida v. Nelson*, No. 8:21-cv-2524, 2021 WL 6108948, at *4 (M.D. Fla. Dec. 22, 2021); *Florida v. Becerra*, No. 8:21-cv-839 (M.D. Fla.); *Florida v. DHS*, No. 8:21-cv-541 (M.D. Fla.).

Defendants, on the other hand, did not—and indeed cannot—identify any harm they will suffer if the case proceeds. No discovery has been served in this case. Defendants have already filed a motion to dismiss and face no impending deadlines. The case is not even set for trial. As such, it is not clear what "burden of litigation" Defendants need to be "spar[ed]" from. Doc. 20-1 at 16. *See Landis*, 299 U.S. at 255 ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.").

## CONCLUSION

For the foregoing reasons, the Court should deny the government's request to stay this case.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

*/s/ Natalie P. Christmas*
Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Anita Patel (FBN 70214)
SENIOR ASSISTANT ATTORNEY GENERAL

Daniel Bell (FBN 1008587)
CHIEF DEPUTY SOLICITOR GENERAL

Rachel Siegel (FBN 1029143)
DEPUTY SOLICITOR GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
natalie.christmas@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF WORD COUNT

Consistent with Local Rule 7.1(F), this motion contains 1364 words.

## CERTIFICATE OF SERVICE

I certify that on March 9, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Natalie P. Christmas*
Assistant Attorney General