UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

v.                                            Case No. 3:21-cv-1066-TKW-EMT

The UNITED STATES OF AMERICA;
*et al.*,

   *Defendants*.
_____/

## JOINT CONFERENCE REPORT

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and this Court's scheduling order dated March 11, 2022 (Doc. 26), counsel for Plaintiff and Defendants have met and conferred and submit this joint conference report:

1. **Magistrate Judge Jurisdiction:** The Parties have conferred regarding magistrate judge jurisdiction.

2. **Nature and Basis of All Claims and Defenses**:

Florida brings Administrative Procedure Act, constitutional, and equitable challenges against two of Defendants' immigration policies. Florida claims that Defendants are not detaining aliens arriving at the Southern border in violation of 8 U.S.C. § 1225 and abusing their parole authority in 8 U.S.C. § 1182 to authorize mass releases of these aliens. Florida claims the challenged policies are not only

contrary to law, but also are arbitrary and capricious and should have been promulgated through notice and comment.

Defendants maintain that the first alleged policy, the "non-detention policy," does not exist, and Defendants are simply lawfully applying the parole statute, 8 U.S.C. § 1182(d)(5)(A), and regulation, 8 C.F.R. § 212.5(b), in accordance with long-existing practice. The second challenged policy, Parole+ATD, is fully consistent with the statute and regulation as it still requires that parole be granted on a "case by case basis" for "urgent humanitarian reasons or significant public benefit." Section 1225(b) does not in any way limit the grant of parole under section 1182(d). Defendants maintain that Plaintiff lacks Article III standing and fails to satisfy threshold APA reviewability requirements. Further, Defendants maintain, their parole practices are fully consistent with the APA, substantively and procedurally, and do not violate statute or the Constitution in any way.

3. **Likelihood of Settlement**: The parties do not believe settlement is likely in this case.

4. **Proposed Timetables and Cutoff Dates**: At this time, the parties do not propose any alternative deadlines and will abide by deadlines in the Court's scheduling order (Doc. 26).

5. **Discovery Plan:**

a. <u>Initial Disclosures</u>: The parties agree to the timing, form, or requirement for disclosures under Rule 26(a). The parties will complete the initial disclosures required by Rule 26(a)(1) by April 6, 2022. Defendants plan to state in their initial disclosures their position is that this case is an APA "action for review on an administrative record" and therefore exempt from the substance of the initial disclosure requirement. Fed. R. Civ. P. 26(a)(1)(B)(i).

b. Discovery may be needed on these subjects:

Florida's position is that its non-APA claims are not subject to the record rule and that there are several pertinent exceptions to that rule. It therefore plans to seek discovery regarding the basis for and effect of the challenged policies. Defendants' position is that this case is subject to the record rule and thus any extra-record discovery is inappropriate. However, to the extent any discovery is permitted, Defendants reserve the right to serve discovery of their own.

c. <u>Electronic Information</u>: Because all parties are government entities subject to extensive public records protocols, they do not anticipate any issues regarding electronically stored information, but the parties agree to confer if any issues arise.

    d. <u>Privilege and Work-Product</u>: The parties have considered privilege and work-product issues, including whether to ask the court to include any agreement in an order under Federal Rule of Evidence 502(d).

    e. The parties do not request any changes be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

6. **Estimated Trial Date**: The parties believe that the Court is likely to be able to resolve this case without a trial. To the extent a trial is necessary, the parties estimate that the trial will be a non-jury trial that will take approximately 3 days. The parties anticipate this case with be ready for trial in November 2022.

7. The parties do not believe this Case is subject to the Manual for Complex Litigation.

Respectfully submitted,

| | |
|---|---|
| Ashley Moody<br>ATTORNEY GENERAL | JASON R. COODY<br>*United States Attorney* |
| John Guard (FBN 374600)<br>CHIEF DEPUTY ATTORNEY GENERAL | MARIE A. MOYLE<br>*Assistant United States Attorney*<br>Northern District of Florida |
| James H. Percival (FBN 1016188)<br>DEPUTY ATTORNEY GENERAL OF LEGAL POLICY | BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General* |
| Henry C. Whitaker (FBN 1031175)<br>SOLICITOR GENERAL | WILLIAM C. PEACHEY<br>*Director*<br>Office of Immigration Litigation<br>District Court Section |
| Daniel Bell (FBN 1008587)<br>CHIEF DEPUTY SOLICITOR GENERAL | |
| */s/ Natalie P. Christmas*<br>Natalie P. Christmas (FBN 1019180)<br>ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY | EREZ REUVENI<br>*Assistant Director* |
| Karen A. Brodeen (FBN 512771)<br>SPECIAL COUNSEL | /s/ *Joseph A. Darrow*<br>JOSEPH A. DARROW<br>ERIN T. RYAN<br>*Trial Attorneys*<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel.: (202) 805-7537<br>Joseph.a.darrow@usdoj.gov |
| Office of the Attorney General<br>The Capitol, Pl-01<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>(850) 410-2672 (fax)<br>natalie.christmas@myfloridalegal.com | |
| *Counsel for the State of Florida* | SARAH STEVENS WILSON<br>*Assistant Director*<br>Office of Immigration Litigation<br>Appellate Section |

## CERTIFICATE OF SERVICE

I certify that on April 6, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Natalie P. Christmas*
Assistant Attorney General
