# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 3:21-cv-01066 |
| The UNITED STATES OF AMERICA, *et al.*, | ) |
| *Defendants.* | ) |

# NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants advise the Court of a recent opinion from the U.S. Court of Appeals for the Sixth Circuit relevant to this case, including Defendants' Motion to Dismiss, ECF 23. *Arizona v. Biden*, No. 22-3272 (6th Cir. April 12, 2022) (attached).

The Sixth Circuit stayed the district court's preliminary injunction partially enjoining the September 2021 "Guidelines for the Enforcement of Civil Immigration Law" ("Guidance"). *Id.* The Court held that the plaintiff States likely lacked standing because they were unlikely to be able to show that their alleged injuries—including the cost of increased law enforcement and social services, such as Plaintiff alleges here—were traceable to the Guidance, because they depend in large part upon the choices of third-parties. *Id.* at 8.

The Court held that the States' claims were likely unreviewable under the Administrative Procedure Act and not subject to notice-and-comment procedure because, like here, the immigration-enforcement statutes at issue, 8 U.S.C. §§ 1226(c) and 1231(a), "have many moving parts, the Guidance leaves considerable discretion in implementing it, and the Guidance does not create any legal rights for noncitizens." *Id.* at 12, 16. The Court held that the enforcement priorities also were not likely arbitrary or capricious or contrary to law, rejecting the argument, same as Plaintiff raises here, that Congress's use of "shall" in those statutes created mandatory enforcement obligations. Especially given the "considerable discretion [] baked into the immigration system," the use of the word "shall" "does not

automatically create a judicially enforceable mandate, especially when criminal or civil law enforcement is at issue." *Id.* at 12, 14.

The Sixth Circuit's rationale equally disposes of Plaintiff's claims, explaining why Plaintiff cannot rely on its speculated harms of increased social service costs to demonstrate standing, cannot obtain APA review given the considerable discretion inherent in the immigration-enforcement and parole practices it challenges, and cannot rely on "shall" in 8 U.S.C. § 1225(b) to create a judicially enforceable mandate that the Government detain all eligible noncitizens. Defendants can expeditiously submit further briefing on the relevance of Arizona should the Court desire.

Date: April 19, 2022

JASON R. COODY
*United States Attorney*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
ERIN T. RYAN
*Trial Attorney*
U.S. Department of Justice

Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 805-7537
Joseph.a.darrow@usdoj.gov

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that the foregoing Notice of Supplemental Authority contains 346 words based upon Microsoft Word's word count, in compliance with Local Rule 7.1(J).

By: */s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of Florida by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division