UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                      Case No.  3:21-cv-1066

The UNITED STATES OF AMERICA,
*et al.*,

    Defendants.
_____/

**FLORIDA'S RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

*Arizona v. Biden*, No. 22-3272 (6th Cir. April 12, 2022), is both wrongly decided and distinguishable. The opinion addresses a statute not at issue here and was in a preliminary injunction posture, where the plaintiffs must prove their case, rather than simply state a claim.

The court's analysis proceeds from the assumption that 8 U.S.C. § 1226(c) does not create a mandatory duty. That position is contrary to Supreme Court precedent and the positions of several administrations. *See Nielsen v. Preap*, 139 S. Ct. 954, 966 (2019) ("The Secretary *must* arrest aliens guilty of a predicate offense."); Oral Arg. Tr. 21:9–22, *United States v. Texas*, 579 U.S. 547 (2016) (No. 15-674) ("Congress has told DHS that it has to prioritize the removal of criminal aliens."); Genco Op. No. 93-80 (INS), 1993 WL 1504027, at *3 (1993) (interpreting

a predecessor provision as "statutorily preclud[ing]" the government "from exercising discretion . . . to release" or to "refrain from instituting deportation proceedings" against aggravated felons). Instead of grappling with these authorities, the Sixth Circuit relied on *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005), a case that is narrower than the Sixth Circuit's reading and inapplicable here. *See* Doc. 31 at 14; *Texas v. Biden*, 20 F.4th 928, 997 (5th Cir. 2021). And at least one circuit has held that § 1225(b), the statute Florida invokes, is mandatory. *Texas*, 20 F.4th at 997.

Further, the Sixth Circuit wrongly concluded that the Plaintiff-States did not have standing because their injury depended on the actions of third parties. As explained in Florida's response to the government's motion to dismiss, Doc. 31 at 30–31, this argument was rejected by the Supreme Court in *Department of Commerce v. New York*, 139 S. Ct. 2551, 2566 (2019). And countless courts have held that States may challenge immigration policies. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 171 (5th Cir. 2015), *aff'd by an equally divided court*, *United States v. Texas*, 579 U.S. 547 (2016); *Trump v. Hawaii*, 138 S. Ct. 2392 (2018).

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Daniel Bell (FBN 1008587)
CHIEF DEPUTY SOLICITOR GENERAL

*/s/ Natalie P. Christmas*
Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
natalie.christmas@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF WORD COUNT

Consistent with Local Rule 7.1(J), this response contains 348 words.

## CERTIFICATE OF SERVICE

I certify that on April 20, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Natalie P. Christmas*
Assistant Attorney General
