# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA, ) </br> ) </br> *Plaintiff,* ) </br> ) </br> v. ) </br> ) </br> The UNITED STATES OF ) </br> AMERICA, *et al.*, ) </br> ) </br> *Defendants.* ) </br> ) | Civil Action No. 3:21-cv-01066 |

**DEFENDANTS' AMENDED INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a), Defendants maintain that discovery is improper regarding Plaintiff's challenge to the Parole Plus ATD (Parole+ATD) program. Plaintiff seeks review of Defendant U.S. Department of Homeland Security's parole practices at the southwest border pursuant to the Administrative Procedure Act (APA). *See generally* ECF No. 16. "The focal point for judicial review of an administrative agency's action should be the administrative record." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996). The Eleventh Circuit requires that there be "a strong showing of bad faith or improper behavior" by the agency in order to "justify the district court going beyond the administrative record." *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007).

Without waiving this objection, Defendants provide the following initial disclosures based on the information known to them at this time. Defendants reserve the right to supplement and/or amend these disclosures in accordance with the Federal Rules of Civil Procedure and if the Court determines this case does not fall under Fed. R. Civ. P. 26(a)(1)(B)(i) and/or in the event that Plaintiff seeks to introduce or rely on non-record materials.

**I.  Witnesses**

The following individuals might have discoverable information that Defendants may use to support their claims and/or defenses:

A. **Robert Guadian, Deputy Assistant Director (DAD) for Domestic Operations East, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE)**. DAD Guadian has knowledge of ICE's detention and parole practices for noncitizens who were encountered at the Southwest border. DAD Guadian may be contacted through Defendants' counsel.

B. **Tony Barker, Chief of Law Enforcement Operations Directorate of the U.S. Border Patrol, U.S. Customs and Border Protection (CBP).** Tony Barker has knowledge of CBP's general detention and parole practices for noncitizens who were encountered by U.S. Border Patrol at the Southwest border. Mr. Barker may be contacted through Defendants' counsel.

C. **Matthew Davies, Executive Director of Admissibility and Passenger Programs, Office of Field Operations, CBP.** Matthew Davies has knowledge CBP's general detention and parole practices for noncitizens at ports of entry on the Southwest border. Mr. Davies may be contacted through Defendants' counsel.

D. **Raul Ortiz, Chief of the U.S. Border Patrol, CBP.** The Certified Administrative Record (see below) addresses the Parole+ATD program, but to the extent that Plaintiff seeks to introduce or rely on extra-record materials to challenge Parole+ATD, Chief Ortiz has knowledge of the decision to implement and implementation of Parole+ATD. Chief Ortiz may be contacted through Defendants' counsel.

II. **Documents**

Defendants will likely use the following documents to support their claims and/or defenses:

A. Certified Administrative Record

B. ICE Policy Directive No. 11002.1 (Dec. 8, 2009)

C. ICE Enforcement and Removal Operations, "Updated Guidance: Implementation of the Modified Nationwide Preliminary Injunction in Padilla v. ICE, No. 18-928, 2019 WL 2766720 (W.D. Wash. July 2, 2019)"

### III. Damages

Plaintiff seeks only declaratory and injunctive relief, along with costs and fees. ECF No. 16 at 31-32. Defendants deny that Plaintiff is entitled to any relief, monetary or otherwise.

### IV. Insurance

The United States of America is self-insured and there is no relevant insurance agreement.

| | |
|---|---|
| Date: April 21, 2022 | Respectfully submitted, |
| JASON R. COODY<br>*United States Attorney* | BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General* |
| MARIE A. MOYLE<br>*Assistant United States Attorney*<br>Northern District of Florida | WILLIAM C. PEACHEY<br>*Director*<br>Office of Immigration Litigation<br>District Court Section<br><br>EREZ REUVENI<br>*Assistant Director*<br><br>/s/ *Joseph A. Darrow*<br>JOSEPH A. DARROW<br>ERIN T. RYAN<br>*Trial Attorney*<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044 |

Tel.: (202) 805-7537
Joseph.a.darrow@usdoj.gov

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I served Defendants' Amended Initial Disclosures via email on the following counsel for Plaintiff in *Florida v. United States, et al.*, No. 3:21-cv-01066.

    Karen Ann Brodeen
    Karen.brodeen@myfloridalegal.com

    Natalie Christmas
    Natalie.christmas@myfloridalegal.com

    James Hamilton Percival II
    James.percival@myfloridalegal.com

                   By: */s/ Joseph A. Darrow*
                   JOSEPH A. DARROW
                   Trial Attorney
                   United States Department of Justice
                   Civil Division