UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

|  |  |
|---|---|
| STATE OF FLORIDA,<br><br>*Plaintiff,*<br><br>v.<br><br>The UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants.* | Civil Action No. 3:21-cv-01066 |

**DEFENDANTS' ANSWER**

**ANSWER**

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, the United States of America, Alejandro Mayorkas, United States Department of Homeland Security (DHS), Chris Magnus, U.S. Customs and Border Protection (CBP), Tae Johnson, Immigration and Customs Enforcement (ICE), Ur M. Jaddou, and U.S. Citizenship and Immigration Services, (collectively, "Defendants"), by their undersigned attorneys, respond to the allegations contained in the numbered paragraphs of Plaintiff's First Amended Complaint, ECF No. 16, as follows. Defendants generally deny all allegations not specifically admitted.

**INTRODUCTION**

1. The first sentence of Paragraph 1 consists of Plaintiff's opinion and characterization of activity at the Southwest border, not a factual allegation, and therefore no response is required. If the Court requires a response, Defendants deny. The second and third sentences purport to rely on statistics publicly reported by CBP, which speak for themselves and require no response. Defendants deny the remaining allegations in the second and third sentences of Paragraph 1.

2. Paragraph 2 consists of Plaintiff's characterization of this action, which requires no response. If the Court requires a response, Defendants deny.

3. Paragraph 3 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

4. Paragraph 4 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

5. Paragraph 5 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

6. Paragraph 6 consists of conclusions of law to which no response is required. If the

Court requires a response, Defendants deny.

7. Paragraph 7 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

8. Paragraph 8 consists of conclusions of law, to which no response is required. If the Court requires a response, Defendants deny.

9. Paragraph 9 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

10. The first sentence of Paragraph 10 consists of Plaintiff's opinion and characterization of this action, not factual allegations, and therefore no response is required. If the Court requires a response, Defendants deny. The second sentence purports to rely on statistics publicly reported by CBP, which speak for themselves and require no response. Defendants deny the remaining allegations in the second sentence of Paragraph 1.

11. Defendants admit that CBP previously employed a practice under which noncitizens apprehended at or near the border were released with a Notice to Report (NTR) to ICE within a specified timeframe to be placed in removal proceedings and receive the associated charging document, a Notice to Appear (NTA). Defendants further admit that there was guidance to individual Border Patrol Agents on implementing the NTR practice. The remaining allegations in Paragraph 11 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

12. To the extent Paragraph 12 accurately quotes the November 2, 2021 memorandum on Parole + ATD, ECF No. 6-2, Defendants state that the memorandum speaks for itself. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants admit that they use Parole + ATD, under which CBP releases certain

noncitizens encountered at or near the border on parole and enrolls them in ICE's Alternative to Detention (ATD) program, which imposes a series of obligations on enrollees to ensure that they check-in with ICE within a specific period of time to be served with an NTA and placed in removal proceedings. Defendants also admit that CBP has ceased the use of NTRs. The remaining allegations in Paragraph 13 consists of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

14.  The second sentence of Paragraph 14 in part purports to rely on statistics publicly reported by CBP, which speak for themselves and require no response. Defendants deny the remaining allegations in the second sentence of Paragraph 1. The remaining allegations in Paragraph 14 consist of conclusions of law and Plaintiff's characterization of this action, and therefore no response is required. If the Court requires a response, Defendants deny.

15.  Deny.

16.  Paragraph 16 consists of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

17.  Defendants admit that the President's Fiscal Year (FY) 2023 budget slightly reduces requested funding for detention beds by comparison with FY 2022. Defendants deny the remaining allegations in Paragraph 17.

18.  To the extent that Paragraph 18 accurately quotes a statement by DHS Secretary Mayorkas, Defendants state that the quotation speaks for itself.  Defendants deny the remaining allegations in Paragraph 18.

19.  Paragraph 19 consists of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

20.  Defendants admit that the alleged "nondetention policy" does not exist and aver

3

that their publicly reported statistics on releases speak for themselves and require no response. The remaining allegations of Paragraph 20 consist of conclusions of law and Plaintiff's characterization of this action, which also require no response. If the Court requires a response to these allegations, Defendants deny.

21. Defendants state that their publicly reported statistics on releases speak for themselves and require no response, and admit they supplied an October 21, 2021 letter to the Florida governor stating that they were aware of some noncitizens who had checked in with ICE ERO field offices in the State of Florida. The remaining allegations of Paragraph 21 consist of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny same.

23. The first two sentences of Paragraph 23 consists of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants admit that Plaintiff lacks standing to bring this action because its alleged harm is merely speculative at best, and deny the remaining allegations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second two sentences of Paragraph 23, and on that basis deny same.

## PARTIES

24. Admit.

25. Defendants deny that USCIS or its Director are "responsible for the issuance and implementation of the challenged administrative actions." Further, Defendant United States is not an agency and is not properly subject to suit under the Administrative Procedure Act. Defendants

admit the remaining allegations of Paragraph 25.

26. Paragraph 26 consists of conclusions of law, which require no response. If a response is required, Defendants deny. Further, Defendants deny that Plaintiff has subject matter jurisdiction to bring this case.

27. Defendants admit that DHS oversees its subcomponents, USCIS, CBP and ICE. Defendants deny the remaining allegations of Paragraph 27.

28. Defendants admit that Alejandro Mayorkas is the Secretary of DHS. Defendants deny the remaining allegations of Paragraph 28.

29. Defendants admit that Tae Johnson is Acting Director of ICE. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants admit that Chris Magnus is Commissioner of CBP, who replaced Acting Commissioner Troy Miller. Defendants deny the remaining allegations of Paragraph 30.

31. Defendants admit that Ur Jaddou is the Director of USCIS. Defendants deny the remaining allegations of Paragraph 31.

## JURISDICTION AND VENUE

32. Deny.

33. Deny.

34. Defendants admit that the Court denied their motion to transfer venue and deny the remaining allegations of Paragraph 34.

## FACTUAL BACKGROUND

35. Paragraph 35 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

36. Paragraph 36 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

37. Paragraph 37 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

38. Paragraph 38 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

39. Paragraph 39 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

40. Paragraph 40 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

41. Paragraph 41 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

42. Paragraph 42 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

43. Paragraph 43 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities

speak for themselves and otherwise deny.

44. Paragraph 44 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

45. Paragraph 45 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

46. Paragraph 40 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants admit they have discretion whether to use expedited or full removal proceedings, and deny the remaining allegations.

47. Defendants aver that the cited document speaks for itself and otherwise deny the allegations in Paragraph 47.

48. Paragraph 48 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

49. Defendants state that their publicly reported statistics speak for themselves and deny the remaining allegations in Paragraph 49.

50. Deny.

51. Defendants admit that CBP officials were still using NTRs as of the filing of Plaintiff's initial Complaint, and deny the remaining allegations in Paragraph 51.

52. Defendants admit that they filed the November 2, 2021 memorandum noting the discontinuation of NTRs and implementation of Parole+ATD. Defendants deny the remaining allegations in Paragraph 52.

53. Defendants aver that the November 2, 2021 memorandum speaks for itself and requires no response.

54. Deny.

55. Defendants state that their publicly reported statistics speak for themselves and deny the remaining allegations in Paragraph 55.

56. Defendants aver that the November 2, 2021 memorandum speaks for itself and deny the remaining allegations in Paragraph 56.

57. Paragraph 57 consists of conclusions of law and Plaintiff's characterization of the law and this action, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

58. Deny.

59. Deny.

60. Deny.

61. Defendants aver that the cited authorities speak for themselves and otherwise deny the allegations of Paragraph 61.

62. Defendants aver that the cited authorities speak for themselves and otherwise deny the allegations of Paragraph 62.

63. Defendants aver that the cited document speaks for itself and otherwise deny the allegations of Paragraph 63.

64. The first sentence of Paragraph 64 is Plaintiff's characterization of this action and requires no response. To the extent a response is required, Defendants deny. Defendants aver that the documents cited and quoted in the second two sentences of Paragraph 64 speak for themselves and require no response.

65. Deny.

66. Defendants aver that Exec. Order No. 14010 speaks for itself and requires no response. Paragraph 66 otherwise consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants deny.

67. Defendants aver that the quoted document speaks for itself and requires no response, and otherwise deny the allegations of Paragraph 67.

68. The first two sentences of Paragraph 68 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants deny. Defendants deny the allegations in the remaining sentences of Paragraph 68.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis deny same.

70. Defendants aver that the cited authority speaks for itself and requires no response, and otherwise deny the allegations in Paragraph 70.

71. Defendants aver that the cited authority speaks for itself and requires no response, and otherwise deny the allegations in Paragraph 71.

72. Deny.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny same.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis deny same.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny same.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 76, and on that basis deny same.

77. Defendants deny that they illegally release anyone. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and on that basis deny same.

## CLAIMS

### COUNT 1

78. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

79. Paragraph 79 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

80. Deny.

81. Deny.

82. Deny.

83. Paragraph 83 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

### COUNT 2

84. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

85. Deny.

86. Deny.

### COUNT 3

87. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

88. Paragraph 88 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

89. Defendants admit that the alleged "nondetention policy" does not exist and deny the remaining allegations of Paragraph 89.

90. Deny.

91. Deny.

92. Deny.

93. Deny.

94. Deny.

## COUNT 4

95. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

## COUNT 5

101. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

102. Paragraph 102 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

103. Deny.

## COUNT 6

104. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

105. Deny.

106. Defendants aver that their publicly reported statistics speak for themselves and otherwise deny the allegations of Paragraph 106.

107. Deny.

## COUNT 7

108. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

109. Deny.

## COUNT 8

110. Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

111. Deny.

112. Deny.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains no factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the

specific reliefs requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' First Amended Complaint and as separate affirmative defenses, Defendants state as follows:

1. The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

2. Plaintiff fails to establish a judiciable Article III case or controversy.

3. Plaintiff's Complaint and each cause of action therein fails to state a claim upon which relief may be granted.

4. Plaintiff lacks a cause of action and cannot obtain review under the Administrative Procedures Act (APA) or the United States Constitution.

5. Plaintiff challenges decisions committed to agency discretion by law.

6. Plaintiff fails to allege a final agency action.

7. Various statutes bar APA review of Plaintiff's claims.

8. Plaintiff's challenge is time-barred by the applicable statute of limitations for challenges to federal statutes and regulations.

9. Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud.

10. Defendants reserve the right to assert other defenses as this action proceeds up to, and

including, the time of trial.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants, having fully answered the Plaintiff's First Amended Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Dated: May 24, 2022

JASON R. COODY
*United States Attorney*

MARIE A. MOYLE
*Assistant United States Attorney*

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
ERIN T. RYAN
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 805-7537
Joseph.a.darrow@usdoj.gov

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, I electronically filed **DEFENDANTS' ANSWER** with the Clerk of the Court for the United States District Court for the Northern District of Florida by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division