# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## Case No. 3:21-CV-1066

**STATE OF FLORIDA**,

  Plaintiff,

**v.**

**The UNITED STATES OF
AMERICA,** *et al.*,

  Defendants.

_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
## TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Although Plaintiff's motion is titled as a request to supplement the Certified

Administrative Record ("CAR") regarding the Parole + ATD policy,[1] it is actually

an improper attempt by Plaintiff to get extra-record discovery to which it is not

entitled.  If Plaintiff wanted to supplement the CAR, it would identify specific

documents that it believes the agency considered and failed to include in the record

and that should be added to the record.  Instead, Plaintiff seeks to get behind the

---

[1] The dispute at issue before the Court only deals with the Parole + ATD policy and the corresponding CAR.  In its Amended Complaint, Plaintiff challenges the Parole + ATD policy and an alleged "non-detention" policy, which Defendants maintain does not exist. Florida's allegation that "Defendants have *refused* to provide an administrative record" for the "non-detention" policy is misleading: no such "non-detention" policy exists.  *See* Pl. Motion at 3, FN1 (emphasis added). Defendants *cannot* provide a CAR for an imaginary policy that does not exist.

CAR with discovery.  That is an extraordinary request which requires Plaintiff to first show strong evidence of bad faith, which it cannot do.

The CAR is complete and was certified as complete under oath.  *See* Certification, Pl. Motion Ex 1 at 6-7.  That certification is entitled to a presumption of regularity.  *See, e.g., Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (The "submission and certification of [the] administrative record as filed is entitled to a strong presumption of regularity.").  Plaintiff provides no substantive evidence of bad faith, nor does it state with particularity specific documents that would complete the record.  Instead, Plaintiff relies on conjecture and speculation, and then cites the same baseless conjecture and speculation as support for why it should get unlimited discovery.

In its motion, Plaintiff states that "one of two things must be true: either (a) Defendants did not produce the complete administrative record; or (b) the rationale offered for Parole + ATD … is pretextual."  *See* Pl. Motion at 2-3.  This is a false choice – neither of these things is true.  The reality is that the administrative record is complete.  Plaintiff improperly asks this Court to usurp the role of the agency based on unsupported characterizations and conspiracy theories, and the Court should not allow it. *See* 5 U.S.C. § 706 (A court reviewing agency action under the Administrative Procedure Act ("APA") is limited to reviewing "the whole record or those parts of it cited by the party.").

The record Defendants produced is sufficient for judicial review, and Plaintiff has not demonstrated the strong showing of bad faith necessary to obtain discovery beyond the CAR. Accordingly, Plaintiff's motion should be denied. And even if the Court were to determine the record is incomplete—a showing Plaintiff has come nowhere close to making—the appropriate remedy is not to permit discovery into the record or to permit Plaintiff to supplement the record, but to remand the record to the agency for further explanation.

## ARGUMENT

I.  **The administrative record is complete and entitled to a presumption of regularity.**

Although Defendants have certified that the CAR is complete under penalty of perjury, Plaintiff contends that it "lacks many key documents considered by Defendants and that are essential to judicial review." *See* Pl. Motion at 5. Plaintiff is wrong.

Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The function of the district court is to assess the lawfulness of the agency's action based on the reasons offered by the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 50 (1983). The agency is charged with collecting those materials "that

were before the agency at the time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095, 317 U.S. App. D.C. 281 (D.C. Cir. 1996) (quotation marks omitted).

The record need only "include all documents and materials that the agency directly or indirectly considered." *Pac. Shores Subdivision v. Army Corps of Engineers*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006) (internal citation omitted).  CAR need not contain privileged material, such as predecisional or deliberative documents.  *See Georgia Aquarium, Inc. v. Pritzker*, 134 F. Supp. 3d 1374, 1378 (N.D. Ga. 2014) ("Judicial review of agency action should be based on an agency's stated justifications, not the predecisional process that led up to the final, articulated decision.") (citation and quotations omitted); *see also Oceana, Inc.*, 920 F.3d at 865 ("[T]he agency must submit proper certification that the record is complete, which serves as formal representation by the agency that it duly evaluated all predecisional documents before excluding them from the record.") (citations omitted).

"[T]he designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Oceana, Inc.*, 920 F.3d at 865; *see also Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) (same); *Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008) ("The "submission and certification of [the] administrative record as filed is entitled to a strong presumption of regularity.").  "[I]n the absence of clear

4

evidence to the contrary, courts presume that public officers have properly discharged their official duties." *GeorgiaCarry.org, Inc. v. U.S. Army Corps of Engineers*, 212 F. Supp. 3d 1348, 1352 (N.D. Ga. 2016) (citation and internal quotations omitted) (finding plaintiffs did not overcome presumption of regularity because they provided "no clear evidence to support their contention that the officers who certified the ARs did so improperly"); *see also Nat'l Parks Conservation Ass'n v. U.S. DOI*, 835 F.3d 1377, 1385-86 (11th Cir. 2016) ("Agency decisions are entitled to a presumption of regularity").

Here, the Chief of Border Patrol, Raul Ortiz, is the custodian of the policy memo creating Parole + ATD. *See* Pl. Motion, Ex. 1 at 6-7. He certified that the documents contained in the CAR "constitute the non-privileged documents that [he] considered in issuing the Parole + ATD memorandum on November 2, 2021." *Id.* He then signed this certificate under penalty of perjury. *Id.* This certification entitles the CAR to the presumption of regularity.

The Court's review, therefore, is limited to the CAR as compiled by the agency.

## II. Plaintiff does not specify documents that are missing from the CAR which were considered by the agency.

Given the presumption of regularity, only two narrow exceptions to the record rule exist: to supplement the record with specific documents considered by the agency but not included in the record in order to complete the record, or for extra-

record discovery for documents that were not considered by the agency. *See Open Soc'y Inst. v. United States Citizenship & Immigration Servs.*, 2021 U.S. Dist. LEXIS 176977, *21 (D.D.C. Sept. 7, 2021). Under either exception, Plaintiff must make a strong showing that supplementation is necessary, which Plaintiff has failed to do.

As to the first exception, a party may "request to 'add to the administrative record documents the agency considered' when it made its decision, that is, to complete the administrative record." *Ctr. for Biological Diversity v. U.S. Army Corps of Engineers*, 2020 U.S. Dist. LEXIS 172979, at *8 (D.D.C. Sept. 22, 2020) (quoting *Pac. Shores*, 448 F. Supp. 2d at 5). The standard in those circumstances is whether "the materials in question actually were before the agency at the time of its decision." *Open Soc'y Inst.*, 2021 U.S. Dist. LEXIS 176977 at *21 (citations omitted).

Plaintiff bears a "heavy burden" in seeking to overcome this presumption in order to supplement the record. *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 6 (D.D.C. 2009). To overcome this burden, "plaintiff must identify reasonable, non-speculative grounds for their belief that the documents were considered by the agency and not included in the record." *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015) (citations omitted). "Plaintiffs cannot merely assert that other relevant documents were before the agency but were not adequately considered" or

"imply that the documents at issue were in the agency's possession." *Id.* "Rather, plaintiffs must prove that the documents were before the actual decisionmakers involved in the determination." *Id.*

Here, although Plaintiff alleges it wants to supplement the CAR, Plaintiff has failed to actually specify any documents that it claims were considered by the agency and omitted from the record. *See generally,* Pl. Motion. Liberally construing Plaintiff's motion, Plaintiff makes references to categories of documents it expects would have been part of the CAR, such as "CDC guidance" or "Defendants' NTR policy." *See* Pl. Motion at 6-7. In fact, the only specific documents Plaintiff identifies as purportedly missing from the CAR is the CDC's Title 42 Order and the original Complaint of this lawsuit. *Id.* at 6-7.

But Plaintiff has not put forth evidence that these documents were actually considered by the decisionmaker, and therefore were improperly omitted from the CAR. That is fatal to Plaintiff's motion to supplement the record. "A motion premised on the ground that the record fails to include all material that was before the agency requires the movant to rebut the presumption of administrative regularity and show that the documents to be included were, in fact, before the administrative decisionmaker." *Open Soc'y Inst*, 2021 U.S. Dist. LEXIS 176977 at *21 (citations omitted).

Even if the Court were to construe these passing references to COVID-19

related documents as sufficient identification, Plaintiff also has not shown that these are documents that the agency is required to have included in the CAR.  For example, the Parole + ATD policy memo states that the policy was being implemented, in part, for "the urgent humanitarian need to protect the workforce, migrants, and American public against the spread of COVID-19 that may be exacerbated by overcrowding in CBP facilities."  *See* Pl. Motion, Ex. 1 at 8-9.  Therefore, Plaintiff alleges that because the Memo establishing the Parole + ATD policy references COVID-19, but the CAR does not contain documents related to the COVID-19 pandemic or the risks of COVID-19, then the CAR must be deficient.  *See* Pl. Motion at 5-6.

Such information—for example that there is a pandemic and COVID-19 is transmissible by being in close contact with an infected person—is not information that requires a research treatise or a scientific study.  This is common knowledge, and known to Raul Ortiz, the Chief of the United States Border Patrol, who issued the policy memo establishing Parole + ATD and certified the completeness of the CAR.  As an expert individual with 31 years of experience at the United States Border Patrol,[2] Mr. Ortiz can be presumed to know that close quarters would be dangerous because of COVID-19. The agency does not need to create its own

[2] Mr. Ortiz's full biography can be found at https://www.cbp.gov/about/leadership-organ-ization/executive-assistant-commissioners-offices/chief-united-states-border-patrol.

COVID-19 statistics to justify creating a new policy to protect people from COVID-19.[3] "The APA imposes no general obligation on agencies to conduct or commission their own empirical or statistical studies." *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1160 (2021). And so there is no requirement that an administrative record contain documentation supporting every part of the decision document that is based on the decisionmakers expert opinions and experiences. *See Zubeda v. Ashcroft*, 333 F.3d 463, 479 (3d Cir. 2003) ("[A]n agency can take official or administrative notice of commonly acknowledged facts. […] The Administrative Procedure Act allows a decisionmaker to take official notice of material not appearing in the evidence in the record [and] also allows an administrative agency to take notice of technical or scientific facts that are within the agency's area of expertise.").

Plaintiff also argues that because the policy memo mentions Title 42, it must be included in the CAR. To be clear, the memo mentions Title 42 exactly once: "Furthermore, Parole + ATD may only be issued when an individual is not covered by or is excepted from, on a case-by-case basis, the U.S. Centers for Disease Control and Prevention (CDC) Title 42 Order." *See* Pl. Motion, Ex. 1 at 10. Just because the memo makes this passing reference to another document does not mean that

---

[3] Although, Defendants note, the CAR does contain data related to COVID-19 numbers in Border Patrol facilities, including the number of employees who were hospitalized or deceased from COVID-19. *See, e.g.,* Pl. Motion, Ex. 1 at 13, 16, 29. This information was known, and considered, by Mr. Ortiz when creating the Parole + ATD policy.

document must be included in the CAR.[4]

"References to a document in the administrative record does not prove that those documents were 'before' the deciding agency." *Franks v. Salazar*, 751 F. Supp. 2d 62, 70 (D.D.C. 2010); *Wild Earth Guardians*, 670 F. Supp. 2d at 6 (finding that the mere mention of a document in the record does not "indicate consideration of [its] contents"); *Cape Hatteras Access Pres. Alliance v. United States DOI*, 667 F. Supp. 2d 111, 114 (D.D.C. 2009) (finding that references to an opinion in the record do "not prove that it was before the agency when it made its decision"). That is for good reason—again, the agency and its decisionmaker are entitled to rely on their expertise and judgment in issuing a decision. By certifying the administrative record, Raul Ortiz has certified that he did not in fact consider these other documents Plaintiff contends must have been considered. And that is as far as the Court's inquiry can go absent a showing of bad faith.

When compiling a CAR, the agency is not "obligated to include every potentially relevant document existing within its agency." *Gupta v. U.S. Atty. Gen.*, 2015 U.S. Dist. LEXIS 129279, at *4 (M.D. Fla. Sept. 25, 2015), (citing *Pac. Shores*, 448 F. Supp. 2d at 7). The record need only "include all documents and materials that the agency directly or indirectly considered." *Pac. Shores*, 448 F. Supp. 2d at 4 (internal citation omitted). "Importantly, the record before the agency when it made

---

[4] To be clear, Title 42 is common knowledge, known to Mr. Ortiz, and publicly available.

its decision is not every scrap of paper produced by the agency leading up to the decision. Instead, it consists of documents that [were] before the [decision maker] at the time he made his decision." *Donjon-Smit, LLC v. Schultz*, 2020 U.S. Dist. LEXIS 59277, *13 (S.D. Ga. April 3, 2020); *accord Volpe*, 401 U.S. at 415-16 (the court must limit review to "the full administrative record that was before [the agency] at the time [it] made [its] decision"). Put differently, the Court does not create a new evidentiary record in district court on top of what the agency submits, *see Fla. Power*, 470 U.S. at 743-44, and absent the requisite showing of bad faith, that is the end of the inquiry.

Additionally, that bare fact that Plaintiff obtained certain documents through the Freedom of Information Act ("FOIA") does not mean that those documents somehow become part of the CAR.[5] *See* Pl. Motion at 6. That is not the relevant standard—instead the record includes only documents considered by the decisionmaker in reaching their decision. *See Pac. Shores*, 448 F. Supp. 2d at 4 ("Review of the whole record … is to be based on the full administrative record that was before the agency decisionmakers at the time they made their decision. This

---

[5] Equally unpersuasive is Plaintiff's incredulity that the CAR does not contain a copy of this lawsuit. *See* Pl. Motion at 7-8. Plaintiff claims, based on a completely redacted email (Pl. Motion, Ex 3), that "senior officials in the agency, including Secretary Mayorkas, were briefed on Florida's lawsuit" and therefore, this lawsuit was something considered by the agency decisionmakers. *Id.* The fact that the agency was made aware of this lawsuit does not warrant its inclusion in the CAR, nor does it prove that the lawsuit was in any way considered when the Parole + ATD policy was created.

Court has interpreted the 'whole record' to include all documents and materials that the agency 'directly or indirectly considered'… and nothing more nor less.") (quoting *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 196 (D.D.C. 2006) (internal citation omitted)).

That Plaintiff has procured other documents through other litigation does not in any way prove that Chief Ortiz considered them in reaching his decision to promulgate the Parole + ATD memorandum. *See also TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002) (rejecting the argument that all documents obtained from an agency through the Freedom of Information Act ("FOIA") were required to be included in the administrative record); *Del. Dep't of Natural Res. & Envtl. Control v. United States Army Corp of Engineers*, 722 F. Supp. 2d 535, 544 (D. Del. 2010) ("A FOIA production request is an entirely discrete legal concept that bears no relation to the administrative record compiled for a court's review under the APA."); *UnitedHealthcare Insurance Company v. Azar*, 316 F. Supp. 3d 339, 348-349 (D.D.C. 2018) ("The agency contends, with good reason, that the mere fact that a document has been released under FOIA does not require its inclusion in an administrative record. … The same analysis would apply to a document obtained outside the FOIA process: the mere fact that a plaintiff possesses such a document does not render it part of an administrative record.").

"Supplementation of the administrative record is the exception, not the rule."

*Pac. Shores*, 448 F. Supp. 2d at 5 (citing *Motor & Equip. Mfrs. Ass'n Inc., v. EPA*, 627 F.2d 1095, 1105 (D.C. Cir. 1979)); *see also Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197 (D.D.C. 2005) ("Courts grant motions to supplement the administrative record only in exceptional cases."). Plaintiff has not shown it is entitled to this exceptional remedy – it has not specified which documents should be added to the record, nor has Plaintiff shown that those documents were considered by the agency decisionmaker. Both of these are requirements to supplement the record, and Plaintiff has failed to prove either. Accordingly, Plaintiff's motion to supplement the CAR should be denied.

## III. Plaintiff is not entitled to extra-record discovery because it cannot show bad faith.

Not only does Plaintiff ask to supplement the CAR with unknown documents, it also asks that the Court allow it to engage in unlimited extra-record discovery concerning the Parole + ATD policy. This is an unusual and extraordinary request. A motion premised on this ground "runs counter to the principle that judicial review of an administrative action is just that—a *review* of the *administrative action* the agency took based on what was before it at the time it acted"—and so "courts are leery of requests to consider extra-record evidence in APA cases." *Ctr. for Biological Diversity*, 2020 U.S. Dist. LEXIS 172979 at *8. "Where a party requests that the Court consider extra-record evidence, a more stringent standard applies, which requires the party to demonstrate unusual circumstances justifying a departure

from the general rule." *Open Soc'y Inst.*, 2021 U.S. Dist. LEXIS 176977 at \*21-22 (internal citations omitted).

In order to disturb the presumption of regularity afforded to the CAR and engage in extra-record discovery, Plaintiff must satisfy a challenging standard: only upon a "strong showing of bad faith or improper behavior" is "extra-record discovery" justified, an exception to the general rule that is "narrow." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573-74 (2019); *Alabama-Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) ("Though certain circumstances may justify the district court going beyond the administrative record ... . It should do so only where there is initially a strong showing of bad faith or improper behavior by the agency.") (internal quotations and citations omitted); *see also Gupta,* 2015 U.S. Dist. LEXIS 129279, at \*4 (Plaintiff must rebut the "presumption of regularity" with "clear evidence to the contrary that the record was not properly designated."), *appeal dismissed* (July 20, 2016).

The rationale for this rule is grounded in ensuring that Courts refrain from unwanted incursions into the mental processes of administrative decisionmakers, as "further judicial inquiry into executive motivation represents a substantial intrusion into the workings of another branch of Government and should normally be avoided." *Dep't of Commerce*, 139 S. Ct. at 2573 (internal quotation omitted). Courts are thus "ordinarily limited to evaluating the agency's contemporaneous

explanation in light of the existing administrative record." *Id*; *see also Hercules, Inc. v. EPA*, 598 F.2d 91, 123 (D.C. Cir. 1978) ("Thus, it generally is not the function of the court to probe the mental processes of an agency decisionmaker.") (citations omitted); *Grant v. Shalala*, 989 F.2d 1332, 1344 (3d Cir. 1993) (Alito, J.) ("It has long been recognized that attempts to probe the thought and decision making processes of judges and administrators are … improper.").

Plaintiff has not met the exacting standard of a "strong showing of bad faith or improper behavior" and is not entitled to extra-record discovery.[6] *Dep't of Commerce*, 139 S. Ct. at 2573-74. Plaintiff only makes two arguments in an attempt

---

[6] Plaintiff claims, improperly, that it is entitled to extra-record discovery in four circumstances: "(1) "an agency's failure to explain its action effectively frustrates judicial review," (2) "it appears that the agency relied on materials not included in the record," (3) "technical terms or complex subjects need to be explained," or (4) "there is a strong showing of agency bad faith or improper behavior." *See* Pl. Motion at 4, citing *Cobb's History*, 87 F.3d at 1246 n.1. Plaintiff claims that it meets three of the four circumstances, and therefore is entitled to extra-record discovery. *See* Pl. Motion at 5.

This is a misstatement of the Court's decision in *Cobb's History*, however. The footnote cited by Plaintiff merely states that the Court can "go beyond the administrative record" – it says nothing about extra-record discovery. *Cobb's History, Inc.*, 87 F.3d at 1246 n.1. And while supplementing the record and engaging in extra-record discovery are issues that are frequently conflated – so it's easy to see how Plaintiff may have gotten confused – they do have different standards. *See Open Soc'y Inst*, 2021 U.S. Dist. LEXIS 176977 at *22-23 ("This is not unusual, as '[t]he question whether to admit extra-record evidence is often confused with the question whether the administrative record is complete, perhaps because the same phrase—'supplementing the administrative record'—is often used to refer to both.'") (quoting *Ctr. for Biological Diversity*, 2020 U.S. Dist. LEXIS 172979 at *8.

Additionally, the footnote simply states these circumstances but engages in no analysis. The proper and well-established standard, as stated above, is that a strong showing of bad faith is required for extra-record discovery.

to show bad faith: the CAR is not long enough, and that the Parole + ATD policy is still in place while the government was attempting to wind down Title 42.[7] *See* Pl. Motion at 9-11.

Both of these arguments are unavailing and do not come close to surmounting the "high burden" of showing bad faith by the agency. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246, n.1 (11th Cir. 1996) (noting that courts are "not generally empowered" to go "beyond the administrative record," but "may" do so in four circumstances including when "there is a *strong* showing of agency bad faith or improper behavior") (emphasis added); *Georgia Aquarium*, 134 F. Supp. 3d at 1381 (denying Plaintiff's motion to supplement the administrative record and noting that "there must be a *strong* showing of bad faith or improper behavior before inquiry into the mental processes of the administrative decisionmaker may be made") (emphasis added), (citing *Volpe*, 401 U.S. at 420).

Plaintiff's first argument is that "the preposterously thin administrative record produced by Defendants alone demonstrates bad faith." *See* Pl. Motion at 9. However, the length of the CAR is not indicative of its completeness, nor does

---

[7] Title 42 is no longer ending as Plaintiff claims. *See State of Louisiana, et al., v. Centers for Disease Control & Prevention, et al.*, No. 6:22-cv-0885 (W.D. La.), Docket No. 90 (issuing a nation-wide injunction enjoining the CDC from terminating Title 42). Accordingly, this part of Plaintiff's argument is now moot and should be disregarded by the Court.

Plaintiff argue why a longer CAR is necessary here. Plaintiff attempts to suggest that the length of the CAR is proof that materials were omitted and that there was bad faith by the agency. *See* Pl. Motion at 8, 9.  And the single case that Plaintiff cites to support this position is not on point and does not support Plaintiff's contention that a small CAR is evidence of bad faith.[8] In fact, Plaintiff cannot show a single case that supports this contention, because it is inaccurate and unsupported by the case law.  "[T]he size of the administrative record is unimportant. … In other words,

---

[8] In *Cook Cnty. v. Wolf*, Department of Homeland Security ("DHS") issued a rule declaring as inadmissible any alien who was likely to become a "public charge." 461 F. Supp. 3d 779, 783 (N.D. Ill., May 19, 2020). To make this determination, the rule set out a number of factors including, *inter alia*, the alien's health, whether the alien would require benefits such as SNAP or Medicare, and whether the alien is proficient in English. *Id.* at 784. The Plaintiff argued that the factors set out in the rule had a disparate impact on non-white aliens, and sought extra-record discovery to determine whether it was intentional. *Id.* The rule referenced, multiple times, that DHS communicated with outside agencies and individuals while drafting the rule and yet those extensive communications were not included in the administrative record. *Id.* at 795. Of those individuals who the agency communicated with was Stephen Miller, the President's principal immigration advisor and "architect" of this rule. *Id.* at 794. The Court notes several examples of emails from Mr. Miller on the topic of immigration that had racial connotations, and the authenticity of those emails was undisputed. *Id.* Based on all this – the extensive references to communications with outside individuals such as Mr. Miller; Mr. Miller's influence over, and involvement with, creating the rule; Mr. Miller's undisputed pattern of sending emails "plausibly tinged with white nationalist sentiment"; and the exclusion of any communications in the administrative record – the Court found there was a strong showing of bad faith to entitle the Plaintiff to extra-record discovery to determine the legitimate motive behind the rule. *Id.* at 794-98.

Here, Plaintiff's claim that a few documents outlining the risks of COVID does not even come close to the showing made in *Cook Cnty.*, nor does that case support the proposition that "the preposterously thin administrative record produced by Defendants alone demonstrates bad faith" as Plaintiff's try to argue here. *See* Pl. Motion at 9. Additionally, the agency action at issue in *Cook Cnty.* was a voluminous record on a rule that required notice and comment, whereas this case deals with a short operational policy document.

the amount of material in the record is insignificant so long as that material enables the Court to review the agencies' actions and determine the issues in dispute." *Nat'l Min. Ass'n v. Jackson*, 2011 WL 9977235, at \*4 (D.D.C. Sept. 14, 2011).

Plaintiff also holds up the administrative records in two other, unrelated lawsuits to support this position. *Id.* For example, Plaintiff includes an administrative record entitled "Guidelines for the Enforcement of Civil Immigration Law." *Id.* Clearly, the enforcement of *all* civil immigration laws is a much larger, much more complicated topic than the policy at issue in this motion. A review of the index for this larger administrative record shows it covers a large number of different topics that all fall under the umbrella of "civil immigration laws." For such a complex topic, a large record would be expected.

Conversely, the Parole + ATD policy was established in a three page memo and only applied to Border Patrol, a single subcomponent of an agency under the Department of Homeland Security, whereas the record Plaintiff puts forward as an example was for the entire Department of Homeland Security. Further, the Parole + ATD policy memo makes clear the policy was only to be used at times when the number of encounters are high, and was designed to be a temporary alternative that was "expected" to be ended once "COVID-19 conditions eventually improve." *See* Pl. Motion, Ex. 1 at 8-10. It is not unexpected that an administrative record for a targeted, temporary policy used by Border Patrol would be significantly shorter than

a DHS-wide record discussing how to enforce every civil immigration law, nor does it matter for judicial inquiry. *See Nat'l Min. Ass'n*, 2011 WL 9977235 at *4 ("[T]he size of the administrative record is unimportant."). But, despite Plaintiff's claim otherwise, the standard for completeness of a CAR is not the number of pages, but the contents of those pages. A short CAR is not indicative of the record being incomplete, and is not any indication of bad faith, let alone the "strong showing" Plaintiff needs to succeed on this motion.

Second, Plaintiff contends, without support, that the government has made a "decision to rescind the Title 42 Order while leaving Parole + ATD in place" and this is indicative of bad faith. *See* Pl. Motion at 9. Plaintiff's circular argument seems to be that because the CDC stated that Title 42 was no longer necessary, in part, because the spread of COVID-19 across the border was not as serious a danger as it once was, yet Parole + ATD considers the risk of spreading COVID or other disease in a crowded congregate setting to be an urgent humanitarian need requiring the mass use of parole, the government is being inconsistent in its rationale. *See* Pl. Motion at 10. Plaintiff contends that by using COVID-19 as the reason for using Parole + ATD policy, despite the CDC attempting to terminate Title 42, somehow shows bad faith, and that the rationale for Parole + ATD is pretextual. *Id.* at 10-11.

As an initial matter, Plaintiff has not cited to any evidence that shows that the Parole + ATD policy will remain in place once Title 42 is no longer active. As noted

in footnote 7, *supra*, the CDC's decision to terminate Title 42 was enjoined, thus rendering this whole argument moot.  Regardless, Plaintiff is merely speculating about the future of the Parole + ATD policy, and using that speculation to claim that the entire policy is pretextual. Such speculation, premised on nothing, cannot be a legitimate basis for seeking such broad extra-record discovery. "[A] court may not reject an agency's stated reasons for acting simply because the agency might also have had other unstated reasons." *Dep't of Commerce*, 139 S. Ct. at 2573.  To determine if an agency's stated reasons are pretextual, the court must inquire into "the mental processes of administrative decision makers," which is only permitted "on a strong showing of bad faith or improper behavior." *Id.* (citations omitted).  As discussed throughout this Point, Plaintiff has not made a strong showing of bad faith to justify its accusation of pretext.

Additionally, on the merits, this comparison between the Parole + ATD policy and Title 42 is irrelevant.  First, Title 42 was originally implemented in March 2020 in an attempt to mitigate the transmission of the virus, suspending certain persons from entering the United States. *See* Notice of Order Under Sections 362 and 365 of the Public Health Service Act Suspending Introduction of Certain Persons From Countries Where a Communicable Disease Exists, 85 Fed. Reg. 17,060 (Mar. 26, 2020).  Since then, the CDC reassesses the necessity of Title 42 every 30 or 60 days based on the number of COVID-19 cases, hospitalizations, and deaths.  Based on

that analysis, in April 2022, the CDC director determined that the "extraordinary

measure" of Title 42 was no longer necessary.  Public Health Determination and

Order Regarding Suspending the Right to Introduce Certain Persons From Countries

Where a Quarantinable Communicable Disease Exists, 87 Fed. Reg. 19,941 (Apr. 6,

2022).  Of note, the CDC states:

> While the introduction, transmission, and spread of
> COVID-19 into the United States is likely to continue to
> some degree, the cross-border spread of COVID-19 due to
> covered noncitizens does not present the serious danger to
> public health that it once did, given the range of mitigation
> measures now available. CDC continues to stress the need
> for robust COVID-19 mitigation measures at the border,
> including vaccination and continued masking in
> congregate settings. CDC has determined that the
> extraordinary measure of an order under 42 U.S.C. 265 is
> no longer necessary, particularly in light of less
> burdensome measures that are now available to mitigate
> the introduction, transmission, and spread of COVID-19.

*Id.*  To be clear, the CDC has not said that COVID-19 is no longer a danger,

nor does the government claim that COVID-19 is no longer a concern at the border,

despite what Plaintiff would have this Court believe.  *See* Pl. Motion at 10.

The CDC believes that COVID-19 is contained enough that the unprecedented

measure of suspending immigration laws and access to this country is no longer

necessary; DHS is concerned about the spread of COVID-19 in the confines of

detention centers if a large number of people were detained together for long periods

of time.  Both of these can be true, and it is not an indication of bad faith, but a

recognition that while the pandemic has improved and mitigation is possible, it is not over.

Shorn of its rhetoric, Plaintiff's "substantive evidence" is nothing more than the allegations of the Amended Complaint in a different form. In support of its motion, Plaintiff only provides: an email that makes reference to the CDC; an email that has been completely redacted; the indices and certifications for other, unrelated lawsuits that challenged different policies; and a self-serving newspaper article that contains uncredited quotes from an unnamed "CBP spokesman." *See* Pl. Motion, Exs. 2-6. None of this constitutes evidence of bad faith, let alone a "strong showing" of bad faith, and that is fatal to Plaintiff's motion. S*ee, e.g., Arriva Med. LLC v. Sec'y of the United States HHS*, 2020 U.S. Dist. LEXIS 155155, *13 (S.D. Fla. Aug. 25, 2020) ("Such speculation by Plaintiff is insufficient to support the relief it seeks. Plaintiff is neither entitled to supplementation of the record nor additional discovery.").

As discussed in Point II, *supra*, Plaintiff asks to supplement the CAR, but fails to identify any specific documents it seeks to add to the CAR or areas of inquiry for this requested discovery. Instead, Plaintiff is asking the Court to allow it to go on what amounts to a fishing expedition: extra-record discovery without proposed limitation into the scope or length of such discovery. Indeed, a litigant "may not embark on a fishing expedition in order to develop claims for which there is no

factual basis." *Rivera v. Humphrey*, 2015 U.S. Dist. LEXIS 75237, *22 (S.D. Ga. June 10, 2015) (citations omitted). At most, Plaintiff has argued for adding Title 42 and CDC guidance into the CAR – though for the reasons noted above, those documents were properly omitted from the CAR – but even had Plaintiff shown that the record should be supplemented with those documents, that would not be a proper basis for open-ended discovery behind the CAR. Allowing such discovery with no showing of bad faith by the agency would undermine the record rule and the limits Congress places on review of claims under the APA. Plaintiff's motion should be denied.

IV.   **If the record is incomplete, the only correct result is to remand to allow completion of the record, not to allow Plaintiff to do discovery and create a new record.**

As discussed above, Plaintiff has not shown it is entitled to supplement the record, nor has it made a strong showing of bad faith that would entitle it to engage in extra-record discovery. However, to the extent the Court finds the CAR is insufficient or lacking, the proper course of action is to remand the record to the agency for further explanation and completion of the record.

At the close of this case, the Court will adjudicate the agency's actions based on the record before it; Plaintiff does not get to create a new record that it likes better through extra-record discovery. *See Fla. Power*, 470 U.S. at 743-44 ("The focal point for judicial review should be the administrative record already in existence,

not some new record made initially in the reviewing court."); *Camp*, 411 U.S. at 142 (same).

A court "is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Fla. Power*, 470 U.S. at 744. Rather, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.*; *Cf. SEC v. Chenery Corp.*, 332 U. S. 194, 196 (1947) (describing the reasons for remand); *see Cobb's History*, 87 F.3d at 1246 ("If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (quoting *Fla. Power*, 470 U.S. at 744).

Under this precedent, supplementation of the record or extra-record discovery – even had Plaintiff properly proven either, which it has not – would not be proper. Should the Court find, *arguendo*, that Plaintiff met its burden in proving that the record is insufficient or in need of supplementation, the Court should remand the record to the agency for completion.

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion in its entirety, denying Plaintiff's request to take extra-record discovery or to supplement the Certified Administrative Record.

Date:  May 27, 2022

Respectfully submitted,

JASON R. COODY
*United States Attorney*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Erin T. Ryan*
ERIN T. RYAN
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 805-7537
Joseph.a.darrow@usdoj.gov

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

## **CERTIFICATE OF WORD COUNT**

Consistent with Local Rule 7.1(F), this motion contains 6,349 words.

By: */s/ Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 27, 2022, I electronically filed the fore-going with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division