UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STATE OF FLORIDA**,

    **Plaintiff**,

v.    Case No. 3:21cv1066-TKW-EMT

**UNITED STATES OF AMERICA**,
et al.,

    **Defendants**.

_____/

**ORDER DENYING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD**

This case is before the Court based on Florida's motion to supplement the administrative record for the parole + ATD policy (Doc. 47). No hearing is necessary to rule on the motion, and upon due consideration of the motion and its attachments and Defendants' response in opposition (Doc. 54), the Court finds that the motion is due to be denied.

In this case, Florida challenges two of Defendants' immigration policies—the so-called "non-detention policy" and the parole + ATD policy—under the Administrative Procedure Act (APA) and the Constitution. The administrative record prepared by Defendants for the parole + ATD policy consists of only 31 pages. Florida believes that the administrative record is incomplete and that it should be allowed to conduct extra-record discovery to supplement the record. Defendants

respond that Florida has not made the showing required to supplement the administrative record or to permit extra-record discovery.

Judicial review of agency action under the APA is typically limited to the record before the agency when it took the challenged action. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996). However, the reviewing court may look beyond (and accordingly permit discovery to supplement) the administrative record provided by the agency in some circumstances—including "when 'an agency's failure to explain its action effectively frustrates judicial review' or when 'there is a strong showing of agency bad faith or improper behavior.'" *Morales v. Comm'r of Soc. Sec.*, 799 F. App'x 672, 676 (11th Cir. 2020) (quoting *Pres. Endangered Areas of Cobb's History*, 87 F.3d at 1246 n.1); *see also Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (finding no error in the district court's decision not to allow discovery to supplement the administrative record produced by the agency because the plaintiff did not make "a strong showing of bad faith or improper behavior"); *Ala.-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007) (similar); *SOSS2, Inc. v. U.S. Army Corps of Eng'rs*, 403 F. Supp. 3d 1233, 1239 (M.D. Fla. 2019) (finding that the lack of evidence concerning red tide in the

administrative record did not frustrate judicial review of whether the omission of an analysis of red tide constituted an arbitrary and capricious decision).

Here, it is hard to believe that Defendants adopted an entirely new program pursuant to which thousands of aliens have been released into the country without considering more than 31 pages of evidence,[1] but a government official has certified that to be the case. That certification, which was made under penalty of perjury, is entitled to a presumption of regularity, *see Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019), and, at this point, Florida has not shown that the certification was made in bad faith or is otherwise improper. Thus, the administrative record for the ATD + policy is what it is.

The possibility that the administrative record will not provide an adequate justification for the parole + ATD policy is not a sufficient reason to authorize Florida to supplement the record. Indeed, an inadequate or incomplete administrative record will presumably work in Florida's favor because if the parole + ATD policy is not sufficiently supported by the record, it will be invalidated. Thus,

---

[1] The paltry size of the administrative record certainly raises the proverbial judicial eyebrow, *see In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017), and is a factor to be considered in deciding whether to allow extra-record discovery, *see NVE, Inc. v. HHS*, 436 F.3d 182, 196 (3d Cir. 2006), but the Court agrees with Defendants that "the standard for completeness of [an administrative record] is not the number of pages, but the contents of those pages." Doc. 54 at 19; *see also Nat'l Min. Ass'n v. Jackson*, 2011 WL 9977235, at *4 (D.D.C. Sept. 14, 2011) ("[T]he size of the administrative record is unimportant. … [T]he amount of material in the record is insignificant so long as that material enables the Court to review the agencies' actions and determine the issues in dispute.").

if as Florida argues in its motion, the administrative record omits material information that was necessary to support the parole + ATD policy, then the policy will not withstand judicial review. Likewise, Florida's argument that the continuance of the parole + ATD policy cannot be logically squared with the federal government's contemporaneous efforts to repeal the "Title 42 Order" goes more to the merits of Florida's claims than the adequacy of the administrative record. *See Altamaha Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 2007 WL 1830864, at *3 (S.D. Ga. June 21, 2007) (rejecting plaintiffs' attempt to supplement the administrative record because their arguments in favor of doing so did not evince bad faith, but rather merely "disputed the … decision-making process" and "repackage[d]" plaintiffs' APA claims).

The fact that the Court's review of the parole + ATD policy under the APA is limited to the 31-page administrative record does not mean that Florida is precluded from seeking discovery altogether because, separate and apart from the APA claims, Florida has alleged that the challenged policies violate the Constitution. *See Almaklani v. Trump*, 444 F. Supp. 3d 425, 432-33 (E.D.N.Y. 2020) (collecting cases acknowledging a lack of consensus among district courts as to whether additional discovery is appropriate when a constitutional claim is included along with APA claims, and ultimately declining to permit extra-record discovery); *California v. U.S. Dep't of Homeland Sec.*, 2020 WL 1557424, at *12-16 (N.D. Cal. Apr. 1, 2020)

(collecting cases and concluding that the APA and constitutional claims constituted different factual allegations, therefore opening up additional discovery). Additionally, because Defendants deny the existence of the non-detention policy,[2] Florida cannot be constrained by an administrative record as to that alleged policy. *See Nat'l Law Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 131 (D.D.C. 2012) ("[A]bsent an administrative record constituting the materials upon which the agenc[y] arrived at some decision … plaintiffs would likely be entitled to some discovery to enable meaningful judicial review.").

Accordingly, for the reasons stated above, it is **ORDERED** that Florida's motion to supplement the administrative record for the parole + ATD policy (Doc. 47) is **DENIED**.

**DONE and ORDERED** this 6th day of June, 2022.

*T. Kent Wetherell, II*
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Defendants go so far as to describe the non-detention policy as "imaginary," Doc. 54 at 1 n.1, but that derogatory rhetoric is hard to square with the reality that hundreds of thousands of aliens have not been detained pending immigration proceedings but rather have been released into the country on "parole" or otherwise since January 2021. It is also hard to square Defendants' claim that there is no overriding non-detention policy with the fact that parole decisions are supposed to be made on a case-by-case assessment of the alien's individual circumstances (not just Defendants' capacity constraints and enforcement priorities) and it would likely be statistically impossible for hundreds of thousands of "individualized" decisions to come out exactly the same (i.e., release on parole) by mere happenstance. *See* Doc. 45 at 24. However, the question of whether the non-detention policy is real or imaginary goes to the merits of this case, which is not yet before the Court.