UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                        Case No. 3:21-cv-1066

The UNITED STATES OF AMERICA; ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TROY MILLER, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; U.S. CUSTOMS AND BORDER PROTECTION; TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; UR M. JADDOU, Director of U.S. Citizenship and Immigration Services, in her official capacity; U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.
_____/

# JOINT NOTICE REGARDING DEFENDANTS' MOTION FOR A PROTECTIVEORDER WITH RESPECT TO TOPICS 3, 9, 14, AND 15 LISTED IN PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION

The parties were unable to reach agreement on reformulating the topics subject to Defendant's Motion for a Protective Order and await the Court's ruling on the matter.

Plaintiff proposed the following reformulations:

- Topic 3 – "DHS's knowledge regarding the extent that their immigration policies are causing or contributing to the number of migrants arriving at the Southwest Border."

- Topic 9 – "DHS's knowledge and consideration of costs to States, financially and in terms of allocation of resources, in creating detention policies at the Southwest Border."

- Topic 14 – "DHS's knowledge of and response to the processing delays in and around April 2022 and May 2022 at the ICE facility located at 9495 Delegates Drive, Orlando, Florida, to the extent those being processed were released at the Southwest Border since January 20, 2021."

- Topic 15 – "The projections regarding the number of migrants per day that would travel to the Southwest Border once Title 42 is ended, as shared by "senior DHS officials" with "reporters" on March 29, 2022. See https://www.yahoo.com/gma/us-bracing-influx-migrants-southern-003500370.html."

1

Plaintiff's position: Florida attempted, through these revisions, to address Defendants' concerns at the hearing as counsel best understood them and to codify assurances Florida already gave during conferrals. Specifically, Topic 3 was narrowed to relate only to Florida's argument that Defendants are causing the surge at the border. Topic 9 was limited to make clear that Florida only plans to ask about the degree to which Defendants considered costs in formulating detention policies at the border.[1] Topic 14 was narrowed to address Defendants' deliberative process concerns and to tailor the topic to individuals subject to the challenged policies who have settled to Florida. And Topic 15 was narrowed to ask only about projections regarding the number of migrants that will come to the border if Title 42 is rescinded and to only ask about information that was shared with people outside the government.

Defendants' position: While Defendants appreciate the attempt, they are unable to agree to these reformulations because the altered wording of the topics still does not mitigate the relevance, burden, and other concerns Defendants raised in their Motion. Specifically, Topic 3 still requires DHS to speak to the "causes" of migration to the United States border and thus remains irrelevant to the lawfulness of releasing noncitizens; Topic 9 is still overbroad and not limited to the alleged

---

[1] Florida used the general phrase "detention policies" because Defendants deny the existence of the non-detention policy.

"non-detention policy" challenged in this case as Defendants understood it would be; Topic 14 is similarly irrelevant and would only require more preparation by a DHS deponent(s) to parse which alleged delay cases were associated with migrants from the border; and Topic 15 continues to request testimony on the end of Title 42, which is irrelevant to this case.

Dated: July 8, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

*/s/ Joseph A. Darrow*
JOSEPH A. DARROW
ERIN T. RYAN
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-7537
Email: joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

**ASHLEY MOODY**
**ATTORNEY GENERAL**

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Daniel Bell (FBN 1008587)
CHIEF DEPUTY SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Karen Brodeen (FBN 512771)
SPECIAL COUNSEL

Anita J. Patel (FBN 1029143)
SENIOR ASSISTANT ATTORNEY GENERAL

*/s/ James H. Percival*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 410-2672
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Joseph A. Darrow*

4

JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division

5