UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,
        Plaintiff,

vs.                                          Case No.:  3:21cv1066/TKW/ZCB

UNITED STATES OF AMERICA, et al.,
        Defendants.
_____/

## ORDER

Currently before the Court is Defendants' Motion for a Protective Order (Doc. 57), which asks the Court to prevent Plaintiff from inquiring into four topics listed in Plaintiff's Notice of Taking Rule 30(b)(6) Deposition (Doc. 57-1).  Plaintiff responded in opposition (Doc. 59), and the Court held a telephone hearing on July 8, 2022 (Doc. 61).  At the end of the hearing, the Court asked the parties to confer in an attempt to agree on reformulating the topics identified in Defendants' motion. The parties conferred and could not reach an agreement.   (Doc. 62).[1]  Thus the dispute remains, and the matter is ripe for decision.  For the reasons below, the Court grants in part and denies in part Defendants' motion.

_____

[1] Because the parties were unable to agree on revisions, the Court bases its decision on the topics as set forth in Plaintiff's June 29, 2022, Rule 30(b)(6) notice.

## I.    Background

This case involves Plaintiff's challenge to two immigration-related policies[2] of Defendants.  The litigation is currently in the discovery phase.  On June 29, 2022, Plaintiff served Defendants with a Rule 30(b)(6) notice of deposition.  (Doc. 57-1). The Rule 30(b)(6) notice listed sixteen topics that Plaintiff intended to cover during the depositions of Defendants' designated representative(s).  (Doc. 57-1 at 5-7). Defendants responded by filing the current motion, which seeks a protective order regarding topics 3, 9, 14, and 15.  (Doc. 57).

## II.    Legal Standard

As part of the discovery process, a party may depose corporations and governmental agencies.  *See* Fed. R. Civ. P. 30(b)(6).  The procedure for conducting such depositions is set forth in Rule 30(b)(6).  It requires that the party seeking the deposition serve a notice that "describe[s] with reasonable particularity the matters for examination."  *Id*.  After receiving the notice, the organization must designate a representative(s) to testify regarding the matters listed in the notice.  *Id*.  The designated representative(s) need not have firsthand knowledge regarding every noticed topic because "the testimony of a Rule 30(b)(6) witness represents the collective knowledge of the [organization], not of the specific individual deponents."

---

[2] The Court is aware that Defendants dispute the existence of the non-detention policy.  At this stage in the litigation, the Court accepts Plaintiff's allegations regarding the existence of the non-detention policy as true.

*Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 320 (N.D. Fla. 2021).  It is, therefore, expected that the organization will prepare the designated representative(s) to "testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).

Although Rule 30(b)(6) permits the deposition of an organization, the parameters of the deposition are set by Rule 26, which allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible to be discoverable.  *Id*.  Ideally, the discovery process would be "cooperative and largely unsupervised by the district court."  *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018).  Modern civil discovery, unfortunately, does not reflect that ideal as courts are routinely called on to supervise the discovery process.  A protective order is one of the tools courts have at their disposal when refereeing discovery disputes.

According to Rule 26(c), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Among other things, a protective order may "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(D). The party seeking a protective order bears the burden of showing good cause.  *Chicago Trib. Co. v.*

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).  That burden is met upon a showing that "specific prejudice or harm will result if no protective order is granted." *Hodge v. Tide Tamer Indus., Inc.*, No. 4:19cv575, 2020 WL 7634228, at *1 (N.D. Fla. Mar. 16, 2020).  Determining if good cause has been shown requires the court to balance the parties' competing interests. *Id*.  District courts have "broad discretion…to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

In the current case, Defendants argue that there is good cause for the Court to issue a protective order preventing questions about four topics listed in Plaintiff's Rule 30(b)(6) notice.  Defendants argue that the topics are overly broad and speculative, seek irrelevant information, and implicate the deliberative process privilege.  At the outset, the Court notes there are varying opinions on whether a district court should even entertain a pre-deposition motion for a protective order that seeks to limit the topics that can be covered during a Rule 30(b)(6) deposition.

Some courts have taken the position that Rule 30(b)(6) "is intended to be self-executing and must operate extrajudicially." *New World Network, Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *4 (S.D. Fla. Apr. 6, 2007).  And these courts have opined that the "proper operation of the Rule does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule[d] deposition." *Id*.  Doing so "would provide a corporate

deponent a procedural benefit that no other deponent has," and "there is nothing in Rule 30(b)(6) that was intended as…a special corporate opportunity to challenge the topics that may be raised at a deposition." *Id.* These courts have held that the better approach is the one taken with respect to all other depositions—the parties should "proceed[] with the deposition and then after the deposition if there were disputes regarding any privilege objections raised during the deposition or objections regarding the scope, the Court could then …address[] [them] through a motion to compel or through a motion for protective order with the benefit of the transcript containing questions and answers." *Fed. Deposit Ins. Corp. v. Brudnicki*, No. 5:12-cv-00398, 2013 WL 5814494, at *2 (N.D. Fla. Oct. 29, 2013).

Other courts, however, have routinely ruled on protective order motions seeking to limit the topics prior to Rule 30(b)(6) depositions. *See, e.g.*, *Miles v. United States*, No. 3:14cv360, 2015 WL 11109793, at *2-3 (N.D. Fla. Oct. 19, 2015) (refusing to issue protective order that would limit topics to be covered during Rule 30(b)(6) deposition); *Santos v. Bank of Am., N.A.*, No. 8:17-CV-2588, 2018 WL 3391330, at *1  (M.D. Fla. May 2, 2018) (issuing protective order to prevent inquiry into certain topics during Rule 30(b)(6) deposition); *EEOC v. Austal USA, LLC*, No. CV 1:18-00416, 2019 WL 11201138, at *1 (S.D. Ala. July 1, 2019) (denying protective order that would have limited topics for a Rule 30(b)(6) deposition). These courts have concluded that resolving issues on the front end via a motion for

5

protective order is more efficient than resolving them on the back end via a motion to compel.

It is often difficult to decide in the abstract prior to a deposition whether certain lines of inquiry require speculation, seek irrelevant information, or are privileged. In some cases, that difficulty may counsel in favor of the Court refusing to entertain a motion for protective order that seeks to limit the scope of a Rule 30(b)(6) deposition. Here, however, the briefing and telephone hearing have provided the Court with a sufficient basis to rule on Defendants' motion.

### III.   Discussion

#### A. Topic 3

Defendants first challenge Topic 3 of the Rule 30(b)(6) notice. Topic 3 seeks: "Information and data regarding the causes of the current surge of migrants at the Southwest Border." (Doc. 57-1 at 5). Defendants argue that Topic 3 is overly broad and speculative. They claim that Topic 3 would "require [them] to provide a witness (or, possibly, witnesses) to speak to the socio, political, economic and safety conditions in a multitude of foreign nations, as well as similar conditions in this country, and then provide speculative testimony about how those comparative realities might influence migrants to risk life and limb to come here." (Doc. 57 at 5). Defendants further claim that fully addressing the "causes" of the surge would require expert testimony, as opposed to the testimony of a Rule 30(b)(6) witness.

(*Id*. at 7).  Plaintiff has responded by arguing that the Court should refrain from deciding this issue and instead wait to see what questions are asked of the Rule 30(b)(6) witness(es) that Defendants provide.  (Doc. 59 at 4-5).  Plaintiff also argues that the information it seeks via Topic 3 would not "necessarily implicate expert testimony."  (*Id*. at 9.).

The Court agrees with Defendants that Topic 3 is overly broad and invites speculation.  As Defendants have explained, it would be difficult for them to identify and prepare a witness(es) to answer questions on this topic because questions about the "cause" of the surge could go in a variety of directions and require knowledge of many different things.  And some of those things would likely require expert testimony or require pure speculation on the part of Defendants' witnesses.  This is, therefore, a situation where the breadth of the topic "identified in a Rule 30(b)(6) deposition notice renders [the] responding party's efforts to designate a knowledgeable person unworkable."  *Wieland v. Bd. of Regents of the Nev. Sys. of Higher Ed.*, No. 3:19-CV-00724, 2021 WL 3549893, at *2 (D. Nev. Aug. 10, 2021).  Accordingly, the Court grants Defendants' request for a protective order regarding Topic 3.

**B. Topic 9**

Defendants next challenge Topic 9 of the Rule 30(b)(6) notice.  Topic 9 involves a request for testimony about "[c]osts to States, financially and in terms of

allocation of resources, as a result of unlawful immigration." (Doc. 57-1 at 6). Defendants argue that Topic 9 seeks information that is irrelevant and information that Plaintiff is in the best position to know. Plaintiff has responded by arguing that this topic is relevant because it directly relates to a claim made in the Amended Complaint. More specifically, Plaintiff points to Count 3 of the Amended Complaint, which alleges that Defendants' non-detention policy is arbitrary and capricious because it "ignores costs to the States, a centrally relevant factor when deciding whether to regulate." (Doc. 59 at 10). Plaintiff further explains that Defendants' Answer denies failing to consider the costs to States.[3] Thus, Plaintiff believes it is entitled to probe this issue during a Rule 30(b)(6) deposition of Defendants' representative(s).[4]

The Court agrees with Plaintiff that Topic 9 seeks relevant information. Rule 26 permits "discovery regarding any nonprivileged matter that is relevant to any

---

[3] Plaintiff indicated at the hearing that Topic 9 is not intended to seek information about specific dollar amounts of costs incurred by Florida or other States; rather, it seeks information about whether Defendants considered the topic of costs to States when it made its policy decision.

[4] Defendants argued at the hearing that Plaintiff's attempt to gain information about Topic 9 is barred by Judge Wetherell's order (Doc. 55) denying Plaintiff's request to supplement the administrative record. The Court disagrees. Judge Wetherell's order related to the administrative record for the parole + ATD policy. (Doc. 55 at 1). Plaintiff here has argued that the information sought by Topic 9 is relevant to Count 3 of the Amended Complaint, which relates to Defendants' non-detention policy and not the parole + ATD policy. Judge Wetherell's order does not preclude Plaintiff from engaging in discovery regarding the non-detention policy. (Doc. 55 at 4-5).

party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has "any tendency" to make a fact of consequence "more or less probable." Fed. R. Evid. 401. At the discovery stage, relevancy is construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Here, information regarding the costs to States is relevant to a claim raised in the Amended Complaint—i.e., the claim that the non-detention policy is arbitrary and capricious because Defendants enacted it without considering the costs to States. Certainly, if Defendants' Rule 30(b)(6) representative(s) is unaware of any information about the costs that a non-detention policy would potentially impose on the States, then it would have a "tendency" to make "more…probable" Plaintiff's claim that Defendants acted arbitrarily and capriciously by failing to account for the costs of the policy on the States. Conversely, if Defendants' Rule 30(b)(6) representative(s) is aware of information about the costs that a non-detention policy would potentially impose on the States, then it would have a "tendency" to make Plaintiff's claim that Defendants failed to consider the costs to States "less probable."[5] Accordingly, the Court denies Defendants' request for a protective order regarding Topic 9.

---

[5] Defendants have also argued that Plaintiff is in the best position to know what costs it has incurred due to the non-detention policy. That argument misses the mark for two reasons. First, Topic 9 seeks information about the "costs to States" and not costs specific to the State of Florida. Second, the Court believes Topic 9 is best read as focused on costs considered at the time of the policy's implementation and not

### C. Topic 14

Defendants next challenge Topic 14 of the Rule 30(b)(6) notice.  Topic 14 involves a request for testimony about: "Facts and information regarding the processing delays in and around April 2022 and May 2022 at the ICE facility located at 9495 Delegates Drive, Orlando, Florida, including steps taken by DHS to address the delays." (Doc. 57-1 at 6).  Defendants argue that Topic 14 seeks information that is irrelevant and covered by the deliberative process privilege.  (Doc. 57 at 11). Plaintiff has responded by arguing that the information is relevant because it supports Plaintiff's standing to challenge Defendants' policies.  (Doc. 59 at 11). Further, Plaintiff claims that Defendants' argument regarding the deliberative process privilege is premature and speculative.

### a. Relevance

The Court agrees with Plaintiff that Topic 14 seeks relevant information as that term is broadly construed for discovery purposes.  Plaintiff's Amended Complaint alleges that it has suffered current and future harm because of Defendants' policies.  (Doc. 16 at ¶¶ 68-77).  More specifically, Plaintiff claims that migrants "have arrived or will arrive in Florida" and that "[m]any of the aliens illegally released by the Biden Administration will come to Florida and cause the State to incur more of these expenses." (*Id*. at ¶¶ 69, 73).  Keeping in mind that

---

costs actually incurred because of the policy.

relevance is broadly construed at the discovery stage, evidence relating to the processing delays at the ICE facility in Orlando is relevant to Plaintiff's assertion that migrants "will arrive in Florida" and "aliens illegally released…will come to Florida." (*Id.*).

Although the processing delays at the ICE facility postdated the Amended Complaint, that does not render evidence about the delays irrelevant. The Federal Rules do not "limit discovery to the period before an action is filed, and there is no per se rule barring discovery regarding events which occurred after the date the pending action was filed." *Kline v. Mort. Elec. Sec. Sys.*, No. 3:08-cv-408, 2014 WL 4928984, at *9 (S.D. Ohio Oct 1, 2014) (cleaned up); *see also Sw. Hide Co. v. Goldston*, 127 F.R.D. 481, 483 (N.D. Tex. 1989) ("There is no *per se* rule barring discovery regarding events which occurred after the date the pending action was filed."). In its Amended Complaint, Plaintiff alleged that certain things would happen in the future. Evidence of those things actually happening—i.e., immigrants being released into Florida because of processing delays allegedly caused by Defendants' challenged policies—has a "tendency" to make it "more…probable" such things will continue to happen in the future, which is what Plaintiff alleged in the Amended Complaint.

To support its claim of Article III standing in this case, Plaintiff relied in part on an allegation of future injury. At the motion to dismiss stage, standing can be

found based on "general factual allegations of injury resulting from the defendant's conduct." *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000). But at the summary judgment stage "the plaintiff can no longer rest on mere allegations." *Id*. Instead, the plaintiff must support its allegations by "affidavit or other evidence." *Id*. And at the trial stage, "those facts (if controverted) must be supported adequately by the evidence adduced at trial." *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992) (cleaned up). One way that Plaintiff may attempt to gain the evidence it will need to meet its evidentiary burden on the issue of standing at later stages of this litigation is through deposition testimony on this topic. The Court, therefore, concludes that Topic 14 is relevant.

### b. Deliberative process privilege

Defendants also claim that a protective order should be issued because Topic 14 implicates the deliberative process privilege. To be covered by the deliberative process privilege, documents or testimony must be deliberative and pre-decisional. *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004). Information that is covered by the privilege is not subject to discovery. Fed. R. Civ. P. 26(b)(1). The determination of whether testimony involves information that is pre-decisional and deliberative can rarely be made in a vacuum before a deposition has occurred. Rather, determining if testimony is precluded by the deliberative process privilege typically requires

consideration of the precise question asked at the deposition. *See Brudnicki*, 2013 WL 5814494, at *4 (discussing difficulty of addressing privilege claims without the benefit of a transcript).

To the extent that Defendants are concerned about protecting privileged information from disclosure during a Rule 30(b)(6) deposition, the Federal Rules have a built-in mechanism to prevent that from occurring. *Austal USA, LLC,*, 2019 WL 11201138, at *8. Under Rule 30(c)(2), counsel may object and instruct a witness not to answer "when necessary to preserve a privilege." Fed. R. Civ. P. 30(c)(2). If Plaintiff's counsel asks questions that implicate the deliberative process privilege counsel "may protect against the disclosure of…privileged information…by interposing appropriate objections and giving instructions on a question-by-question basis." *SEC v. Merkin*, 283 F.R.D. 689, 698 (S.D. Fla. 2012). If Plaintiff disagrees with a claim of privilege during the deposition, then it may challenge that claim by filing a motion to compel. *Austal USA, LLC*, 2019 WL 11201138, at *8; *see also SEC v. Kovzan*, No. 11-2017-JWL, 2013 WL 653611, at *3 (D. Kan. Feb. 21, 2013) (refusing to issue protective order and stating that "the SEC is free to raise privilege…objections to specific questions during the deposition"). The Court will not, however, issue a pre-deposition protective order that forbids inquiry regarding Topic 14 "based only on the possibility that certain testimony might be subject to

privilege." *Id*.  Defendants' request for a protective order regarding Topic 14 is denied.

### D. Topic 15

Defendants' final challenge is to Topic 15 of the Rule 30(b)(6) notice.  Topic 15 involves a request for testimony about: "The information discussed between or shared with 'senior DHS officials' and 'reporters' on March 29, 2022."  (Doc. 57-1 at 7).  Defendants argue that Topic 15 seeks information that is irrelevant and covered by the deliberative process privilege.  (Doc. 57 at 14-16).  Plaintiff has responded by arguing that the information is relevant because it relates to the termination of the Title 42 program, which will result in more immigrants being released into Florida.  (Doc. 59 at 13).  Further, Plaintiff claims that the deliberative process privilege is inapplicable because the information sought involves conversations between government officials and reporters.  (*Id*. at 14).

The Court agrees with Defendants that the information sought by Topic 15 is irrelevant to the issues in this lawsuit.  This lawsuit involves the legality of the parole + ATD policy and the non-detention policy.  The information sought by Topic 15 relates to the cancellation of the Title 42 program—an entirely different policy that is not challenged in this Court.  Plaintiff has failed to show how information that was shared with reporters about Title 42 has any potential bearing on whether the parole + ATD policy and the non-detention policy violate the Administrative Procedure Act

14

or the Constitution.  The Court fails to see how conversations between reporters and DHS officials about Title 42 has "any tendency" to make it "more or less probable" that the policies at issue in this case are lawful.[6]  Accordingly, Defendants' request for a protective order regarding Topic 15 is granted.

### IV.    Conclusion

For the reasons above, Defendants' Motion for Protective Order (Doc. 57) is:

1. **GRANTED** with respect to Topic 3;

2. **DENIED** with respect to Topic 9;

3. **DENIED** with respect to Topic 14;

4. **GRANTED** with respect to Topic 15.

It is so **ORDERED**.  This the 12th day of July 2022.

*Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[6] Given the Court's decision with respect to Defendants' relevance argument, there is no need to address the deliberative process privilege argument.