# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

STATE OF FLORIDA,

    *Plaintiff*,

v.                                       Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

    *Defendants*.

_____/

## FLORIDA'S UNOPPOSED MOTION TO EXTEND DEADLINE TO AMEND PLEADINGS AND ALL REMAINING DEADLINES AND FOR A NEW TRIAL DATE

Florida asks this Court to extend the deadline to amend pleadings until August 12, 2022 and to extend all other deadlines, including the trial date, 30 days so Florida can adequately address material changes to the challenged policies, which were only recently disclosed to Florida.

Florida's initial complaint, filed September 28, 2021, challenged two policies: the Notice to Report (NTR) policy and the non-detention policy. *See* Doc. 1. On December 3, 2021, Defendants filed their motion to dismiss, where they disclosed that they had "permanently ended the use of NTRs." Doc. 6-1 at 18. Replacing the NTR policy was the Parole + ATD policy, issued November 2, 2021. *See* Doc. 6-2 at 2 (explaining that Border Patrol "is ceasing the use of NTRs"). In light of the

Parole + ATD policy, Defendants argued that Florida's challenge to the NTR policy was moot. *See* Doc. 6-1 at 17–18.

The Parole + ATD policy is based on an asserted "need to protect the workforce, migrants, and American public against the spread of COVID-19 that may be exacerbated by overcrowding in CBP facilities." Doc. 6-2 at 3. On its face, the policy is limited to "FMUs," or family units, "when certain conditions . . . exist." *Id.*

On February 1, 2022, Florida filed its first amended complaint, replacing its challenge to the NTR policy with a challenge to the Parole + ATD policy. *See* Doc. 16. In their motion to dismiss the amended complaint, Defendants reiterated what the Parole + ATD policy makes plain on its face—that Parole + ATD applies only in "a narrow set of circumstances, applying *only to family units*." Doc. 23-1 at 15 (emphasis added).

The parties are now deep into discovery, with the current deadline to complete discovery set for August 10, 2022. Doc. 49 at 1. Only seven days ago, however, Defendants disclosed in a deposition that they have been using Parole + ATD for single adults—meaning individuals who are not part of a family unit—and for reasons unrelated to COVID-19. *See* Ex. 1 at 86–88. Even though Defendants have been doing so for "the past couple months," *id.* at 88, they never informed Florida of this extraordinary development nor corrected the representations made to this Court.

2

Six days after that deposition—yesterday evening—counsel for Defendants sent Florida by email a new Parole + ATD memo, which is dated July 18, 2022 and purports to "rescind[] and replace[] all prior guidance regarding the use of Parole + ATD, including but not limited to the November 2, 2021 memorandum." Ex. 2 at 1. Unlike the November 2, 2021 memo, the new memo does not limit Parole + ATD to family units. The memo is framed as a new policy and purports to offer a new rationale for Parole + ATD. Counsel for Defendants has stated that a new administrative record will be provided to Florida in two weeks.

Florida is evaluating how to proceed. It is concerned with the game of whack-a-mole Defendants are playing, particularly in light of the Supreme Court's recent decisions, which may foreclose preliminary injunctive relief (but not APA vacatur at final judgment) in certain immigration cases. *See Biden v. Texas*, 142 S. Ct. 2528, 2538 (2022) (discussing *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022)). It is also unclear to Florida at this time whether the new memo is a new policy or an attempt to provide an explanation for actions that were already taking place. *See DHS v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020) ("It is a foundational principle of administrative law that judicial review of agency action is limited to the grounds that the agency invoked when it took the action." (quotations omitted)).

While Florida evaluates next steps, it asks for the following relief:

First, Florida asks that the Court extend the deadline to amend pleadings to August 12, 2022.

Second, Florida asks that all remaining deadlines in the case be extended 30 days. Florida asks for the Court's patience if it needs to ask for more time once it has further evaluated the situation. Florida currently has a deposition scheduled for Border Patrol Chief Raul Ortiz on July 28, 2022. Florida is conferring with Defendants regarding the scheduling of additional depositions, including of CBP Commissioner Chris Magnus and Acting ICE Director Tae Johnson, who both signed the newly disclosed memo.

Third, Florida asks that this Court set a new trial date at least 30 days from the current trial date.

Pursuant to Local Rule 7.1(B), Counsel for Florida conferred with Counsel for Defendants by email on July 20, 2022. Defendants do not oppose the relief sought.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Daniel Bell (FBN 1008587)
CHIEF DEPUTY SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Anita Patel (FBN 70214)
SENIOR ASSISTANT ATTORNEY GENERAL

Karen Brodeen (FBN 512771)
SPECIAL COUNSEL

Bilal Ahmed Faruqui (FBN 15212)
SENIOR ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
natalie.christmas@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF WORD COUNT

Consistent with Local Rule 7.1(F), this motion contains 779 words.

## CERTIFICATE OF SERVICE

I certify that on July 20, 2022, a true and correct copy of the foregoing was

filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ James H. Percival*
Deputy Attorney General
