FOR OFFICIAL USE ONLY

 

July 18, 2022

| | |
|---|---|
| MEMORANDUM FOR: | Raul L. Ortiz<br>Chief<br>U.S. Border Patrol |
| | Corey A. Price<br>Executive Associate Director<br>Enforcement and Removal Operations |
| FROM: | Chris Magnus<br>Commissioner<br>U.S. Customs and Border Protection |
| | Tae D. Johnson<br>Acting Director<br>U.S. Immigration and Customs Enforcement |
| SUBJECT: | Policy on the Use of Parole Plus Alternatives to Detention to Decompress Border Locations |

### Purpose

To require that certain processing be completed, and certain capacity criteria be met, before noncitizens may be released from custody along the Southwest border via Parole plus Alternatives to Detention (Parole + ATD). This memorandum rescinds and replaces all prior guidance regarding the use of Parole + ATD, including but not limited to the November 2, 2021, memorandum from USBP Chief Raul L. Ortiz, titled *Parole Plus Alternative to Detention*.

### Background

Undocumented noncitizens who are not expelled pursuant to the court-ordered implementation of the Centers for Disease Control & Prevention's Title 42 public health Order are inspected by U.S. Customs and Border Protection (CBP), U.S. Border Patrol (USBP) upon encounter, consistent with 8 U.S.C. § 1225(a); this is often referred to as "processing." Processing includes, among other things, identification, review of immigration and criminal history, an assessment of national security concerns, and an evaluation of what pathway is most appropriate for the individual noncitizen, to include removal proceedings under section 240 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229. expedited removal, permitting an individual to voluntarily return, and/or parole.

FOR OFFICIAL USE ONLY

Policy on the Use of Parole Plus Alternatives to Detention to Decompress Border Locations
Page 2

Pursuant to section 212(d)(5)(A) of the INA, 8 U.S.C. § 1182(d)(5)(A), the Secretary of Homeland Security has the authority to parole certain noncitizens into the United States "temporarily . . . on a case-by-case basis for urgent humanitarian reasons or significant public benefit." When, pursuant to an inspection of a noncitizen under 8 U.S.C. § 1225(a), CBP exercises its discretion to parole noncitizens on a case-by-case basis into the United States, including during the initiation of or to facilitate the initiation of removal proceedings under section 240 of the INA, those noncitizens may be eligible to be enrolled in the U.S. Immigration and Customs Enforcement (ICE) ATD program.

The goal of the ICE ATD program is, for a portion of the enrolled non-detained population, to increase compliance with release conditions, court appearances, and final orders of removal. ATD is an alternative to detention and allows ICE to exercise increased supervision over noncitizens who, on a case-by-case basis, are not detained, but are potentially subject to removal. The level of supervision and technology assigned to noncitizens enrolled in the ATD program is determined on a case-by-case basis based on each individual's current immigration status, criminal history, compliance history, community or family ties, role as a caregiver or provider, and other humanitarian or medical factors. ICE may adjust the level of supervision and technology required as the level of the noncitizen's compliance either increases or decreases.

Generally, CBP standards allow for short-term detention of fewer than 72 hours in CBP facilities, after which time CBP is expected to transfer the noncitizen to ICE if CBP believes continued custody is required. While this time period may sometimes be exceeded, CBP facilities are not structured or equipped for long-term detention. This yields numerous challenges, including the ability to provide appropriate medical care and to treat and control contagious illnesses. In sum, crowding in border facilities poses risks to both individuals in custody and those working there. Border encounters remain at historic highs. With a record number of displaced persons in the hemisphere, high encounter rates and the associated challenges are expected to continue. It is incumbent on CBP to transfer noncitizens to ICE or if discretion warrants, to release the noncitizen under appropriate conditions.

Parole + ATD provides a processing mechanism to address situations in which there is not appropriate detention space available, and there are operational concerns about the number of people present in, and potentially subject to a prolonged time-in-custody at, USBP facilities along the Southwest border. It is significantly more efficient—approximately 60 minutes faster—to process individuals, consistent with 8 U.S.C. § 1225(a), for Parole + ATD as opposed to issuing a Notice to Appear (NTA) or other charging document at the time of encounter. Use of Parole + ATD also allows ICE to exercise increased supervision over certain noncitizens who are released from CBP custody pending the initiation of removal proceedings. Those subject to Parole + ATD are not simply released into the community; they are subject to supervision and are subsequently issued an NTA under INA § 240.

That said, Parole + ATD is a tool that should be used sparingly—only when justified by an urgent humanitarian reason or because it yields a significant public benefit in the form of disease-mitigation, as a safety valve to address overcrowding.

Policy on the Use of Parole Plus Alternatives to Detention to Decompress Border Locations
Page 3

## Policy

Over the last several months, CBP and ICE have made deliberate efforts to prioritize the health and safety of noncitizens and the workforce. The use of Parole + ATD provides one such tool— allowing for the more rapid decompression of facilities that otherwise may be overcrowded in ways that promote health and safety. That said, and as this guidance makes clear, the use of Parole + ATD is not meant to be a primary processing tool; its use is permitted only in those situations in which threshold criteria are met, and its use is subject to appropriate approvals and oversight — thus ensuring that its application is limited to those situations in which the relevant health and safety conditions justify its use.

*Threshold Criteria and Approval Process*

Parole + ATD may be authorized by the Commissioner of CBP only when the following criteria exist:

- There are more than 15,000 noncitizens in USBP custody across all Southwest border sectors OR a sector or centralized processing center's in-custody total exceeds 100% of its full capacity; AND
- CBP has encountered more than 6,000 noncitizens per day across the Southwest border over a 72-hour period.

When these scenarios exist, they create urgent crowding and excessive time-in-custody concerns that justify application of ICE's limited ATD resources to support CBP's use of parole on a case-by-case basis for urgent humanitarian reasons or significant public benefit.

To use Parole + ATD in a specific border sector, the relevant USBP Sector Chief must request approval from the Commissioner of CBP, through the USBP Chief.

Approval for Parole + ATD may be granted only on a sector-by-sector basis and Parole + ATD may not be used for noncitizens transferred laterally from a sector that has not met the threshold criteria above. Additionally, approval for use of Parole + ATD is time limited and must be reassessed every week by the Commissioner or Deputy Commissioner. USBP is not authorized to process noncitizens via Parole + ATD when these criteria are not met, absent extraordinary circumstances as determined by the Commissioner of CBP.

*Individual Assessment*

Each noncitizen is individually processed consistent with 8 U.S.C. § 1225(a) after encounter. This inspection process includes, but is not limited to, an assessment of the individual's identification and immigration background, review of any national security or criminal concerns, and consideration of which immigration processing pathway is best applicable to the individual noncitizen. This memorandum applies only to those individuals who are expected to be placed in removal proceedings under INA § 240.

Once the Parole + ATD initial threshold is met, each individual noncitizen should be assessed on a case-by-case individualized basis to determine whether he or she is eligible for parole based on

Policy on the Use of Parole Plus Alternatives to Detention to Decompress Border Locations
Page 4

an urgent humanitarian reason or whether there is a significant public benefit. In making this determination, agents shall consider individualized circumstances, such as an individual's current immigration status, criminal history, compliance history, community or family ties, role as a caregiver or provider, and other humanitarian or medical factors. Upon placing an individual in Parole + ATD, CBP will temporarily pause the completion of the removal paperwork under INA § 240, which will instead be completed at a later date.

Prior to a noncitizen's processing via Parole + ATD, CBP must conduct biometric identity verification and thoroughly evaluate any potential national security and public safety concerns. USBP must also collect and document a physical address for each noncitizen processed via Parole + ATD.

*Ineligible for Parole + ATD*

Parole + ATD may not be used for noncitizens who, based on an individualized assessment, pose a national security risk, unmitigable flight risk, public safety threat, or who claim to be, are suspected to be, or are determined to be unaccompanied children as defined by 6 U.S.C. § 279(g)(2) or appear likely to be subject to the mandatory detention requirements of INA § 236(c), 8 U.S.C. § 1226(c), if processed for removal proceedings pursuant to INA §240, 8 U.S.C. § 1229.

*Subsequent Processing*

CBP and ICE will work jointly to streamline and complete charging document issuance for individuals processed via Parole + ATD. Each agency is responsible for completing the processing for 50 percent of the total Parole + ATD caseload. The final processing and placement into removal proceedings pursuant to 8 U.S.C. § 1229 is expected to be the same, regardless of whether that paperwork occurs as a part of the Parole + ATD processing.

**Reporting and Oversight**

CBP must notify ICE in writing each time Parole + ATD is authorized in a sector to ensure that ICE has the appropriate staff and ATD capacity available in the applicable location(s). Such notification must occur before processing for Parole + ATD begins in the authorized border sector(s). In each case, ICE will determine the appropriate ATD enrollment conditions for the noncitizen, including but not limited to the type of technology used or frequency of required check-in appointments.

CBP will provide daily reporting to Department of Homeland Security Headquarters and ICE, detailing how many noncitizens were processed at the Southwest border with charging documents, voluntary return, and Parole + ATD, by sector. The daily reports will be used to identify any operational changes that are needed to modify the continued use of Parole + ATD at any given time.