# EXHIBIT E

| From: | James Percival |
|---|---|
| To: | Ryan, Erin T. (CIV); Anita Patel; Karen Brodeen; Natalie Christmas |
| Cc: | Darrow, Joseph A. (CIV); Reuveni, Erez R. (CIV); Moyle, Marie (USAFLN) |
| Subject: | [EXTERNAL] RE: Florida - Meet and Confer Follow-Up |
| Date: | Wednesday, August 17, 2022 5:11:16 PM |

Erin,

Thank you for your offer. We have further discussed that offer and the positions shared on the call yesterday. We plan to proceed with Mr. Price's deposition. We oppose a motion for protective order.

Per our prior agreement, we ask that you get your motion on file promptly. Having said that, we are willing to move the deposition back to create more time to litigate your motion. Please let us know if there are particular dates that work better for Mr. Price. If we don't hear by COB tomorrow, we will pick another date.

Best,

Jimmy

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Tuesday, August 16, 2022 5:45 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** RE: Florida - Meet and Confer Follow-Up

Hi Jimmy,

I know you are still discussing the options we raised regarding the Price deposition, but we were also discussing it with the agency and they proposed a different solution that I think may be more appealing so I wanted to bring it to your attention now.

Rather than you trying to pick someone from one of the subparts of ERO as we suggested, and which may actually end up limiting the scope of the testimony you can obtain, ICE offered the ERO Chief of Staff, Michael Bernacke as a potential deponent in place of Mr. Price.  Mr. Bernacke is in the top echelon of ERO officials overseeing all the subparts – like Mr. Price – and provides direct support to Executive Acting Director Price's office.  Issues are generally elevated through the Chief of Staff prior to consideration by EAD Price.  Mr. Bernacke is not as high ranking as Mr. Price, so the agency would be open to allowing his deposition to proceed, but he would still be able to talk about all the components of ICE generally just as Mr. Price could.

Please let us know if this is amenable to you and we can discuss specifics and make the arrangements.

Thanks,

Erin

---

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Friday, August 12, 2022 2:51 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Anita Patel <Anita.Patel@myfloridalegal.com>;
Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas
<Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <MMoyle@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Florida - Meet and Confer Follow-Up

2 pm Eastern is good.

We will not oppose a motion on timeliness grounds if filed promptly once our conferral is
resolved.

---

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Friday, August 12, 2022 1:16 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel
<Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie
Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** RE: Florida - Meet and Confer Follow-Up

Jimmy,

Tuesday is fine, as long as you can confirm that, should a motion to quash the Price subpoena be
necessary, you will not make an argument that it is untimely. It seems the parties are open to
conferring and possibly reaching an agreement that would not require a motion. In order to have
that conferral, however, we will have to hold off on a motion to quash. Please confirm that, if our
conferrals are not productive and we have to file a motion, you would consent to defendants filing
such motion more than 10 days after receiving the subpoena.

If that is acceptable to you, how about 2pm on Tuesday for the meet and confer?

Thanks,

Erin

---

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Friday, August 12, 2022 10:52 AM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Anita Patel <Anita.Patel@myfloridalegal.com>;

Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas
<Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <MMoyle@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Florida - Meet and Confer Follow-Up

How about Tuesday for the conferral? We want to make sure there is time to litigate a motion if necessary without it turning into a fire drill.

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Thursday, August 11, 2022 3:32 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel
<Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie
Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** RE: Florida - Meet and Confer Follow-Up

Hi Jimmy,

Thank you for clarifying and sending over these notices.  I will reach out to the agency today about a potential designee, and will provide that before Monday if we can.  Or, at the very least, I will try to see if they have a general idea, to see if there's overlap with Price that may inform that conversation.  I will also explore with the agency about providing direct reports.  However, as it's a Thursday in August, it seems everyone except me is on vacation, so if I can't get this information by tomorrow, would you like to go forward with the conferral Monday or push it back a few days?

I understand about the 30b6 topic numbering and I appreciate the clarification.

Thank you for the reminder on the share file – I will talk to our paralegal about that.

Thanks,

Erin

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Thursday, August 11, 2022 3:22 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Anita Patel <Anita.Patel@myfloridalegal.com>;
Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas
<Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <MMoyle@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Florida - Meet and Confer Follow-Up

Erin,

Thank you for consenting to the second amended complaint.

On Price, we agree it is separate. We asked for the designee in case it is an ICE witness, which would overlap with our request for Price's direct reports. I don't think you responded specifically on that point—please let me know whether you can provide that information.

Also, attached is the 30b6 notice as well as a notice canceling the depos of Johnson and Magnus. On the 30b6, we left the old topics the same to avoid confusion on topic numbers, but we recognize and will comply with the protective order.

Finally, on claw back, we have sequestered the relevant documents. Having said that, y'all may wish to confirm that they have been removed from the share file if you have not already.

Jimmy

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Thursday, August 11, 2022 2:27 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** RE: Florida - Meet and Confer Follow-Up

Jimmy,

We consent to the filing of this amended complaint.

We can confer on Monday regarding Price, but the new 30b6 designees should not factor into it. Indeed, we are under no obligation to designate anyone if and until we receive an official 30b6 notice, which we have not.  I thought we were in agreement on the 30b6 topic and the withdrawal of Magnus and Johnson – Price is a separate issue.

If this is not your understanding, or you are changing your position, please make that clear.  I would like a confirmation that we are set with the new 30b6 topic and withdrawal of Magnus and Johnson before setting up a conferral on Price.

Erin

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Thursday, August 11, 2022 2:17 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)

<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <MMoyle@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Florida - Meet and Confer Follow-Up

Hi Erin,

See the attached red line showing the discussed changes. Please confirm that Defendants consent to the filing.

Regarding conferral, we are available on Monday. To assist in that conferral, we request two pieces of information: (1) the names and titles of the new 30b6 designees; and (2) the names and titles of Corey Price's direct reports—while we do not believe Apex applies to Mr. Price, we do think we need this information to meaningfully confer, since the whole point of Apex is you are supposed to obtain the information from less senior officials. If you assert that Apex applies to Mr. Price's direct reports, please provide those officials' direct reports, and please continue that down to the level where Defendants will no longer object on Apex grounds.

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Thursday, August 11, 2022 12:08 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** RE: Florida - Meet and Confer Follow-Up

Jimmy,

If you take out the references to what discovery has shown, then I think that resolves the issues surrounding the amended complaint.  Please send an updated version for confirmation, but if those references are taken out, we will likely be able to give our consent for filing.

It seems we are agreed on the 30b6 topic – we will consent to be served with a supplemental 30b6 notice with this one new topic.  There will be no individual portion of any designees and the deps will be limited to 4 hours.  In exchange, you will withdraw the dep notices for Magnus and Johnson.

On Price, we are invoking the Apex doctrine, as well as relevance.  We are prepared to file that motion early next week, but would be available for a meet and confer tomorrow or Monday, if you would like.  Please let us know what day and time would work best for you.

We received the Ortiz transcript this morning, so we'll start looking at that and will be ready for a conferral on any outstanding issues next week, if necessary.

Thanks,

Erin

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Wednesday, August 10, 2022 8:42 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Anita Patel <Anita.Patel@myfloridalegal.com>;
Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas
<Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <MMoyle@usa.doj.gov>
**Subject:** [EXTERNAL] Re: Florida - Meet and Confer Follow-Up

Erin,

I'll start with the second amended complaint. We are happy to take the references to what
discovery has shown out. Beyond that, we aren't horse trading over the amended complaint.
We will begin preparing our motion as if opposed. Please let us know by COB tomorrow if
you remain opposed. If we don't hear, we will file the motion as opposed.

On additional discovery, we think this is unnecessary given my offer above and would oppose.
If you do seek more discovery, we would ask for comparable discovery on the new policy,
which was issued after we finished written discovery. Before you file anything, we would ask
for further conferral.

On the 30b6, we can agree to no individual portion. Of course, discovery remains open and we
would be within our rights to seek additional depos, including of any designees. If that works,
we can withdraw Magnus and Johnson.

On Price, can you elaborate on your position that we are not entitled to take that deposition?
Since you aren't invoking Apex, we need more information as to the basis of your position
before we can engage in a meaningful conferral.

Jimmy

---

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Wednesday, August 10, 2022 6:57 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel
<Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie
Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** RE: Florida - Meet and Confer Follow-Up

Jimmy,

To clarify – we do not consent to an individual dep of any 30b6 designees for this new topic, nor
have you proposed noticing an individual dep of anyone we designate.  We would consent to
testimony on the new topic only, which would be 30b6.  That would also alleviate your concern the
number of depositions, as it would be part of the 30b6 deposition.

On Magnus and Johnson, I understand your position, and we would agree to subjecting those deposition to the Apex standard.  We would ask that you officially withdraw the dep notices in writing, and that if you think the Apex standard is met later, i.e., someone testifies that only Magnus/Johnson would be able to provide certain information, we would ask that you bring that to our attention for conferral.

As to Price, I appreciate you providing an explanation on why you seek to depose him.  Despite these reasons, however, we still do not believe you are entitled to depose him and we will have to move to quash.  However, we acknowledge there are a lot of potential disputes at issue right now, both those in these emails and your proposed amended complaint (which we still owe you our position on).  As you know, we would will be entitled to seek further discovery on the new allegations you make in that amended complaint, particularly about things that have "been shown" during discovery.  Given the turnaround before the close of discovery, we would also seek an expedited response from you on any interrogatories and/or requests to produce we serve.  We may be willing to not seeking this discovery, however, and consent to the filing of the amended complaint, if you withdraw the Price deposition.  This would save both sides from having to make, and oppose, additional motions.

Regarding the deposition subpoena for Price, we will accept service of the subpoena on his behalf.  By accepting service, we do not agree that the deposition is proper and we do not concede anything regarding our right to move to quash the subpoena – we are merely accepting it on behalf of the agency.

Thank you for providing the contact information for the court reporting service.  It sounds like we will get the transcript tomorrow morning, and will be in a better position thereafter to discuss the follow up issues.

Thanks,

Erin

---

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Wednesday, August 10, 2022 1:44 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <MMoyle@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Florida - Meet and Confer Follow-Up

Hi Erin,

We see Price as separate from Magnus and Johnson, so let me take each piece in turn.

As to Magnus and Johnson, we asked for them because they signed the new policy and you all refused to give us a 30b6 for the new policy. We will withdraw them (without prejudice to seeking them later) if you will allow the 30b6. Four hours per witness is fine, as long as you will agree that

two count as one in terms of our depo count for the individual portions.

I also want to clarify one thing. We are not conceding that *Apex* applies to either Magnus or Johnson, who are neither cabinet secretaries nor deputy secretaries. I specifically recall that ICE Director Homan was deposed while I was at DOJ, and *Apex* was never raised. We were simply offering to subject any deposition of those officials to the *Apex* standard as a gesture towards reaching an agreement.

As to Price, unless you are asserting that *Apex* applies, it's not clear to us that we would need to offer a "compelling explanation." Having said that, let me offer three: (1) several deponents have refused to answer questions, suggesting that we should ask someone at ICE; (2) Raul Ortiz was one such witness, and Price is essentially his counterpart when it comes to the detention capacity issue, which is a central issue in this case; and (3) Ortiz contradicted the testimony of your 30b6 designee several times on issues related to Border Patrol, and we are well within our rights to probe whether the head of ERO would do the same.

Please let us know <u>today</u> if you will accept service for Price.

For the court reporter service, see below.

**James Salandro**
*Client Services Coordinator*
**Henderson Legal Services, Inc.**
ph:  202.220.4158
fax: 202.220.4162
calendar@hendersonlegalservices.com
www.hendersonlegalservices.com



---

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Wednesday, August 10, 2022 11:49 AM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** RE: Florida - Meet and Confer Follow-Up

Hi Jimmy,

<u>Regarding depositions</u> - We will consent to you serving a supplemental 30b6 notice with this single new topic, and will provide a designee(s) if you withdraw your deposition requests for Magnus, Johnson, and Price.

On Magnus and Johnson, it is clear that you are aware that the apex doctrine would preclude you deposing them and we would have a strong motion on that point, should we have to go to the court. On Price, it is unclear why you would need his deposition testimony. He is a non-party, there has been no testimony identifying him as a source of information, and there is no indication that he was involved in the new Parole + ATD memo, which is the only new thing in this case over the last few weeks. Absent a compelling explanation, we see no reason why his testimony would be necessary or appropriate.

Any testimony of designees on this new 30b6 topic would be limited to this newly noticed topic and subject to the time limit you proposed of 4 hours.

Please let us know your position on this by COB today – if we cannot reach an agreement soon, we will have to move on all three dep notices, given the deadline to make a motion to quash.

Regarding the Ortiz dep – we still have not received a copy of the transcript, despite ordering it at the deposition. Could you please provide the contact information for the court reporter and/or the court reporting service so we can determine the delay in our copy of the transcript? Until we receive that, we cannot follow up with you on these documents you request, or the question that was marked for a ruling.

Regarding the clawback letter – we will review and get back to you. Please keep the documents sequestered until then.

Regarding the new AR – the agency is working on it now. I don't have an exact ETA, but I would expect it within the week.

Thanks,

Erin

---

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Monday, August 8, 2022 3:53 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <MMoyle@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Florida - Meet and Confer Follow-Up

Hi Erin,

Regarding depositions, here is our proposal:
- Defendants provide 30b6 designees for the following topic: "DHS's Parole + ATD Policy dated July 18, 2022, including the reasons for implementing it and its impact." We can agree to limit the 30b6 and individual portions to a total of 4 hours on the record per

witness.

- In return, we would expect the two individual portions (assuming you provide two designees) to count as only one depo since we are not getting full time. (At this point we think it unlikely we will use all 10 but we want to protect our interests.)
- We withdraw Magnus and Johnson.
  - In return, you agree not to oppose an individual deposition of Price.
- We agree not to seek depos of Magnus and Johnson in this case in the future unless we can satisfy the *Apex* doctrine—specifically, only if the individuals in the depos described above disavow knowledge of material information and Magnus and Johnson are the only available source.

Regarding citations to the Ortiz deposition, see below:

- Please provide a copy of the July 20 memo referenced by Chief Ortiz (page 227). Also, please provide any other similar communications instructing field officers regarding the July 18, 2022 memo.
- Please provide all written instructions, including emails, about increasing parole and releases on recognizance following the swearing in of President Biden, as described by Chief Ortiz (pages 175-176).
- Please provide the memos or emails that were issued *after* November 2, 2021, which expanded Parole + ATD for single adults. You referenced a July 2021 communication during the break, but what was described by Chief Ortiz (and Barker as well) occurred after the November 2 memo. Specifically, page 115 indicates that CBP started applying Parole + ATD to single adults after January 2022 and page 118 states that this was communicated through "memoranda" and "e-mail guidance."

Regarding claw back, we believe that your August 3 notice is deficient and are requesting that you provide additional explanation as to the basis for your claims of privilege. Your notice lacks sufficient detail to enable us to understand the basis for your claims and to determine whether any waiver of the privilege has occurred.  For instance, the notice provides a laundry list of statutory citations, but it fails to disclose which of those authorities were relied upon for each document inadvertently disclosed. The letter further lists "Protected PII" as a reason for disclosure but does not indicate the nature of the PII. For instance, for each document, is the claim of privilege for PII asserted as to information about DHS employees or as to immigrants or other non-employees? Is the PII just names or names in combination with contact information or other identifiers (DOB, SSN, etc.)?  For the claims as to law enforcement privilege, what is the nature of the information that you are claiming is subject to law enforcement privilege? For instance, is it names of employees or other information that you are claiming is subject to law enforcement privilege?  These are just some examples of the lack of specificity as to the information that you are claiming is privileged.  As to each document/video listed in your notice, we request that you provide us information as to the specific information contained in the document to which you are asserting a privilege and to specifically identify the privilege that you are asserting including the specific statutory citation upon which you are relying.

We will agree to sequester the documents for two weeks. And in that time we expect that you will provide the information requested herein and provide redacted copies of the documents and the videos. If you cannot provide redacted copies, we request that you provide an explanation as to why such redactions cannot be completed. We have looked into it, and we think DOJ should be able to redact the videos. We reviewed several of the videos before we realized you were asserting

privilege over them, and it's quite clear to us that portions of these videos would not be subject to your privilege claims.

Regarding the additional details on your redactions of your discovery responses, thank you for that information. We will review.

Finally, when can we expect a new AR for the July memo with the inappropriate portions removed?

Jimmy

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Monday, August 8, 2022 12:41 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>; Natalie Christmas <Natalie.Christmas@myfloridalegal.com>
**Cc:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Moyle, Marie (USAFLN) <Marie.Moyle@usdoj.gov>
**Subject:** Florida - Meet and Confer Follow-Up

Hi all,

I'm writing in follow up to our meet and confer on Friday.

Please get back to us **today** about the time limit for any potential deposition on the newly proposed 30b6 topic so that we may discuss with the agency.  Based on our discussion, it seems that this may inform our position on any motion to quash the new depositions you noticed last week, which needs to be resolved quickly.

You also advised that you would get back to us regarding the clawback letter today or tomorrow. We are also waiting on direct citations from the Ortiz dep regarding questions marked for a ruling and documents that were requested.

Regarding what we owe you, below is our explanation for redactions and the guidelines the agencies used to make their redactions of employee information.  Based on this, you have agreed to provide specific emails/documents that have redactions you would like to discuss further.

The PII of noncitizens and agency employees alike is protected by the Privacy Act of 1974.  The Privacy Act generally prohibits disclosure of personal information about private individuals *and* federal employees without their consent. 5 U.S.C. § 552a(b); *see, e.g., Fed. Lab. Rels. Auth. v. U.S. Dep't of Def.*, 977 F.2d 545, 546 (11th Cir. 1992) (upholding agency's refusal to "provide a list of the names and home addresses" employees under Privacy Act); *Corbett v. Transportation Secr. Admin.*, 568 F. App'x 690 (11th Cir. 2014) ("The TSA's documents and videos describe in full detail every aspect of the events at issue and the TSA's response to those events. Disclosure of the names of the individuals in those documents, or faces of the individuals, would not add to a reader's or viewer's understanding of those documents and images."); *Sun-Sentinel Co. v. U.S. Dep't of Homeland Sec.*,

431 F. Supp. 2d 1258, 1273 (S.D. Fla. 2006) (agency properly withheld names of private individuals seeking federal disaster benefits), *aff'd sub nom. News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173 (11th Cir. 2007); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 384 F.Supp.2d 100, 116–17 (D.D.C. 2005) (concluding TSA properly redacted names of its employees in documents because: (1) "federal employees have an identifiable privacy interest in avoiding disclosures of information that could lead to annoyance or harassment"; (2) "the public interest in learning the names of ... lower-echelon employees is small"; and (3) there was no showing how the employees' names would help the public "understand how the agency performs its statutory duties").

Further, several other statutory and regulatory provisions prohibit the government from publicly disclosing PII of noncitizens, including 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6.

Finally, as asserted in the privilege log where applicable, DHS officer information is protected by law enforcement privilege where disclosure of such has the potential to endanger law-enforcement officers and interfere with law-enforcement operations. *See United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986) (discussing law enforcement privilege to withhold identities and other information to "further[] effective law enforcement"); *Kahn v. United States*, No. 13-24366-CIV, 2015 WL 3644628, at *2 (S.D. Fla. June 10, 2015) (noting that law enforcement privilege is designed to, among other aims, "protect witness and law enforcement personnel" and prevent interference with law-enforcement operations).

As for the method of redacting, CBP redacted all names and associated PII of officers below the commissioner and chief level who were not definitely SES (senior executive service) members at the time of producing the relevant record, as well as any third parties that were not declarants. They did not redact the name of any of the deponents from the documents. They also redacted all contact information. ICE took a similar approach and redacted all PII except public-facing SES and the deponent. The decision to take this approach was done because of the short timeline given for review and redacting thousands of documents, and the lack of a protective order in this matter.

Thanks,

Erin Ryan
Trial Attorney
U.S. Department of Justice – Civil Division
Office of Immigration Litigation – District Courts Section
Post Office Box 868 | Ben Franklin Station | Washington, D.C. 20044
erin.t.ryan@usdoj.gov | C:  202-532-5802