# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

|  |  |  |
|---|---|---|
| STATE OF FLORIDA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-01066 |
| | ) | |
| The UNITED STATES OF | ) | |
| AMERICA, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## SECOND AMENDED COMPLAINT

## ANSWER

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, the United States of America, Alejandro Mayorkas, United States Department of Homeland Security (DHS), Chris Magnus, U.S. Customs and Border Protection (CBP), Tae Johnson, Immigration and Customs Enforcement (ICE), Ur M. Jaddou, and U.S. Citizenship and Immigration Services, (collectively, "Defendants"), by their undersigned attorneys, respond to the allegations contained in the numbered paragraphs of Plaintiff's Second Amended Complaint, ECF No. 74, as follows. Defendants generally deny all allegations not specifically admitted.

## INTRODUCTION

1.      The first sentence of Paragraph 1 consists of Plaintiff's opinion and characterization of activity at the Southwest border, not a factual allegation, and therefore no response is required. If the Court requires a response, Defendants deny. The second and third sentences purport to rely on statistics publicly reported by CBP, which speak for themselves and require no response. Defendants deny the remaining allegations in the second and third sentences of Paragraph 1.

2.      Paragraph 2 consists of Plaintiff's characterization of this action, which requires no response. If the Court requires a response, Defendants deny.

3.      Paragraph 3 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

4.      Paragraph 4 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

5.      Paragraph 5 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

6.      Paragraph 6 consists of conclusions of law to which no response is required. If the

Court requires a response, Defendants deny.

7.      Paragraph 7 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

8.      Paragraph 8 consists of conclusions of law, to which no response is required. If the Court requires a response, Defendants deny.

9.      Paragraph 9 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

10.      Paragraph 10 consists of Plaintiff's opinion and characterization of this action, not factual allegations, and therefore no response is required. If the Court requires a response, Defendants deny.

11.      Defendants admit that CBP previously employed a practice under which noncitizens apprehended at or near the border were released with a Notice to Report (NTR) to ICE within a specified timeframe to be placed in removal proceedings and receive the associated charging document, a Notice to Appear (NTA).  Defendants further admit that there was guidance to individual Border Patrol Agents on implementing the NTR practice. The remaining allegations in Paragraph 11 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If the Court requires a response, Defendants deny.

12.      To the extent Paragraph 12 accurately quotes the November 2, 2021 memorandum on Parole + ATD, ECF No. 6-2, Defendants state that the memorandum speaks for itself. Defendants deny the remaining allegations in Paragraph 12.

13.      Defendants admit that they use Parole + ATD, under which CBP releases certain noncitizens encountered at or near the border on parole and enrolls them in ICE's Alternative to Detention (ATD) program, which imposes a series of obligations on enrollees to ensure that they

check-in with ICE within a specific period of time to be served with an NTA and placed in removal proceedings. Defendants also admit that CBP has ceased the use of NTRs. The remaining allegations in Paragraph 13 consists of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

14.     Defendants admit that Plaintiff amended its complaint on February 1, 2022, and deny the remaining allegations of Paragraph 14.

15.     Defendants admit that they issued a memorandum addressing the Parole + ATD practice on July 18, 2022, and deny the remaining allegations of Paragraph 15.

16.     Defendants admit that they have finite immigration enforcement and detention resources and deny the remaining allegations of Paragraph 16.

17.     Paragraph 17 consists of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

18.     Defendants admit that the President's Fiscal Year (FY) 2023 budget slightly reduces requested funding for detention beds by comparison with FY 2022. Defendants deny the remaining allegations in Paragraph 18.

19.     To the extent that Paragraph 19 accurately quotes a statement by DHS Secretary Mayorkas, Defendants state that the quotation speaks for itself.  Defendants deny the remaining allegations in Paragraph 19.

20.     Paragraph 20 consists of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

21.     Defendants admit that the alleged "nondetention policy" does not exist and aver that their publicly reported statistics on releases speak for themselves and require no response. The remaining allegations of Paragraph 21 consist of conclusions of law and Plaintiff's characterization

of this action, which also require no response. If the Court requires a response to these allegations, Defendants deny.

22.     Defendants state that their publicly reported statistics on releases speak for themselves and require no response, and admit they supplied an October 21, 2021 letter to the Florida governor stating that they were aware of some noncitizens who had checked in with ICE ERO field offices in the State of Florida. The remaining allegations of Paragraph 22 consist of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants deny.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis deny same.

24.     The first two sentences of Paragraph 24 consist of conclusions of law and Plaintiff's characterization of this action, which require no response. If the Court requires a response, Defendants admit that Plaintiff lacks standing to bring this action because its alleged harm is merely speculative at best, and deny the remaining allegations. Defendants do not understand how Plaintiff calculates the sums in the second two sentences of Paragraph 24, and therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in those remaining sentences in Paragraph 24, on that basis deny same.

## PARTIES

25.     Admit.

26.     Defendants deny that USCIS or its Director are "responsible for the issuance and implementation of the challenged administrative actions." Further, Defendant United States is not an agency and is not properly subject to suit under the Administrative Procedure Act. Defendants admit the remaining allegations of Paragraph 25.

27.     Paragraph 26 consists of conclusions of law, which require no response. If a response is required, Defendants deny.  Further, Defendants deny that Plaintiff has subject matter jurisdiction to bring this case.

28.     Defendants admit that DHS oversees its subcomponents, USCIS, CBP and ICE. Defendants deny the remaining allegations of Paragraph 28.

29.     Defendants admit that Alejandro Mayorkas is the Secretary of DHS.  Defendants deny the remaining allegations of Paragraph 29.

30.     Defendants admit that Tae Johnson is Acting Director of ICE.  Defendants deny the remaining allegations of Paragraph 30.

31.     Defendants admit that Chris Magnus is Commissioner of CBP, who replaced Acting Commissioner Troy Miller.  Defendants deny the remaining allegations of Paragraph 31.

32.     Defendants admit that Ur Jaddou is the Director of USCIS. Defendants deny the remaining allegations of Paragraph 32.

## JURISDICTION AND VENUE

33.     Deny.

34.     Deny.

35.     Paragraph 35 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## FACTUAL BACKGROUND

36.     Paragraph 36 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

37.     Paragraph 37 consists of conclusions of law, which require no response. If a

response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

38.     Paragraph 38 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

39.     Paragraph 39 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

40.     Paragraph 40 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

41.     Paragraph 41 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

42.     Paragraph 42 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

43.     Paragraph 43 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

44.     Paragraph 44 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

45.     Paragraph 45 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

46.     Paragraph 46 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

47.     Paragraph 47 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants admit they have discretion whether to use expedited or full removal proceedings, and deny the remaining allegations.

48.     Defendants aver that the cited document speaks for itself and otherwise deny the allegations in Paragraph 48.

49.     Paragraph 49 consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

50.     Defendants state that their publicly reported statistics speak for themselves and deny the remaining allegations in Paragraph 50.

51.     Deny.

52.     Defendants admit that CBP officials were still using NTRs as of the filing of Plaintiff's initial Complaint, and deny the remaining allegations in Paragraph 52.

53.     Defendants admit that they issued memoranda on November 2, 2021 and July 18, 2022 regarding implementation of Parole + ATD. Defendants deny the remaining allegations in Paragraph 53.

54.     Paragraph 54 consists of conclusions of law and Plaintiff's characterization of

Defendants' legal position(s), which require no response. If a response is required, Defendants deny.

55.     Defendants state that their publicly reported statistics speak for themselves and deny the remaining allegations in Paragraph 55.

56.     Paragraph 56 consists of conclusions of law and Plaintiff's characterization of the law and this action, which require no response. If a response is required, Defendants deny.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Defendants aver that the cited court document speaks for itself and otherwise deny the allegations of Paragraph 60.

61.     The first sentence of Paragraph 61 is Plaintiff's characterization of this action and requires no response.  To the extent a response is required, Defendants deny. Defendants aver that the documents cited and quoted in the second two sentences of Paragraph 61 speak for themselves and require no response. To the extent a response is required, Defendants deny.

62.     Defendants aver that the court injunction maintaining the Migrant Protection Protocols has been vacated and deny the remaining allegations of Paragraph 62.

63.     Defendants aver that Exec. Order No. 14010 speaks for itself and requires no response. Paragraph 66 otherwise consists of conclusions of law and Plaintiff's characterization of the law, which require no response. If a response is required, Defendants deny.

64.     Defendants aver that the quoted document speaks for itself and requires no response, and otherwise deny the allegations of Paragraph 64.

65.     The first two sentences of Paragraph 65 consist of conclusions of law and Plaintiff's

characterization of the law, which require no response. If a response is required, Defendants deny. Defendants deny the allegations in the remaining sentences of Paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis deny same.

67.    Defendants aver that the cited authority speaks for itself and requires no response, and otherwise deny the allegations in Paragraph 67.

68.    Defendants aver that the cited authority speaks for itself and requires no response, and otherwise deny the allegations in Paragraph 68.

69.    Defendants deny the first sentence in Paragraph 69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 69, and on that basis deny same.

70.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the mathematical calculations underlying the allegations in Paragraph 70, and on that basis deny Paragraph 70.

71.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the mathematical calculations underlying the allegations in Paragraph 71, and on that basis deny Paragraph 71.

72.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis deny same.

73.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis deny same.

74.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis deny same.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis deny same.

76.     Defendants deny that they illegally release anyone. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and on that basis deny same.

**CLAIMS**

**COUNT 1**

77.     Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

78.     Paragraph 78 consists of conclusions of law, which require no response. If a response is required, Defendants aver that cited authorities speak for themselves and otherwise deny.

79.     Paragraph 79 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

80.     Paragraph 80 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

81.     Paragraph 81 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

82.     Paragraph 82 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

**COUNT 2**

83.     Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

84.     Paragraph 84 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

85.     Paragraph 85 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

86.     Paragraph 86 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## COUNT 3

87.     Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

88.     Paragraph 88 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

89.     Defendants admit that the alleged "nondetention policy" does not exist and that detention capacity for family units has been repurposed for detention of single adults, which form a greater percentage of noncitizens arriving at the border, and deny the remaining allegations of Paragraph 89.

90.     Paragraph 90 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

91.     Paragraph 91 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

92.     Paragraph 92 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

93.     Paragraph 93 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

11

94.    Paragraph 94 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## COUNT 4

95.    Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

96.    Paragraph 96 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

97.    Paragraph 97 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

98.    Paragraph 98 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

99.    Paragraph 99 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

100.   Paragraph 100 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## COUNT 5

101.   Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

102.   Paragraph 102 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

103.   Paragraph 103 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## COUNT 6

104.    Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

105.    Paragraph 105 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

106.    Paragraph 106 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## COUNT 7

107.    Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

108.    Paragraph 108 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## COUNT 8

109.    Defendants repeat and incorporate by reference their answers to each and every allegation contained in the preceding paragraphs.

110.    Paragraph 110 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

111.    Paragraph 111 consists of conclusions of law, which require no response. If a response is required, Defendants deny.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains no factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the specific reliefs requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' Second Amended Complaint and as separate affirmative defenses, Defendants state as follows:

1. The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

2. Plaintiff fails to establish a justiciable Article III case or controversy.

3. Plaintiff lacks standing for all of its claims.

4. Plaintiff's Complaint and each cause of action therein fails to state a claim upon which relief may be granted.

5. Plaintiff lacks a cause of action and cannot obtain review under the Administrative Procedures Act (APA) or the United States Constitution.

6. Plaintiff challenges decisions committed to agency discretion by law.

7. Plaintiff fails to allege a final agency action.

8. Various statutes bar APA review of Plaintiff's claims.

9. Plaintiff's challenge is time-barred by the applicable statute of limitations for challenges to federal statutes and regulations.

10. Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud.

11. Defendants reserve the right to assert other defenses as this action proceeds up to, and including, the time of trial.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants, having fully answered the Plaintiff's Second Amended Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Dated: August 26, 2022       Respectfully submitted,

JASON R. COODY       BRIAN M. BOYNTON
*United States Attorney*       *Principal Deputy Attorney General*

MARIE A. MOYLE       WILLIAM C. PEACHEY
*Assistant United States Attorney*       *Director*
      Office of Immigration Litigation
      District Court Section

      EREZ REUVENI
      *Assistant Director*

      /s/ *Joseph A. Darrow*
      JOSEPH A. DARROW
      ERIN T. RYAN
      *Trial Attorneys*
      U.S. Department of Justice
      Civil Division
      Office of Immigration Litigation
      District Court Section
      P.O. Box 868, Ben Franklin Station
      Washington, DC 20044
      Tel.: (202) 805-7537
      Joseph.a.darrow@usdoj.gov

      SARAH STEVENS WILSON
      *Assistant Director*
      Office of Immigration Litigation
      Appellate Section

      *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I electronically filed **DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court for the Northern District of Florida by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division