# Exhibit 11

Exhibit 11 - 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

|  |  |
|---|---|
| STATE OF FLORIDA, ) | |
| *Plaintiff,* ) | |
| v. ) | Civil Action No. 3:21-cv-01066 |
| The UNITED STATES OF AMERICA, *et al.*, ) | |
| *Defendants.* ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1

Exhibit 11 - 2

Pursuant to Federal Rule of Civil Procedure 33, Defendants hereby submit their objections and responses to Plaintiff's First Set of Requests for Interrogatories to Defendant U.S. Department of Homeland Security ("DHS").

## GENERAL STATEMENT

Defendants' responses and objections are based on the information known to Defendants at this time and are made without prejudice to assertion of additional responses and objections should Defendants identify additional grounds therefore. Defendants reserve the right to supplement, clarify, revise, or correct any or all of their responses to Plaintiffs' Interrogatories. By answering any Interrogatories, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information provided, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

Defendants object to Plaintiffs' general failure to limit the time period of their requests. Such unbounded requests are overbroad and not proportional to the needs of the case. Pursuant to the parties' agreement, therefore, Defendants' responses do not cover the period before January 1, 2020.

Finally, inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise. Any material produced is produced pursuant to the terms of the parties' stipulated protective order.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please explain upon what authority or authorities DHS relies on to release applicants for admission, as reflected in the "Notice to Appear/Own Recognizance" row and "U.S. Border Patrol – Disposition and Transfers" tab of CBP's reported data, https://www.cbp.gov/newsroom/stats/custody-and-transfer-statistics.

### RESPONSE TO INTERROGATORY NO. 1

The information reflected in CBP's publicly reported data speaks for itself. CBP generally relies upon the authorities found in 8 U.S.C. § 1226 to release applicants for admission on their own recognizance.

**INTERROGATORY NO. 2**

Please explain upon what authority or authorities DHS relies on to release applicants for admission, as reflected in status reports filed by DHS in *Texas v. Biden*, No. 2:21-cv-67 (N.D. Tex.).

**RESPONSE TO INTERROGATORY NO. 2**

The monthly reports CBP and ICE are required to file pursuant to the injunction issued in *Texas v. Biden*, No. 21-cv-0067 (N.D. Tex. Aug. 13, 2021), speak for themselves. ICE generally relies on 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 212.5 for "paroled" cases; 8 U.S.C. § 1231 and 8 C.F.R. § 241 for cases subject to "orders of supervision"; 8 U.S.C. § 1226(a) and 8 C.F.R. § 236 for cases subject to "order of recognizance" or "bonded out." ICE also relies on operative case law, court orders, and other applicable statutes and regulations.

**INTERROGATORY NO. 3**

Please explain whether DHS believes it has authority or discretion to release applicants for admission pursuant to 8 U.S.C. § 1226 if DHS decides to place an alien in standard removal proceedings rather than expedited removal proceedings.

**RESPONSE TO INTERROGATORY NO. 3**

CBP and ICE have discretion to place removable noncitizens into removal proceeding under 8 U.S.C. § 1229a instead of 8 U.S.C. § 1225(b)(1) proceedings in some circumstances. *See Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 523

4

Exhibit 11 - 5

(BIA 2011) ("DHS has discretion to put [noncitizens] in section 240 removal proceedings even though they may also be subject to expedited removal under section 235(b)(1)(A)(i) of the Act."). Those placed in removal proceedings under 8 U.S.C. § 1229a are generally detained pursuant to 8 U.S.C. § 1226 and can be released under 8 U.S.C. § 1226(a) in appropriate cases in accordance with law.

**INTERROGATORY NO. 4**

If DHS believes it has authority or discretion to release applicants for admission pursuant to 8 U.S.C. § 1226, please explain what criteria DHS uses to determine when to do so, as opposed to detaining the alien as required by 8 U.S.C. § 1225.

**RESPONSE TO INTERROGATORY NO. 4**

Noncitizens detained pursuant to 8 U.S.C. § 1226(a) may be released provided that the noncitizen demonstrates, to the satisfaction of the immigration officer, that: (1) such release would not pose a danger to property or persons and (2) the noncitizen is likely to appear for any future proceedings. ICE cannot release noncitizens subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) unless the narrow exception found in 8 U.S.C. § 1226(c)(2) applies, or unless ordered by the court.

In addition, CBP assesses whether each individual applicant for admission may be considered for release on a case-by-case basis. CBP is producing documents

in response to Plaintiff's Request for Production No. 66 that address these factors, and this Response incorporates those documents by reference.

## INTERROGATORY NO. 5

If DHS believes it has authority or discretion to release applicants for admission pursuant to 8 U.S.C. § 1226, please explain whether DHS's initial arrests in those cases are made pursuant to an immigration warrant.

## RESPONSE TO INTERROGATORY NO. 5

Noncitizens, including applicants for admission as defined by 8 U.S.C. § 1225(a)(1) and whose detention is governed by 8 U.S.C. § 1226, may be arrested with or without a civil immigration warrant. *See, e.g.*, 8 U.S.C. § 1357(a)(2).

| | |
|---|---|
| Date:  May 27, 2022 | Respectfully submitted, |
| JASON R. COODY<br>*United States Attorney* | BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General* |
| MARIE A. MOYLE<br>*Assistant United States Attorney*<br>Northern District of Florida | WILLIAM C. PEACHEY<br>*Director*<br>Office of Immigration Litigation<br>District Court Section |
| | EREZ REUVENI<br>*Assistant Director* |
| | /s/ *Joseph A. Darrow*<br>JOSEPH A. DARROW<br>ERIN T. RYAN<br>*Trial Attorney*<br>U.S. Department of Justice |

6

Exhibit 11 - 7

Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 805-7537
Joseph.a.darrow@usdoj.gov

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 3:21-cv-01066 |
| The UNITED STATES OF AMERICA, *et al.*, | ) |
| *Defendants.* | ) |

## CERTIFICATION OF RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

I, Tony L. Barker, herby declare that I am the Acting Chief of Law Enforcement Operations, of U.S. Border Patrol, U.S. Customs and Border Protection (CBP). Based on reasonable inquiry and information provided to me in my official capacity, I certify that the information regarding CBP contained in the Defendant's responses to Plaintiff's first set of Interrogatories is true and correct to the best of my knowledge, information, and belief.

Dated: May 26, 2022

_____
Tony L. Barker
Acting Chief Law Enforcement Operations
U.S. Border Patrol
U.S. Immigration and Customs Enforcement

Exhibit 11 - 9

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA,<br><br>*Plaintiff,*<br><br>v.<br><br>The UNITED STATES OF AMERICA, *et al.*,<br><br>*Defendants.* | Civil Action No. 3:21-cv-01066 |

## CERTIFICATION OF RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

I, Robert Guadian, hereby declare that I am the Deputy Assistant Director for Domestic Operations-East, Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE). Based on reasonable inquiry and information provided to me in my official capacity, I certify that the information regarding ICE contained in the Defendant's responses to Plaintiff's first set of Interrogatories No. 2, 3, 4, and 5 is true and correct to the best of my knowledge, information, and belief.

Dated: May 26, 2022

ROBERT GUADIAN JR
Digitally signed by ROBERT GUADIAN JR
Date: 2022.05.26 16:45:17 -04'00'

Robert Guadian
Deputy Assistant Director

Exhibit 11 - 10

Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

Exhibit 11 - 11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2022, I served **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** via email on the following counsel for Plaintiff in *Florida v. United States, et al.*, No. 3:21-cv-01066.

Karen Ann Brodeen
Karen.brodeen@myfloridalegal.com

Natalie Christmas
Natalie.christmas@myfloridalegal.com

James Hamilton Percival II
James.percival@myfloridalegal.com

Anita Patel
Anita.patel@myfloridalegal.com

By: */s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division