

U.S. Department of Homeland Security
425 I Street, NW
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

JAN 1 1 2005

| | |
|---|---|
| MEMORANDUM FOR: | ALL SPECIAL AGENTS IN CHARGE<br>ALL FIELD OFFICE DIRECTORS |
| FROM | Marcy M. Forman<br>Director<br>Office of Investigations<br><br>Victor X. Cerda<br>Acting Director<br>Detention and Removal Operations |
| SUBJECT: | ICE Transportation, Detention and Processing Requirements |

The attached memorandum dated October 18, 2004, from Border and Transportation Under Secretary Asa Hutchinson entitled *"Detention Prioritization and Notice to Appear Documentary Requirements"* is re-circulated with this guidance. This memorandum applies to all components within US Immigration and Customs Enforcement (ICE).

To assist the field locations in implementation of the aforementioned memorandum, the Office of Investigations (OI) and the Office of Detention and Removal Operations (DRO) are providing this joint guidance to the Special Agents in Charge (SAC) and Field Office Directors (FOD).

The following guidance will assist the SACs and FODs while conducting immigration enforcement operations:

- The arresting office is responsible to ensure all aliens in ICE custody are served with appropriate processing papers that will facilitate the most expedient removal process (i.e. stipulated removal, reinstatement, administrative, expedited, notice to appear) as soon as possible after being taken into custody, but no longer than forty-eight (48) hours in the absence of exceptional circumstances.

- OI and DRO personnel will notify their respective management when a detained alien has not been processed/served within 48 hours of being in Immigration and Customs Enforcement (ICE) custody. The SAC/FOD or designee will ensure that the aliens are processed and served immediately. **All aliens will be served in an expeditious manner.**

FOR OFFICIAL USE ONLY
LAW E  xxxxxxxxxxxxx  NSITIVE

www.ice.gov



- DRO will continue to provide the transportation support to OI of aliens prior to processing, from jails, roadside smuggling loads, drop houses and other significant enforcement operations as conducted in past local procedures. SACs and FODs should ensure proper communication and understanding of the local level of transportation support.

- DRO does not have the legal authority to transport United States Citizens (USCs) or Lawfully Admitted Permanent Residents (LAPRs) for criminal proceedings. However, DRO will transport LAPRs and/or illegal aliens that may be presented as material witnesses, after they have been processed for a Notice To Appear (NTA). DRO will not detain an alien solely on the basis of a material witness warrant. If such is occurring, both the SAC and FOD should address this issue with the local U.S. Attorney's Office.

- Should the FOD or designee determine that an alien, categorized as a Mandatory Detention or High Priority #1-6 detention, as described on page 2 of the attached memorandum *"Detention Prioritization and Notice to Appear Documentary Requirements"*, be released at the time of processing, the DRO office will provide a written denial to the SAC for inclusion in the alien's A-File. This should only occur when the national bed space population is at capacity and such situation should be reported by the FOD to HQDRO prior to such release.



- The A-file should be completed and accompany the aliens when they are turned over to DRO or with the least possible delay. If the A-file is not available or the A-file needs to be retained for prosecution purposes, the processing agent will create a temporary file (T-file), which will include the original NTA and copies of all other required documentation for DRO use and tracking. T-Files should be used in extremely limited circumstances.

- In the event that the Judgment & Conviction (J&C) documents are necessary for an alien's removal hearing and are unavailable when the A-file is transferred to DRO, the processing agent must ensure that the J&C documents have been requested by annotating the request in the A-file. The processing agent is responsible for ensuring that the J&Cs are forwarded to DRO for inclusion in the A-File in a timely manner.

OI & DRO Headquarters staffs are working together to ensure uniformity and that a spirit of cooperation exists during this transition period. It should be emphasized however that local communication and coordination between SAC and FOD offices should occur to ensure proper implementation and monitoring of these requirements.

Attachment

FOR xxxxxxxxxxx ONLY
LAW EN            NSITIVE



OCT 18 2004

MEMORANDUM TO:  Robert C. Bonner
Commissioner
U.S. Customs and Border Protection

Michael J. Garcia
Assistant Secretary
U.S. Immigration and Customs Enforcement

FROM:  Asa Hutchinson
Under Secretary for Border and Transportation Security

RE:  <u>Detention Prioritization and Notice to Appear Documentary Requirements</u>

This memorandum provides priorities for the detention of aliens and outlines documentary requirements that must be met when transferring custody of aliens to Immigration and Customs Enforcement (ICE), Office of Detention and Removal Operations (DRO). The guidance in this memo supercedes all outstanding guidance regarding priorities for the detention of aliens within Border and Transportation Security (BTS). All BTS personnel must adhere to legal authorities and the procedures set forth below in making decisions regarding whether to detain an alien.[1]

## I. Detention Priorities

The following guidelines provide priority categories for the detention of aliens subject to detention. An alien being considered for detention should be placed in the highest numbered priority within the top category possible (i.e., an alien found to have a credible fear of persecution with an aggravated felony conviction would still meet the requirements of Mandatory, #2). In the case of mandatory detention, the Director of ICE DRO is to heed the guidelines strictly. In all other cases, the DRO Director retains the discretionary authority with respect to allocation of bed space and other detention-related resources. In all cases, the DRO Director is to heed these guidelines to the greatest extent possible when determining detention priorities.

---

[1] This policy does not supercede any requirement to release an alien under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) and implementing guidance in 8 CFR §§ 241.4, 241.13 and § 241.14 nor does it apply to unaccompanied juveniles.



www.dhs.gov

AILA Doc. No. 18042900052 (Posted 4/23/18)    ICE.090410.000190

All such aliens must be detained unless they fall within one of the exceptions to mandatory detention. There are no priority designations among categories of cases subject to mandatory detention. Questions as to whether a given alien falls under one of these categories and <u>must</u> be detained should be directed to local legal counsel.

## Mandatory

- Aliens subject to mandatory detention under INA 236A[2]
- Aliens in expedited removal (INA § 235) with limited exceptions[3]
- Aliens subject to mandatory detention in removal and deportation proceedings under INA 236(c)[4]
- Aliens who have final orders of removal subject to mandatory detention under INA 241(a)(2), whether ordered removed pursuant to INA 238 or 240 proceedings[5]

### High Priority

1. National Security Interest aliens including aliens who are subject to an ongoing national security investigation or who, by virtue of specific information or intelligence specific to the alien in question raise a national security concern, as identified either by 1) the Joint Terrorism Task Force, 2) Immigration and Customs Enforcement, or 3) by U.S. Customs and Border Protection (CBP).[6]
2. Continued detention of aliens with final administrative orders past 180 days on account of special circumstances (i.e. 8 CFR 241.14).
3. Aliens who have been issued final removal orders over 90-days old, where removal is foreseeable.
4. Aliens who present an articulable danger to the community (claimant agency must be able to articulate the danger)
5. Aliens who exhibit specific, articuable intelligence-based risk factors for terrorism or national security concern not solely based on the alien's race, ethnicity, nationality or religion (as identified by either 1) the Joint Terrorism Task Force, 2) Immigration and Customs Enforcement, or 3) by U.S. Customs and Border Protection.
6. Aliens associated with ongoing significant criminal investigations;

---

[2] Prior approval of the ICE National Security Unit and the ICE Office of the Principal Legal Advisor is required before charges may be brought under either INA § 212(a)(3) or INA § 237(a)(4).

[3] Not all aliens in expedited removal proceedings are subject to mandatory detention, however. See, for example 8 CFR § § 235.3(b)(2)(iii), 235.3(b)(4)(ii), and 235.3(b)(5)(i) allowing for parole in limited circumstances of medical emergency, or where necessary for a legitimate law enforcement objective.

[4] Note that INA 236(c)(2) authorizes release to provide for protection of a witness, etc., where the alien does not pose a danger to the safety of others or to property and is likely to appear for any scheduled proceedings.

[5] This includes aliens ordered removed under INA 240 and criminal aliens ordered removed under INA 238. These aliens may not be released under any circumstances during the 90-day removal period set forth in INA 241(a)(2). Following the 90-day period, the continued detention of such aliens should be determined pursuant to criteria in Zadvydas, *supra* and implementing guidance in 8 CFR §§ 241.4, 241.13, and 241.14.

[6] ICE and CBP shall track all cases where the two bureaus disagree on whether a particular alien poses a national security threat. CBP and ICE shall review these cases on a quarterly basis.

2

**FOR OFFICIAL USE ONLY**
LAW ENFORCEMENT SENSITIVE



7. Remaining criminal aliens not subject to 236(c);
8. Aliens whose detention is essential to national border enforcement initiatives;

**Medium Priority**

1. Suspected alien and narcotics smugglers
2. Aliens who committed fraud
3. Inadmissible, non-criminal aliens (other than expedited removal cases)

**Lower Priority**

1. Worksite enforcement arrests
2. Final orders (beyond 179 days-not likely to remove)
3. Aliens placed in expedited removal found to have a credible fear and referred for full 240 proceedings.
4. Other aliens not subject to required detention

II. Documentary requirements.

Each component must ensure apprehended aliens are processed efficiently and placed in the appropriate and most expedient removal process. (e.g. stipulated, reinstatement, administrative, expedited) At a minimum, the following documents must be completed by the apprehending entity and presented to DRO to ensure each case moves swiftly through the removal process:

- Original charging documents;
- Completed Form I-213 (Record of Deportable/Inadmissible Alien) or approved equivalent;
- 2 completed Forms FD-249 (fingerprint cards);
- R-84 Form with prints and biographical information completed;
- Print out of results, including negative responses, of name search in IBIS "SQ11" function.
- IAFIS printout relating to criminal history; if IAFIS is not available, print out of results, including negative responses, based on name search in either NCIC or NLETS.
- Record of Fingerprint Identification Number (FIN) generated by the Automated Biometric Identification System (IDENT);
- 4 photographs;
- Completed Form I-217 (Information for Travel Document or Passport if required);
- Documentation of Consular Notification;
- Certified conviction records, when applicable. In the event that conviction records are not immediately available, the arresting officer must provide written notification to the file that a Certified Copy of the Conviction Document has been requested, and include in the administrative file the following information: the exact date and jurisdiction where the alien was convicted, the name and telephone number of the referring officer and the supervisor, the name and contact



3

FOR OFFICIAL USE ONLY
LAW ENFORCEMENT SENSITIVE





information of the agency official responsible for procuring the conviction record. Furthermore, the arresting agency must produce the actual conviction record within 30 days of issuance of the NTA;[7]

- Documentation reflecting that appropriate record checks (Central Index System (CIS), Non-Immigrant Information System (NIIS), National Crime Information Center (NCIC), IDENT, Interagency Border Inspection System (IBIS), etc.) have been completed;
- Completed Form I-203 or I-203A [Order to Detain or Release Alien(s)] bearing the appropriate official's signature must accompany each detainee presented for detention;
- Notice of Custody Determination (Form I-286), indicating date and time custody decision was made and probable charges against alien;
- And any other relevant documents pertaining to the detainee.

To ensure maximum efficiency in the use of the Department's finite detention bed resources, it is imperative that this documentation is prepared and presented. Custody responsibility will not be transferred to ICE/Detention and Removal Operations (DRO) until ICE/DRO verifies that all of the above required documentation has either been provided or has been waived by an ICE/DRO authorizing official at the detention site. The arresting or delivering officer will ensure that detainees turned over to the custody of ICE/DRO are accompanied by any personal items, identity documents, baggage and/or prescription medications in that detainee's possession at the time of arrest.

The requirements I issued in my memorandum of March 30, 2004, *Guidance on ICE Implementation of Policy and Practice Changes Recommended by the Department of Justice Inspector General*, remain in effect. You are responsible for ensuring implementation of these requirements.



---

[7] CBP shall establish within 30 days of this memorandum points of contact in each field office to coordinate obtaining conviction records for cases where the conviction record is not timely produced. Contact information shall be provided to the DRO Field Office Directors and the ICE Chief Counsels.

4

**FOR OFFICIAL USE ONLY
LAW ENFORCEMENT SENSITIVE**

