UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

v.                                      Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

   *Defendants*.
_____/

**FLORIDA'S MOTION TO REOPEN
DISCOVERY FOR LIMITED PURPOSES**

Perhaps the single most important factual dispute in this case is whether the non-detention policy exists. In their recently filed motion for summary judgment, Defendants asserted that the "undisputed evidence establishes . . . that no 'non-detention policy' exists." Doc. 88-1 at 43.[1]

On Friday, September 30, Florida received a document in response to a Freedom of Information Act (FOIA) request that is relevant to that question. Ex. 1. Even though that document was responsive to Florida's discovery requests, it was neither produced in this case nor identified as privileged. Because Florida received this relevant document after discovery closed, Florida asks the Court to reopen

---

[1] Florida cites to ECF page numbers, including for exhibits and briefs that may have conflicting internal pagination.

discovery for the limited purpose of allowing a deposition of the person whose name appears on the "from" line of the document—former Border Patrol Chief Rodney Scott. *See* Ex. 1 at 2; *see also* Doc. 82 (allowing Florida to depose an official of similar seniority). Florida believes this can occur without moving any other deadlines and is necessary to ensure Defendants' discovery missteps do not prejudice Florida at trial.[2]

To ensure the trial remains on schedule, Florida also asks the Court to expedite Defendants' response to this motion and order a response within seven days. Florida is harmed every day the challenged policies continue, *see* Doc. 86, and Defendants' conduct has already pushed the trial date back once, *see* Doc. 70.

## BACKGROUND

The non-detention policy is described in Florida's second amended complaint as "the government's policy of releasing aliens subject to mandatory detention." Doc. 74 ¶ 20. This Court recognized that Florida was entitled to discovery regarding whether that policy exists. Doc. 55 at 5.

During the discovery period, Florida served Defendants with requests for production, including a request for "[a]ny and all documents reflecting belief by [DHS] or [its] employees that [DHS] has discretion to release, rather than detain,

---

[2] Florida is not asking the Court for a discovery sanction at this time. Once Florida has had the opportunity to take limited discovery on the document and its significance, the State will evaluate whether to do so.

2

inadmissible aliens entering the United States from the Southern border." Ex. 2 at 6. In response, Defendants produced a small number of documents, almost all of which pre-dated the relevant time period in this case. *Id.* at 6–8. Defendants then stated that "they have not identified in their custody or control and are not producing any further responsive documents." *Id.* at 8. Defendants' counsel further represented to Florida's counsel in an email that "no specific identified documents have been entirely withheld on the basis of privilege." Ex. 3 at 2.

Last Friday, September 30, Florida received a document in response to a FOIA request. Ex. 1. The document was neither produced by Defendants nor identified by them in a privilege log. It appears to have been drafted in June 2021, *see* Ex. 1 at 2 (referring to a morning report of June 15, 2021), and it discusses a "[p]rosecutorial [d]iscretion" policy allowing the release of migrants at the border and references the "increasing erosion of border security," Ex. 1 at 2–3.

Florida immediately conferred with Defendants and expressed its grave concerns that the document had not been produced during discovery. Defendants responded that the document "is an unfinished document" that "was never finalized or transmitted to the DHS Front Office."

Finalized or not, the document was responsive to Florida's discovery requests and was not disclosed in a privilege log. Florida now possesses the document and plans to rely on it at trial. The State therefore asks the Court to reopen discovery for

3

the limited purpose of deposing former Border Patrol Chief Rodney Scott, who appears on the "from" line of the document in question. Ex. 1 at 2.

## ARGUMENT

**I.     FLORIDA SATISFIES THE STANDARD TO REOPEN DISCOVERY**

A court may reopen discovery if a movant shows "good cause" to do so and can demonstrate "excusable neglect" necessitating the reopening of discovery. *See EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017); *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (explaining that both Rule 16 and Rule 6 apply to motions for an extension of a passed deadline). Courts look at four factors to determine whether a party has shown excusable neglect: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *EarthCam*, 703 F. App'x at 813.

Good Cause. Florida can demonstrate good cause to reopen discovery. The State should be given a full and fair opportunity to probe relevant information. *See Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("The Federal Rules of Civil Procedure strongly favor full discovery whenever possible."). And there can be no doubt the document, and any information Florida obtains by deposing its author, is relevant. The document describes DHS's apparent position

that Border Patrol agents "retain discretion" regarding whether to "place . . . migrants in [removal] proceedings." Ex. 1 at 3. The document also states that "persons will be *released* in accordance with local sector protocols to the fullest extent possible." *Id.* (emphasis added). In other words, the document contemplates committing the very violations of 8 U.S.C. § 1225 that Florida seeks to prove at trial. And it rebuts Defendants' assertion in their summary judgment motion that all releases are occurring under 8 U.S.C. §§ 1182(d)(5)(A) and 1226 rather than under the more nebulous concept of "[p]rosecutorial [d]iscretion." *Compare* Doc. 88-1 at 16, *with* Ex. 1 at 3. Even if not a final policy—and discovery is the best way to resolve that question—the mere fact that the Chief of Border Patrol believed there was a preference to release migrants in this manner is probative of the existence of the non-detention policy.

Moreover, Florida's failure to obtain this information before the close of discovery is not due to its lack of diligence. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (noting that good cause cannot be established if the moving party has not shown diligence). In fact, Florida only asks the Court to reopen discovery because of Defendants' failures. *See* Wright & Miller § 1522.2, *Modifying Scheduling Orders* (noting that good cause to modify a scheduling order may be established by "acts of the opposing party or by the opponent's failure to act"). As

5

explained above, the document received by Florida on September 30 is plainly responsive to Florida's first request for production. *See* Ex. 2 at 6.[3]

Based on conferrals, Florida understands Defendants to be asserting that the document is subject to the deliberative process privilege. But the fact that the document may have been subject to that privilege does not make the document non-responsive. As explained above, the document did not appear on a privilege log and counsel for Defendants represented that no other documents were withheld based on a privilege assertion. *See* Ex. 3 at 2.

Putting aside that the officials reviewing Florida's FOIA request reached a different conclusion on the privilege question, the document should have at a minimum been identified. Had Defendants done so, Florida may very well have challenged that privilege assertion. *See Fish & Wildlife Service v. Sierra Club, Inc.*, 141 S. Ct. 777, 788 (2021) (explaining that "whether an agency's position is final for purposes of the deliberative process privilege is a functional rather than formal inquiry"); *id.* (explaining that a draft is not deliberative if "an agency has hidden a functionally final decision in draft form"); *Protect Democracy Project, Inc. v. HHS*, 569 F. Supp. 3d 25, 41–42 (D.D.C. 2021) (explaining that deliberative documents

---

[3] The document is also likely responsive to several other discovery requests. But because the only relief Florida seeks is reopening discovery for limited purposes, Florida does not wish to over-complicate the matter.

6

with factual material should typically be redacted rather than withheld because factual material is not deliberative).

Excusable Neglect. For similar reasons, Florida easily satisfies all four factors for excusable neglect. There is little prejudice to Defendants, and the delay will be minimal. Florida only asks for a single deposition and does not ask the Court to move any other deadline. Because Florida has not moved for summary judgment on the merits, *see* Doc. 86 at 2, the document would only be used to refute Defendants' request for summary judgment on the non-detention policy. And even if the deposition takes place after summary judgment is fully briefed, Florida could file the transcript as a supplemental exhibit and allow a limited response by Defendants. *See Temploy, Inc. v. Companion Prop. & Cas. Ins. Co.*, No. 07-632, 2008 WL 4495782, at *5 (S.D. Ala. Oct. 6, 2008) (taking a similar approach and allowing limited reopening of discovery after newly produced evidence).

Moreover, because Florida only asks the Court to reopen discovery, the Court need not resolve whether Defendants' discovery failures are due to mere inadvertence or bad faith. All the Court need conclude is that Florida could not have learned of the document sooner and that Florida acted promptly after becoming aware of the document. The document was provided to Florida via FOIA on Friday, September 30, and Florida began conferring with Defendants on the next business day, Monday, October 3. *See Gilbert v. Morgan*, No. 3:08-cv-51, 2009 WL 3230335,

at *1 (N.D. Fla. Sept. 25, 2009) (finding excusable neglect where party had learned of new evidence necessitating further depositions eight months after the close of discovery).

## II. THE ARGUMENTS DEFENDANTS ARE LIKELY TO ADVANCE AGAINST REOPENING DISCOVERY FAIL

Florida has only received a limited explanation for why the document was not produced. But Florida believes that question is ultimately irrelevant to this motion because Florida only asks the Court to reopen discovery, not to impose any sanction. Out of an abundance of caution, however, Florida responds to arguments Defendants may raise.

First, Defendants may point out that they objected to a separate discovery request regarding the notice to report policy. Doc. 2 at 9–10. But the fact that Defendants objected to one discovery request has no bearing on whether a document is responsive to a different discovery request. While Florida dropped its separate challenge to the notice to report policy, it continues to believe that the policy is relevant to whether a broader non-detention policy exists. *See* Doc. 86 at 1–2, 5. And anyway, the document is plainly responsive to Florida's request for "documents reflecting belief by [DHS] or [its] employees that [DHS] has discretion to release, rather than detain, inadmissible aliens entering the United States from the Southern border." Ex. 2 at 6. Defendants purported to provide responsive documents to that request and did not object on relevance grounds. *Id.* at 6–8.

Second, Defendants may argue that they intend to continue pressing their deliberative process privilege position notwithstanding their public disclosure of the document. *But see Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 501 (2009) (explaining that a FOIA production "can provide the basis for a waiver"); *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 411 (2011) (explaining that FOIA responses are a form of "public disclosure"); *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 699 (N.D. Ga. 2007) (explaining that waiver applies when a responsive document is not produced and is not identified in a privilege log). Florida submits, however, that any privilege issues can be worked out in the ordinary course. At this point, Florida only asks the Court to reopen discovery.

Finally, Defendants may wish to raise arguments regarding whether former Border Patrol Chief Rodney Scott is subject to a deposition. Any such argument, however, is beyond the limited scope of the relief Florida seeks here (reopening discovery) and has already been rejected by Judge Bolitho in any event. *See* Doc. 82. Florida also notes that Defdendants filed no objections to that order with this Court.

## CONCLUSION

For these reasons, the Court should reopen discovery for the limited purpose of allowing one deposition by Florida. The Court should also enter an order expediting Defendants' response time to seven days.

>Respectfully submitted,
>
>Ashley Moody
>ATTORNEY GENERAL
>
>John Guard (FBN 374600)
>CHIEF DEPUTY ATTORNEY GENERAL
>
>/s/ James H. Percival
>James H. Percival (FBN 1016188)
>DEPUTY ATTORNEY GENERAL OF LEGAL POLICY
>
>Henry C. Whitaker (FBN 1031175)
>SOLICITOR GENERAL
>
>Natalie P. Christmas (FBN 1019180)
>ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY
>
>Anita Patel (FBN 1029143)
>SENIOR ASSISTANT ATTORNEY GENERAL
>
>Karen Brodeen (FBN 512771)
>SPECIAL COUNSEL
>
>Bilal Faruqui (FBN 15212)
>SENIOR ASSISTANT ATTORNEY GENERAL
>
>Office of the Attorney General
>The Capitol, Pl-01
>Tallahassee, Florida 32399-1050
>(850) 414-3300
>(850) 410-2672 (fax)
>james.percival@myfloridalegal.com
>
>*Counsel for the State of Florida*

**Rule 7.1(B) Certification**: Counsel for Florida emailed counsel for Defendants regarding the document in question on October 3. Defendants take the position that the document need not have been produced in discovery. On the afternoon of October 5, Florida asked Defendants for their position regarding reopening discovery. Florida represented that it planned to file this motion today, October 6,

and asked for a response by noon. Florida still has not received a response. And for the reasons explained above, time is of the essence.

**Rule 7.1(F) Certification**: The applicable portions of this document contain 2,076 words.

## CERTIFICATE OF SERVICE

I certify that on October 6, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ James H. Percival*
Deputy Attorney General