# EXHIBIT 1

Exhibit 1 - 001

(b)(7)(E)

| | |
|---|---|
| MEMORANDUM FOR: | Troy A. Miller<br>Senior Official Performing the Duties of the Commissioner<br>U.S. Customs and Border Protection |
| FROM: | Rodney S. Scott<br>Chief<br>U.S. Border Patrol |
| SUBJECT: | Notice to Report |

As of the date of this memorandum, U.S. Border Patrol (USBP) is interdicting more than 5000 individuals illegally entering the United States along the Southwest Border (SWB) each day. In additional to this, agents are responding to approximately 1600 additional suspected illegal incursions that result in individuals either fleeing to Mexico or getting away into the U.S. For example, today's early morning report indicates that on 6/15/2021, 5270 individuals were stopped/interdicted, 406 fled back to Mexico and 1,116 got a way.

While these numbers are significant on face value, they fail to adequately capture the secondary effects and the increasing erosion of border security. Each interdiction equates to an increase in secondary administrative functions to include transporting, processing, and monitoring individuals until they are transferred, removed or released. Increasingly this combination has resulted in (b)(7)(E)
(b)(7)(E)

(b)(7)(E)

*To maintain border security while ensuring that we appropriately care for those in our custody…*

(b)(7)(E)

USBP will issue a NTR when at least one of the following triggers are met:

(b)(7)(E)

Exhibit 1 - 002

CBP FOIA 0000328

Notice to Report
Page 2

Pursuant to 8 C.F.R. § 287.3, Border Patrol Agents (BPAs) retain discretion to place a removable migrants in proceedings. BPAs will consider whether the migrants poses a threat to national security, border security, or heightened public safety risk, as outlined in the January 20, 2021 memorandum *Review of and Interim Revision to Civil Immigration Enforcement and Removal Policies and Priorities* from Acting Secretary Pekoske. Under no circumstances will a migrants who claims to be, is suspected to be, or is determined to be an Unaccompanied Child as defined by 6 U.S.C. § 279(g)(2), be processed for release with an NTR.

Processing a migrants for NTR without entering them into proceedings is not taken lightly. Only under the circumstances outlined above will BPAs consider using their discretionary authority. All migrants processed for an NTR will be searched and enrolled into the biometric system. Subjects will have their biographic, family, entry, arrest, United States destination address, and release information documented on the I-213 narrative. The custody redetermination for migrants released with a NTR will fall under "Prosecutorial Discretion" and any current removal proceedings in which the subject is enrolled will be documented. Once an NTR is issued, persons will be released in accordance with local sector protocols to the fullest extent possible.

**Exhibit 1 - 003**