# EXHIBIT 2

Exhibit 2 - 001

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

|  |  |  |
|---|---|---|
| STATE OF FLORIDA, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 3:21-cv-01066 |
| The UNITED STATES OF AMERICA, *et al.*, | ) | |
| *Defendants.* | ) | |

# DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 2 - 002

Pursuant to Federal Rule of Civil Procedure 34, Defendants hereby submit their Objections and Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant U.S. Department of Homeland Security ("DHS").

## GENERAL STATEMENT

Defendants' objections are based on the information known to Defendants at this time and are made without prejudice to assertion of additional objections should Defendants identify additional grounds for objection.  Defendants reserve the right to supplement, clarify, revise, or correct any or all of their responses to Plaintiffs' Request for Production.  By answering any Requests, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information provided, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

Further, Defendants continue to maintain that discovery is not appropriate concerning the Parole Plus Alternatives to Detention (Parole+ATD) policy because Plaintiff's challenges to that policy must be governed by review of the Certified

2

Exhibit 2 - 003

Administrative Record. "The focal point for judicial review of an administrative agency's action should be the administrative record." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The Eleventh Circuit requires that there be "a strong showing of bad faith or improper behavior" by the agency in order to "justify the district court going beyond the administrative record." *Alabama-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007). Plaintiff has not alleged or argued that any exception to the record rule applies to their claims.

Defendants object to Plaintiffs' general failure to limit the time period of their production requests. Such unbounded requests are overbroad and not proportional to the needs of the case, especially given Plaintiff's contention that the challenged detention and parole practices are due to policies and choices made by the current Administration. Accordingly, except where Defendants identify responsive documents pertaining to policies or practices preceding this date that are still operational and in effect, Defendants will interpret the relevant time period to run from January 20, 2021 until the First Amended Complaint was filed on February 2, 2022. Identifying additional responsive materials outside of this time period be both irrelevant to the claims at issue in this case and would require substantial additional

**Exhibit 2 - 004**

costs that are not proportional to any possible marginal relevance of those materials to this litigation.

Defendants also object to the use and scope of the term "inadmissible" noncitizen.  This term encompasses many categories of noncitizens removable on several bases and encountered anywhere within the United States even if at one time they "illegally crossed the United States border." *See, e.g.*, 8 U.S.C. § 1182(a). However, Plaintiff in this case challenges only the release of noncitizens recently apprehended at the Southwest border, a subset of all "inadmissible" noncitizens governed by 8 U.S.C. § 1225(b). Discovery regarding policies and practices pertaining all inadmissible noncitizens is irrelevant and disproportionate to the needs of the case. Accordingly, except where otherwise indicated, responses to requests referring to "inadmissible" noncitizens address only those noncitizens subject to section 1225(b) and corresponding policies and procedures.

Finally, inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any

4

**Exhibit 2 - 005**

proceeding in this litigation or otherwise. Any material produced is produced pursuant to the terms of the parties' stipulated protective order.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents reflecting belief by the Department or their employees that the Department has discretion to release, rather than detain, inadmissible aliens entering the United States from the Southern border.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 1:**

Defendants object to Request No. 1 on the grounds that it is overbroad, not proportional to the needs of the case, unduly burdensome, and not sufficiently limited in time or scope, as the request does not place a time limit for documents sought, and purports to seek documents related to the "belief" of all employees of DHS. Further, an employees' individual "belief" is not relevant to Florida's challenge to DHS policies, and documents that reveal the agency's internal opinions and deliberations concerning policy decisions are protected from discovery by the deliberative process privilege. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

To the extent this request seeks material pertaining to the Parole+ATD policy, Defendants also object on the grounds that discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record

**Exhibit 2 - 006**

with respect to that policy.  *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).  The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 or that are currently operative, Defendants refer Plaintiff to: (1) Title 8 of the United States Code and accompanying legislative materials, and 8 C.F.R. § 212.5 (both publicly available); and (2) the certified administrative record, produced to Plaintiff on April 20, 2022 (the "certified administrative record"), AR 001-0031; and (3) ICE Policy Directive No. 11002.1 (Dec. 8, 2009), USA000032-41, and (4) ICE Enforcement and Removal Operations, "Updated Guidance: Implementation of the Modified Nationwide Preliminary Injunction in Padilla v. ICE, No. 18-928, 2019 WL 2766720 (W.D. Wash. July 2, 2019)", USA000042-47, identified in Plaintiff's Amended Initial Disclosures and produced on April 20, 2022 (collectively "Initial Disclosure Documents").

Further, Defendants will produce: (1) CBP, Parole of Inadmissible Nonimmigrant Aliens (Dec. 16, 2014), USA000091-92; (2) CBP, Parole of Inadmissible Nonimmigrant Aliens (Nov. 19, 2014), USA000093; (3) CBP, Paroling

**Exhibit 2 - 007**

Arriving Fugitive (Aug. 8, 2012), USA000094; (4) CBP, Parole of Inadmissible Nonimmigrant Aliens (May 12, 2015), USA000095-96; and (5) CBP Directive No. 3340-043 (Sept. 3, 2008), USA000097-000110 (collectively "CBP Parole Documents").  Defendants have not identified in their custody or control and are not producing any further responsive documents at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents disclosing or discussing a policy by the Department of releasing inadmissible aliens entering the United States from the Southern Border.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2:**

Defendants object to Request No. 2 on that grounds that it is vague, confusing, overbroad, unduly burdensome, and not sufficiently limited in time or scope. This request seeks documents that reveal the agency's internal deliberations and discussions, which are protected from discovery by the deliberative process privilege. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

To the extent this request seeks material pertaining to the Parole+ATD policy, Defendants also object on the grounds that discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy.  *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S.*

**Exhibit 2 - 008**

*Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 or currently in operation, Defendants refer Plaintiff to the certified administrative record and Initial Disclosure Documents and will produce the CBP Parole Documents, USA00091-000110.  Defendants have not identified in their custody or control and are not producing any further responsive documents at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 3:

Any and all documents disclosing or discussing a policy by the Department of issuing "notices to report" rather than charging documents to inadmissible aliens subject to removal from the United States.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 3:

Defendants object to Request No. 3 on the grounds that it is vague, confusing, overbroad, unduly burdensome, and not sufficiently limited in time or scope. Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff amended its complaint and no longer challenges the

8

**Exhibit 2 - 009**

discontinued Notice to Report processing pathway. ECF No. 16 ¶¶ 13, 51-52.  For these reasons, Defendants are not producing anything in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 4:

Any and all documents reflecting instructions to the Department's employees regarding how to exercise the Department's parole authority under 8 U.S.C. § 1182(5)(A) with respect to inadmissible aliens entering the United States from the Southern border.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 4:

Defendants object to Request No. 4 on the grounds that it is vague, overbroad, unduly burdensome, and not sufficiently limited in time or scope. Defendants also object to the extent this request seeks law-enforcement sensitive communications to Defendants' employees not appropriate for public disclosure. *See, e.g.*, *Kahn v. United States,* No. 13-24366-CIV, 2015 WL 3644628, at *2 (S.D. Fla. June 10, 2015) (describing privilege "prevent[ing] disclosure of law enforcement techniques and procedures").

To the extent this request seeks material pertaining to the Parole+ATD policy, Defendants also object on the grounds that discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S.*

**Exhibit 2 - 010**

*Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

Subject to, and without waiving these objections, Defendants refer Plaintiff to the Initial Disclosure Documents, and will produce the CBP Parole Documents, USA00091-000110, and ICE ERO email dated Nov. 17, 2021, entitled "Parole of Arriving Noncitizens Considered for Release," USA000048-49. Defendants have not identified in their custody or control and are not producing any further responsive documents at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 5:

Any and all documents reflecting the administrative record for any policies identified in response to above Requests 1-4.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 5:

Defendants object to Request No. 4 on the grounds that it is vague, overbroad, unduly burdensome, and not sufficiently limited in time or scope.

Defendants have already produced the administrative record for the Parole+ATD policy. Defendants object to any further discovery requests concerning the Parole+ATD policy, because the case is limited to the administrative record with

**Exhibit 2 - 011**

respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

Further, the only relevant administrative record is that for Parole+ATD. Plaintiff does not challenge the *Padilla* guidance or ICE Policy Directive No. 11002.1 (identified in response to Requests No. 1 – 4 above), the CBP Parole Documents predate the period challenged in this case (January 20, 2021 onward) and do not represent separate decisional documents with corresponding administrative records, and the ICE ERO email dated Nov. 17, 2021 also is not a separate decisional document with corresponding record. Searching for and producing any possible record materials for these documents, not the subject of this case, would be irrelevant and tangential to the claims actually at issue here and represent an undue burden disproportionate to the needs of this case. *See, e.g.*, *Audubon Soc'y of Portland v. Zinke*, No. 117-cv-00069, 2017 WL 6376464, at *4-5 (D. Or. Dec. 12, 2017) (inclusion of a particular document the agency considered does not mean record must include all other documents related to or cited in that document); *Cape Hatteras Access Pres. All. v. Dep't of Interior*, 667 F. Supp. 2d 111, 113 (D.D.C. 2009) (agency's consideration of a document in one decision does not mean it must

**Exhibit 2 - 012**

be included in record for later decision even if two decisions are related or address similar issue).

For these reasons, Defendants are not producing anything in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 6:

Any and all documents discussing the Department's actions or plans for action concerning immigration detention capacity, including any considerations of reductions to such capacity.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 6:

Defendants object to Request No. 6 on the grounds that it is vague, overbroad, unduly burdensome, and not limited in time or scope. Further, this Request seeks documents regarding internal agency "plans," which are shielded from discovery by the deliberative-process privilege. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). This Request is also wholly irrelevant to Plaintiff's claims, which argue that detention capacity is an impermissible consideration in paroling a noncitizen, regardless of the size of the detention capacity, which this Request is aimed at. Given this Request's irrelevance, production in response would be disproportionate to the needs of the case.

To the extent this request seeks material pertaining to the Parole+ATD policy, Defendants also object on the grounds that discovery regarding the Parole+ATD

12

**Exhibit 2 - 013**

policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

Accordingly, Defendants are not producing anything in response to this Request at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 7:

Any and all documents discussing the use of a lack of detention capacity as a rationale for reduction in immigration enforcement by the Department or its sub-agencies.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 7:

Defendants object to Request No. 7 on the grounds that it is vague, confusing, overbroad, unduly burdensome, assumes facts not established, not limited in time or scope, and not relevant to any parties' claims or defenses. The vast run of "immigration enforcement" policies and actions is not being challenged in this case, just detention and parole. Defendants further object to the extent this request seeks protected agency deliberations, *see Dep't of Interior v. Klamath Water Users*

**Exhibit 2 - 014**

*Protective Ass'n*, 532 U.S. 1, 8 (2001), or law-enforcement sensitive material, *see Kahn v. United States,* No. 13-24366-CIV, 2015 WL 3644628, at *2 (S.D. Fla. June 10, 2015). In attempt to interpret this Request in non-privileged manner relevant and proportional to the claims at issue in this case, Defendants understand "immigration enforcement" to refer to detention and parole practices and understand "use of a lack of detention capacity as a rationale for reduction in immigration enforcement" to request policies that rely on lack of detention capacity as a basis for parole.

Based on those understandings, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the certified administrative record and Initial Disclosure Documents, and will be producing the following: Victor X. Cerda, U.S. ICE, ICE Transportation, Detention and Processing Requirements 2 (Jan. 11, 2005) ("Cerda Memo"), USA000050-55; and ICE ERO email dated Aug. 5, 2021, entitled "Haiti Temporary Protected Status - Update," USA000056-57.

Defendants are not producing anything else in response to this Request. The search for any further documents referencing detention capacity as a basis for release from detention is not proportional to the needs of the case because the burden and expense of searching for these documents, which may not exist, far outweigh any likely benefit to Plaintiffs.

14

**Exhibit 2 - 015**

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents reflecting consideration by the Department or its employees of increasing detention capacity, including documents considering how such an increase might undermine the rationale for the immigration policies of the Biden Administration.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:**

Defendants object to Request No. 8 on the grounds that it is vague, overbroad as it purportedly seeks documents relating to all Department employees, assumes facts not established, is not sufficiently limited in time or scope, is confusing as to what Plaintiff's mean by "reflecting consideration", and is unduly burdensome. Further, this Request is argumentative and inappropriate in tone. This request also seeks documents that reveal the agency's internal "considerations," which are protected from discovery by the deliberative process privilege. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Defendants also object on the grounds that this request is not proportional to the needs of the case because the burden and expense of searching for these irrelevant documents far outweigh any likely benefit to Plaintiffs.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents within their custody or control dating from the operative time period addressing "consideration

**Exhibit 2 - 016**

… of increasing detention capacity."  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents disclosing or discussing the number of inadmissible aliens entering the United States through the Southern border whom the Department has paroled under 8 U.S.C. § 1182(5)(A).[1]

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9:**

Defendants object to Request No. 9 on the grounds that it is vague, overbroad, not sufficiently limited in time or scope, and unduly burdensome.  Defendants also object on the grounds that this request, which seeks "any and all documents … discussing the number of inadmissible aliens entering the Unites States through the Southern border" without time limitation or limitation on the scope of "inadmissible" noncitizens to those falling under section 1225(b) at issue in this case, is not proportional to the needs of the case because the burden and expense of searching for these documents far outweigh any likely benefit to Plaintiffs.

To the extent this request seeks material pertaining to the Parole+ATD policy, Defendants also object on the grounds that discovery regarding the Parole+ATD

---

[1] Defendants interpret this inaccurate citation to actually refer to 8 U.S.C. § 1182(d)(5)(A).

16

**Exhibit 2 - 017**

policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 and addressing inadmissible noncitizens subject to section 1225(b), Defendants refer Plaintiff to the certified administrative record; statistics made publicly available on CBP's website, https://www.cbp.gov/newsroom/stats/custody-and-transfer-statistics; publicly available monthly reporting by DHS in *Texas v. Biden*, No. 21-cv-00014 (N.D. Tex.); and DHS's monthly Migrant Protection Protocols Cohort Reports to Congress, available at https://www.dhs.gov/immigration-statistics/special-reports/migrant-protection-protocols-report. Defendants will be producing nothing else at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents disclosing or discussing the number of individuals to whom the Department has issued a "notice to report."

**Exhibit 2 - 018**

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10:**

Defendants object to Request No. 3 on the grounds that it is overbroad, unduly burdensome, and not sufficiently limited in time or scope.  Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff amended its complaint and no longer challenges the discontinued Notice to Report processing pathway. ECF No. 16 ¶¶ 13, 51-52.  For these reasons, Defendants are not producing anything in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents that disclose or discuss the anticipated effect of the Department's September 30, 2021, enforcement guidance on the Department's detention capacity.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 11:**

Defendants object to Request No. 11 on the grounds that it is vague, confusing, overbroad, not sufficiently limited in time or scope, and unduly burdensome. This Request also seeks documents concerning Defendants' "anticipat[ions]", *i.e.,* internal deliberations and discussions that are protected from discovery by the deliberative process privilege. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff does not challenge the September 30, 2021 enforcement priorities guidance, which

**Exhibit 2 - 019**

does not address or even mention detention or parole. Defendants also object because Plaintiff has a parallel suit against Defendants in Alabama actually challenging the 2021 enforcement priorities guidance. *Alabama, et al. v. Mayorkas, et al.*, No. 4:22-cv-00418-CLM (N.D. Ala. filed Apr. 4, 2022). The record pertaining to this guidance is available, if at all, in that case, and discovery into the guidance, not challenged in this case, is inappropriate here.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents in their custody or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents that disclose or discuss the anticipated effect of the Department's September 30, 2021, enforcement guidance on the volume of immigration enforcement actions.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 12:**

Defendants object to Request No. 12 on the grounds that it is vague, confusing, overbroad, not sufficiently limited in time or scope, and unduly burdensome. This Request also seeks documents concerning Defendants' "anticipat[ions]", *i.e.,* internal deliberations and discussions that are protected from discovery by the deliberative process privilege. *See Dep't of Interior v. Klamath*

19

**Exhibit 2 - 020**

*Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).  In particular, "the volume of immigration enforcement actions" is vague, undefined and therefore confusing as to its meaning. Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff does not challenge the September 30, 2021 enforcement priorities guidance, which does not address or even mention detention or parole. Defendants also object because Plaintiff has a parallel suit against Defendants in Alabama actually challenging the 2021 enforcement priorities guidance. *Alabama, et al. v. Mayorkas, et al.*, No. 4:22-cv-00418-CLM (N.D. Ala. filed Apr. 4, 2022). The record pertaining to this guidance is available, if at all, in that case, and discovery into the guidance, not challenged in this case, is inappropriate here.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents in their custody or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 13:

Any and all documents that disclose or discuss the anticipated effect of the Department's September 30, 2021, enforcement guidance on the Department's use of its parole authority under 5 U.S.C. § 1182(d)(5)(A).

## OBJECTIONS AND RESPONSE TO REQUEST NO. 13:

**Exhibit 2 - 021**

Defendants object to Request No. 13 on the grounds that it is vague, confusing, overbroad, not sufficiently limited in time or scope, and unduly burdensome. This Request also seeks documents concerning Defendants' "anticipat[ions]", *i.e.,* internal deliberations and discussions that are protected from discovery by the deliberative process privilege. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff does not challenge the September 30, 2021 enforcement priorities guidance, which does not address or even mention detention or parole. Defendants also object because Plaintiff has a parallel suit against Defendants in Alabama actually challenging the 2021 enforcement priorities guidance. *Alabama, et al. v. Mayorkas, et al.*, No. 4:22-cv-00418-CLM (N.D. Ala. filed Apr. 4, 2022). The record pertaining to this guidance is available, if at all, in that case, and discovery into the guidance, not challenged in this case, is inappropriate here.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents in their custody or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

**Exhibit 2 - 022**

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents that disclose or discuss the anticipated effect of the Department's September 30, 2021, enforcement guidance on the Department's decision to issue "notices to report" rather than charging documents.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 14:**

Defendants object to Request No. 14 on the grounds that it is vague, confusing, overbroad, not sufficiently limited in time or scope, and unduly burdensome.  Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff amended its complaint and no longer challenges the discontinued Notice to Report processing pathway. ECF No. 16 ¶¶ 13, 51-52. Further, Plaintiff does not challenge the September 30, 2021 enforcement priorities guidance, which does not address or even mention detention or parole. Defendants also object because Plaintiff has a parallel suit against Defendants in Alabama actually challenging the 2021 enforcement priorities guidance. *Alabama, et al. v. Mayorkas, et al.*, No. 4:22-cv-00418-CLM (N.D. Ala. filed Apr. 4, 2022). The record pertaining to this guidance is available, if at all, in that case, and discovery into the guidance, not challenged in this case, is inappropriate here.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents in their custody

**Exhibit 2 - 023**

or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents that discuss the content of any training that has been or will be conducted as contemplated by the Department's September 30, 2021, enforcement guidance.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 15:**

Defendants object to Request No. 15 on the grounds that it is vague, overbroad, not sufficiently limited in scope, and unduly burdensome as it seeks "all documents that discuss the content of any training" that has been held or will be held in the future without limitation. To the extent this Request seeks documents concerning trainings that have not been conducted but are only being planned or contemplated for the future, it seeks privileged documents that reveal the agency's internal deliberations, which are protected from discovery by the deliberative process privilege. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Defendants further object because Plaintiff has a parallel suit against Defendants in Alabama actually challenging the 2021 enforcement priorities guidance. *Alabama, et al. v. Mayorkas, et al.*, No. 4:22-cv-00418-CLM

**Exhibit 2 - 024**

(N.D. Ala. filed Apr. 4, 2022). The record pertaining to this guidance is available, if at all, in that case, and discovery into the guidance, not challenged in this case, is inappropriate here.

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 and addressing inadmissible noncitizens subject to section 1225(b), Defendants will produce: ICE Academy, "Foundational Training for Guidelines for the Enforcement of Civil Immigration Law," USA000091–000134. Defendants have not identified in their custody or control and are not producing any further responsive documents at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 16:

Any and all documents disclosing or discussing the transportation of inadmissible aliens entering the United States from the Southern border who have been released into the United States rather than detained or removed, whether by government or nongovernment officials, including the States and locations within those states to which such persons may be transported.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 16:

Defendants object to Request No. 16 on the grounds that it is vague, overbroad, confusing, compound, not sufficiently limited in time or scope, and

**Exhibit 2 - 025**

unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case. The transportation of noncitizens is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens, not their transportation after release. This request therefore is not proportional to the needs of the case because the burden and expense of searching for such irrelevant documents, which may not exist, far outweigh any likely benefit to Plaintiffs.

Defendants also object on the grounds that, to the extent this Request seeks information about individual noncitizens, this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent that Plaintiff seeks documents pertaining to the movement of individual noncitizens, Plaintiff seeks information protected from disclosure given the privacy interests of the individuals at issue, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, and directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 5 U.S.C. § 552a; 8 U.S.C.

25

**Exhibit 2 - 026**

§§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents in their custody or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 17:

Any and all documents that disclose or discuss the existence of inadmissible aliens entering the United States from the Southern border who have been released into the United States.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 17:

Defendants object to Request No. 17 on the grounds that it is vague, confusing, overbroad, not limited in time or scope, and unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case, and therefore is not proportional to the needs of the case.

**Exhibit 2 - 027**

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent that Plaintiff seeks documents that would identify or otherwise reference individual noncitizens, Plaintiff seeks information protected from disclosure given the privacy interests of the individuals at issue, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, and directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 5 U.S.C. § 552a;  8  U.S.C.  §§  1160(b)(5),(6);  1186a(c)(4);  1202(f);  1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R.  §§  208.6;  210.2(e);  214.11(e);  214.14(e);  216.5(e)(3)(iii);  236.6;  244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants  to  civil  or  criminal  penalties  or  other  sanctions  in  the  event  of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 or currently

**Exhibit 2 - 028**

in operation, and addressing inadmissible noncitizens subject to section 1225(b), Defendants refer Plaintiff to the certified administrative record; statistics made publicly available on CBP's website, https://www.cbp.gov/newsroom/stats/custody-and-transfer-statistics; publicly available monthly reporting by DHS in *Texas v. Biden*, No. 21-cv-00014 (N.D. Tex.); and DHS's monthly Migrant Protection Protocols Cohort Reports to Congress, available at https://www.dhs.gov/immigration-statistics/special-reports/migrant-protection-protocols-report. Further, Defendants will produce the CBP Parole Documents, USA000091-000110. Discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 18:

Any and all documents that disclose or discuss the number of inadmissible aliens entering the United States from the Southern border who have been released into Florida.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 18:

Defendants object to Request No. 18 on the grounds that it is vague, confusing, overbroad, not limited in time or scope, and unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case, and therefore is not proportional to the needs of the case.

**Exhibit 2 - 029**

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties. To the extent that Plaintiff requests putative documents tracking the movements of individual noncitizens into Florida, Plaintiff seeks information protected from disclosure given the privacy interests of the individuals at issue, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, and directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 5 U.S.C. § 552a; 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents in their custody

**Exhibit 2 - 030**

or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 19:

Any and all documents that discuss or disclose or discuss the existence of inadmissible aliens entering the United States from the Southern border who the Department knows or has reason to believe have resettled in Florida.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 19:

Defendants object to Request No. 19 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in time or scope, and unduly burdensome.  Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case, and therefore is not proportional to the needs of the case. Defendants further object on the grounds that this request seeks information related to purported injury to Plaintiff, and thus is information more available to Plaintiff. Documents equally accessible to all parties are not discoverable. *See, e.g., Thomas v. The City of Jacksonville*, No. 3:13-CV-776-J-39PDB, 2014 WL 12708970, at *1 (M.D. Fla. July 16, 2014); *Amerisure Ins. Co. v. FCCI Ins. Co.*, No. 8:18-CV-3042-T-24SPF, 2019 WL 8358710, at *3 (M.D. Fla. Nov. 6, 2019).

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights

**Exhibit 2 - 031**

of non-parties.  To the extent that Plaintiff requests putative documents tracking the movements of individual noncitizens into Florida, Plaintiff seeks information protected from disclosure given the privacy interests of the individuals at issue, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, and directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 5 U.S.C. § 552a; 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Defendants will not be producing any documents in response to this request, both due to the statutory prohibitions on release of individual noncitizen information and because "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The requested information is irrelevant: the

31

**Exhibit 2 - 032**

movement and location of noncitizens within the United States occurs subsequent to their allegedly unlawful release at the border and has no bearing on that detention decision, which is the subject of this suit. The extreme burden of manually searching agency records to determine whether noncitizens accurately reported addresses and whether those noncitizens and addresses fall within the parameters of this case is disproportional to the benefit of this irrelevant information for determining the claims at issue in this case. *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 533538, at *2 (N.D. Fla. Feb. 12, 2021) (discovery request was unduly burdensome where it would require searches through thousands of agency records for particular individuals and "would involve information protected by the Privacy Act and" HIPAA).

## REQUEST FOR PRODUCTION NO. 20:

Any and all documents that discuss or disclose the number of inadmissible aliens who the Department knows or has reason to believe have resettled in Florida.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 20:

Defendants object to Request No. 20 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in time or scope, and unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case, and therefore is not proportional to the needs of the case. Defendants

**Exhibit 2 - 033**

further object on the grounds that this request seeks information related to purported injury to Plaintiff, and thus is information more available to Plaintiff. Documents equally accessible to all parties are not discoverable. See, e.g., *Thomas v. The City of Jacksonville*, No. 3:13-CV-776-J-39PDB, 2014 WL 12708970, at *1 (M.D. Fla. July 16, 2014); *Amerisure Ins. Co. v. FCCI Ins. Co.,* No. 8:18-CV-3042-T-24SPF, 2019 WL 8358710, at *3 (M.D. Fla. Nov. 6, 2019).

Defendants also object on the grounds that this Requests seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent that Plaintiff requests putative documents tracking the movements of individual noncitizens into Florida, Plaintiff seeks information protected from disclosure given the privacy interests of the individuals at issue, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, and directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 5 U.S.C. § 552a; 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8

**Exhibit 2 - 034**

C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified and will not be producing any responsive documents.   Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 22[2]:

Any and all documents reflecting the likely address in the United States of inadmissible aliens entering the United States from the Southern border who have been released into the United States rather than detained or removed. To the extent that specific locations may properly be withheld, provide state-level information.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 22:

Defendants object to Request No. 22 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in time or scope, and unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in

---

[2] Defendants note that Plaintiff's Requests do not contain a "Request for Production No. 21."

**Exhibit 2 - 035**

this case, and therefore is not proportional to the needs of the case. Further, the addresses or states of residence noncitizens is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens, not their activities after release, and production in response to this request would be disproportionate to the needs of this case.

Defendants also object on the grounds that this Requests seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties. To the extent that Plaintiff requests putative documents containing information regarding the address or location of individual noncitizens, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5), (6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4), (5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e);

**Exhibit 2 - 036**

216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6),

many of which would subject Defendants to civil or criminal penalties or other

sanctions in the event of unauthorized disclosure.

Defendants will not be producing any documents in response to this request,

both due to the statutory and common-law restrictions on release of individual

noncitizen information, cited above, and because "the burden or expense of the

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The

requested information is irrelevant: the movement and location of noncitizens

within the United States occurs subsequent to their allegedly unlawful release at

the border and has no bearing on that detention decision, which is the subject of

this suit. The extreme burden of manually searching agency records to determine

whether noncitizens accurately reported addresses and whether those noncitizens

and addresses fall within the parameters of this case is disproportional to the

benefit of this irrelevant information for determining the claims at issue in this

case.  *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No.

3:19MD2885, 2021 WL 533538, at *2 (N.D. Fla. Feb. 12, 2021) (discovery request

was unduly burdensome where it would require searches through thousands of

**Exhibit 2 - 037**

agency records for particular individuals and "would involve information protected by the Privacy Act and" HIPAA).

## REQUEST FOR PRODUCTION NO. 23:

Any and all documents disclosing or discussing the number of aliens subject to mandatory detention, such as under 8 U.S.C. §§ 1226(c), 1225(b), or 1231(a)(2), whom the Department nonetheless decided to release into the interior of the United States.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 23:

Defendants object to Request No. 23 on the grounds that it is vague, overbroad, not sufficiently limited in time or scope, and unduly burdensome. Defendants also object on the grounds that this request, which seeks "any and all documents disclosing or discussing the number of aliens subject to mandatory detention" without time limitation, is not proportional to the needs of the case because the burden and expense of searching for such documents far outweigh any likely benefit to Plaintiffs. Further, Plaintiff does not challenge detention under sections 1226 or 1231 in this case, and documents pertaining to those detention practices are wholly irrelevant and beyond the scope of this case.

To the extent this request seeks material pertaining to the Parole+ATD policy, Defendants also object on the grounds that discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record

**Exhibit 2 - 038**

with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 and addressing inadmissible noncitizens subject to section 1225(b), and interpreting this Request to not address court-ordered releases, Defendants refer Plaintiff to the certified administrative record; statistics made publicly available on CBP's website, https://www.cbp.gov/newsroom/stats/custody-and-transfer-statistics;         publicly available monthly reporting by DHS in *Texas v. Biden*, No. 21-cv-00014 (N.D. Tex.); and DHS's monthly Migrant Protection Protocols Cohort Reports to Congress,     available     at     https://www.dhs.gov/immigration-statistics/special-reports/migrant-protection-protocols-report. Defendants will be producing nothing else in response to this Request at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

**Exhibit 2 - 039**

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents, including Passenger Name Record data and flight manifests, disclosing information about flights with alien passengers which transported them to or through airports within Florida since January 20, 2021.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 24:**

Defendants object to Request No. 24 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in time or scope, and unduly burdensome as it seeks information about any flight "with alien passengers" which passed through an airport located in Florida.  Further, the requested flight data is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens, not their flights or other activities after release, and production in response to this request would be disproportionate to the needs of this case. Also, this request is overbroad and largely irrelevant in that the request seeks all passenger information and flight manifests, encompassing nonresponsive documents concerning noncitizens in ICE custody who are being transported between detention facilities or during the execution of their removal orders, neither of which circumstances are at issue in this case.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent that Plaintiff seeks documents tracking the movements

**Exhibit 2 - 040**

of individual noncitizens, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5), (6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4), (5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified and will not be producing any responsive documents. Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 25:**

**Exhibit 2 - 041**

Any and all documents disclosing information about aliens who were transported by bus to locations within or through Florida, since Jan 20, 2021,

**OBJECTIONS AND RESPONSE TO REQUEST NO. 25:**

Defendants object to Request No. 25 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in time or scope, and unduly burdensome as it seeks information about any noncitizens which passed through Florida by bus.  Further, the requested information is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens, not their bussing or other activities after release, and production in response to this request would be disproportionate to the needs of this case. In addition, Plaintiffs do not challenge the ground transportation of noncitizens who are in ICE custody during the transport, such as a transfer between detention facilities, and thus, the request as it relates to the detained transports is irrelevant.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent that Plaintiff seeks putative documents tracking the movement of individual noncitizens, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY,

**Exhibit 2 - 042**

2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5), (6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4), (5); 1304(b); and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified and will not be producing any responsive documents.   Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 26:

Any and all documents disclosing information about aliens who were transported to locations within or through Florida with financial or administrative assistance of the Biden Administration or a contractor working for the Biden Administration.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 26:

**Exhibit 2 - 043**

Defendants object to Request No. 26 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in time or scope, and unduly burdensome as it seeks information about any noncitizens who "were transported to locations within or through Florida." Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens, not their transportation or other activities after release, and production in response to this request would be disproportionate to the needs of this case.

Defendants also object on the grounds that it seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent that Plaintiff seeks putative documents pertaining to the movement of or government aid to individual noncitizens, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen

**Exhibit 2 - 044**

information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified and will not be producing any responsive documents.   Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 27:

Any and all documents showing arrests in the United States of aliens who were found to have criminal histories.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 27:

Defendants object to Request No. 27 on the grounds that it is overbroad, not limited in time or scope in any way, seeks documents not relevant to any parties' claims or defenses, and unduly burdensome as it purports to seek all arrests of aliens throughout the entire country without a time limitation.   Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens, not criminal offenses or any other

44

**Exhibit 2 - 045**

activities after release, and concerns noncitizens subject to section 1225(b), not detention of criminal noncitizens under section 1226(c). Thus, production in response to this request would be disproportionate to the needs of this case.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent Plaintiff seeks documents of individual noncitizens' arrests, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

**Exhibit 2 - 046**

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 and addressing inadmissible noncitizens subject to section 1225(b), Defendants will produce ICE Annual Report FY 2021, USA000058–90, which contains data on criminal noncitizen apprehensions. Defendants have not identified in their custody or control and are not producing any further responsive, nonprivileged documents at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 28:

Any and all documents, including Passenger Name Record data and flight manifests, disclosing information about charter flights with alien passengers which transported them to or through Jacksonville International Airport since January 20, 2021.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 28:

Defendants object to Request No. 28 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in scope, unduly burdensome, and needlessly duplicative of Request No. 24. Further, the requested flight data is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens, not their flights or other activities after release, and production in response to this request would be

**Exhibit 2 - 047**

disproportionate to the needs of this case. Also, this request is overbroad and largely irrelevant in that the request seeks all passenger information and flight manifests, encompassing nonresponsive documents concerning noncitizens in ICE custody who are being transported between detention facilities or during the execution of their removal orders, neither of which circumstances are at issue in this case.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  By requesting documents identify individual noncitizens and their movements,  Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which

**Exhibit 2 - 048**

would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified and will not be producing any responsive documents.   Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 29:

Any and all DHS database documents that show the names and addresses of inadmissible aliens who reported Florida addresses to the Department since July 1, 2020.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 29:

Defendants object to Request No. 29 on the grounds that it is vague, confusing, overbroad, not sufficiently limited in scope, and unduly burdensome. This request in particular is vastly overbroad as it requests all "database documents" without regard to whether the documents bear any relevance to the narrow detention and release claims at issue in this case. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case. Therefore, the requested discovery is not proportional to the needs of the case.

**Exhibit 2 - 049**

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  In requesting personally identifiable information and addresses of individual noncitizens, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Defendants will not be producing any documents in response to this request, both due to the statutory prohibitions on release of individual noncitizen information and because "the burden or expense of the proposed discovery

49

**Exhibit 2 - 050**

outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The requested information is irrelevant: the addresses and location of noncitizens within the United States occurs subsequent to their allegedly unlawful release at the border and has no bearing on that detention decision, which is the subject of this suit. The extreme burden of searching agency records to determine whether noncitizens accurately reported addresses and whether those noncitizens and addresses fall within the parameters of this case is disproportional to the benefit of this irrelevant information for determining the claims at issue in this case.  *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 533538, at *2 (N.D. Fla. Feb. 12, 2021) (discovery request was unduly burdensome where it would require searches through thousands of agency records for particular individuals and "would involve information protected by the Privacy Act and" HIPAA).

**REQUEST FOR PRODUCTION NO. 30:**

Any and all documents that show the names and addresses of inadmissible aliens who reported a Florida address and were issued a Notice to Appear by the Department since July 1, 2020, but failed to appear at their hearing before an immigration judge.

50

**Exhibit 2 - 051**

**OBJECTIONS AND RESPONSE TO REQUEST NO. 30:**

Defendants object to Request No. 30 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in scope, and unduly burdensome. The requested timeframe, "since July 1, 2020" is arbitrary, predates January 21, 2022 and has no bearing on any of the practices challenged in this lawsuit. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens at the border, not their conduct in proceedings or other activities after release.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties. In requesting personally identifiable information and addresses of individual noncitizens, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests");

**Exhibit 2 - 052**

and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Defendants will not be producing any documents in response to this request, both due to the statutory and common-law prohibitions on release of individual noncitizen information and because "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The information is irrelevant: as noted, this case challenges the decision to detain or release noncitizens at the border, not their subsequent activities or progress of their proceedings. Compiling this data would require an extremely burdensome manual review of individual noncitizens' case files to determine whether those noncitizens fall within the parameters of this request, and this burden is disproportional to the benefit of this irrelevant information for determining the claims at issue in this case. *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 533538, at *2 (N.D. Fla. Feb. 12, 2021) (discovery request was unduly burdensome

**Exhibit 2 - 053**

where it would require searches through thousands of agency records for particular individuals and "would involve information protected by the Privacy Act and" HIPAA).

## REQUEST FOR PRODUCTION NO. 31:

Any and all database documents that show the names and addresses of inadmissible aliens who reported Florida addresses and were issued a Notice to Report by the Department since July 1, 2020, but failed to appear at a hearing before an immigration judge.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 31:

Defendants object to Request No. 30 on the grounds that it is vague, confusing, compound, overbroad, not sufficiently limited in scope, and unduly burdensome. The requested timeframe, "since July 1, 2020" is arbitrary, predates January 21, 2022 and has no bearing on any of the practices challenged in this lawsuit. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens at the border, not their conduct in proceedings or other activities after release.

**Exhibit 2 - 054**

This request is further irrelevant because Plaintiff amended its complaint and no longer challenges the discontinued Notice to Report processing pathway. ECF No. 16 ¶¶ 13, 51-52.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  In requesting personally identifiable information and addresses of individual noncitizens, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

**Exhibit 2 - 055**

Defendants will not be producing any documents in response to this request, both due to the statutory and common-law prohibitions on release of individual noncitizen information and because "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The information is irrelevant: as noted, this case challenges the decision to detain or release noncitizens at the border, not their subsequent activities or progress of their proceedings, and Plaintiff has removed its challenges to Notices to Report from its complaint. The extremely burdensome manual review of individual noncitizens' case files required to determine whether those noncitizens fall within the parameters of this request is disproportional to the benefit of this irrelevant information for determining the claims at issue in this case. *See, e.g.*, *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 533538, at *2 (N.D. Fla. Feb. 12, 2021) (discovery request was unduly burdensome where it would require searches through thousands of agency records for particular individuals and "would involve information protected by the Privacy Act and" HIPAA).

## REQUEST FOR PRODUCTION NO. 32:

Any and all documents that show the percentage of inadmissible aliens who reported Florida addresses to the Department since July 1, 2020, but failed to appear for a hearing before an immigration judge.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 32:

**Exhibit 2 - 056**

Defendants object to Request No. 32 on the grounds that it is vague, confusing, overbroad, not sufficiently limited in scope, and unduly burdensome. The requested timeframe, "since July 1, 2020" is arbitrary, predates January 21, 2022 and has no bearing on any of the practices challenged in this lawsuit. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens at the border, not their movement to a particular state, conduct in proceedings or other activities after release.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent that documents responsive to this request would reveal information regarding individual noncitizens, Plaintiff seeks information protected from disclosure given the privacy interests of the individuals at issue, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, or directives regarding the protection of privacy,

**Exhibit 2 - 057**

confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified and will not be producing any responsive documents.   Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

## REQUEST FOR PRODUCTION NO. 33:

Any and all documents that support the contention in the memorandum attached as Exhibit "A" to Defendants' Motion to Dismiss (ECF 6-2) that U.S. Border Patrol encounters were  "consistently high."

## OBJECTIONS AND RESPONSE TO REQUEST NO. 33:

Defendants object to Request No. 33 on the grounds that it is overboard, unduly burdensome, and requests discovery pertaining to the Parole+ATD policy, (i.e., the referenced Exhibit A, ECF No. 6-2). Discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record

**Exhibit 2 - 058**

with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the certified administrative record and will be producing nothing else in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 34:

Any and all documents that support the allegations in the memorandum attached as Exhibit "A" to Defendants' Motion to Dismiss (ECF 6-2) that migrant congregate settings were "operational capacity strained."

## OBJECTIONS AND RESPONSE TO REQUEST NO. 34:

Defendants object to Request No. 34 on the grounds that it is overboard, unduly burdensome, and requests discovery pertaining to the Parole+ATD policy (i.e., the referenced Exhibit A, ECF No. 6-2). Discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the

**Exhibit 2 - 059**

certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the certified administrative record and will be producing nothing else in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 35:

Any and all documents that support the allegations in the memorandum attached as Exhibit "A" to Defendants' Motion to Dismiss (ECF 6-2) that migrant congregate settings were "COVID-19 acute."

## OBJECTIONS AND RESPONSE TO REQUEST NO. 35:

Defendants object to Request No. 33 on the grounds that it is overboard, unduly burdensome, and requests discovery pertaining to the Parole+ATD policy (i.e., the referenced Exhibit A, ECF No. 6-2). Discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

59

**Exhibit 2 - 060**

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the certified administrative record and will be producing nothing else in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 36:

Any and all documents that show the number of migrant encounters by the U.S. Border Patrol since July 1, 2020.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 36:

Defendants object to Request No. 36 on the grounds that it is vague, confusing as to what Plaintiff means by "migrant encounters", not sufficiently limited in scope, and overbroad as it seeks "all documents." The requested timeframe, "since July 1, 2020" is arbitrary, predates January 21, 2022 and has no bearing on any of the practices challenged in this lawsuit.

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021 and addressing inadmissible noncitizens subject to section 1225(b), Defendants refer Plaintiff to the certified administrative record; statistics made publicly available on CBP's website, https://www.cbp.gov/newsroom/stats/custody-and-transfer-statistics; publicly available monthly reporting by DHS in *Texas v. Biden*, No. 21-cv-00014 (N.D. Tex.); and DHS's monthly Migrant Protection Protocols Cohort Reports to Congress, available at https://www.dhs.gov/immigration-

60

**Exhibit 2 - 061**

statistics/special-reports/migrant-protection-protocols-report. Defendants have not identified in their custody or control and are not producing any further responsive documents at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 37:

Any and all documents that show what the operational capacity of congregate migrant settings in the United States has been since July 1, 2020.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 37:

Defendants object to Request No. 37 on the grounds that it is vague, confusing, overbroad, and not sufficiently limited in scope. The requested timeframe, "since July 1, 2020" is arbitrary, predates January 21, 2021 and has no bearing on any of the practices challenged in this lawsuit. The Request is vastly geographically overbroad in that requests documents regarding "congregate migrant settings" throughout the United States, rather than solely at the Southwest border, where the only detention and paroles challenged in this case occurred.

Defendants also object on the grounds that discovery regarding the Parole+ATD policy, whose record this Request pertains to, is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

61

**Exhibit 2 - 062**

The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the certified administrative record and will be producing nothing else in response to this Request at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 38:

Any and all documents that show the number of inadmissible aliens infected with COVID-19 who were encountered by the U.S. Border Patrol since July 1, 2020.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 38:

Defendants object to Request No. 38 on the grounds that it is overbroad, vague, assumes facts not established, not sufficiently limited in time or scope, and unduly burdensome. The requested timeframe, "since July 1, 2020" is arbitrary, predates January 21, 2022 and has no bearing on any of the practices challenged in this lawsuit. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case.

**Exhibit 2 - 063**

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.   To the extent that responsive documents include information pertaining to individual noncitizens' health status or records, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Defendants also object on the grounds that discovery regarding the Parole+ATD policy, which this Request pertains to, is not appropriate, because the

**Exhibit 2 - 064**

case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021, and because this request pertains to the Parole+ATD record, Defendants refer Plaintiff to the certified administrative record and will be producing nothing else in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 39:

Any and all emails, letters, memoranda, correspondence, and other documents from a member of Congress or its staff regarding the Notice to Report practice referenced in Exhibit "A" to Defendants' Motion to Dismiss (ECF 6-2).

## OBJECTIONS AND RESPONSE TO REQUEST NO. 39:

Defendants object to Request No. 39 on the grounds that it is overbroad, not limited in time in any way, not sufficiently limited in scope, and unduly burdensome. Defendants also object on the grounds that this request is not proportional to the needs of the case because the burden and expense of searching for these documents,

**Exhibit 2 - 065**

which may not exist, far outweigh any likely benefit to Plaintiff.  Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff amended its complaint and no longer challenges the discontinued Notice to Report processing pathway. ECF No. 16 ¶¶ 13, 51-52.

For these reasons, Defendants are not producing anything in response to this Request at this time, although discovery is ongoing and Defendants reserve the right to supplement this production.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all documents that report, allege, or indicate that an inadmissible alien committed a crime in the United States after he was issued a Notice to Report by the Department.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 40:**

Defendants object to Request No. 40 on the grounds that it is vague, confusing as to what Plaintiff means by "documents that … allege or indicate", overbroad as it seeks "all documents that report, allege, or indicate" and across the United States, not limited in time or scope or geographically to the claims at issue here, and is unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants'

65

**Exhibit 2 - 066**

practices of detaining or releasing noncitizens at the border, not criminal conduct or other activities after release.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties. Because this request seeks putative documents related to individual noncitizens' crimes, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

**Exhibit 2 - 067**

Finally, Defendants also object on the grounds that this request is not relevant to any parties' claims or defenses. Plaintiff amended its complaint and no longer challenges the discontinued Notice to Report processing pathway. ECF No. 16 ¶¶ 13, 51-52.

For these reasons, Defendants are not producing anything in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 41:

Any and all documents that report, allege, or indicate that an inadmissible alien committed a crime in the United States after he was released by the Department.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 41:

Defendants object to Request No. 41 on the grounds that it is overbroad, vague, confusing, not sufficiently limited in time or scope and unduly burdensome as Plaintiff has not limited this request in time or geographically in any way, and assumes facts not established. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens at the border, not criminal conduct or other activities after release.

67

**Exhibit 2 - 068**

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  Because this request seeks putative documents related to individual noncitizens' crimes, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

For these reasons, Defendants are not producing anything in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 42:**

**Exhibit 2 - 069**

Any and all documents that report, allege, or indicate that an inadmissible alien committed a crime in the United States after he was granted parole by the Department.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 42:**

Defendants object to Request No. 42 on the grounds that it is overbroad, vague, confusing, not sufficiently limited in time or scope and unduly burdensome as Plaintiff has not limited this request in time or geographically in any way, and assumes facts not established. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens at the border, not criminal conduct or other activities after release.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  Because this request seeks putative documents related to individual noncitizens' crimes, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2

**Exhibit 2 - 070**

(S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

For these reasons, Defendants are not producing anything in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 43:

Any and all documents that disclose or discuss the impacts of inadmissible aliens on Medicaid resources.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 43:

Defendants object to Request No. 43 on the grounds that it is overbroad, vague as to the specific information Plaintiff is seeking, vague as to what "impacts" Plaintiff is referring to, not limited in time or scope or geographically in any way, and unduly burdensome. Defendants also object on the grounds that this request is

**Exhibit 2 - 071**

not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Defendants further object on the grounds that this request seeks information related to purported injury to Plaintiff, and is information at least equally as if not more available to Plaintiff. Documents equally accessible to all parties are not discoverable. *See, e.g., Thomas v. The City of Jacksonville*, No. 3:13-CV-776-J-39PDB, 2014 WL 12708970, at *1 (M.D. Fla. July 16, 2014); *Amerisure Ins. Co. v. FCCI Ins. Co.*, No. 8:18-CV-3042-T-24SPF, 2019 WL 8358710, at *3 (M.D. Fla. Nov. 6, 2019).

Subject to, and without waiving or in any way limiting these objections, Defendants state they have not identified any responsive documents within their custody or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all documents that disclose or discuss the impacts of inadmissible aliens on crime.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 44:**

Defendants object to Request No. 44 on the grounds that overbroad, vague as to the specific information Plaintiff is seeking, vague as to what "impacts" Plaintiff is referring to, not limited in time or scope or geographically in any way, unduly burdensome. Defendants also object on the grounds that this request is not limited

**Exhibit 2 - 072**

to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens at the border, not criminal conduct or other activities after release.

Finally, the requested discovery is public information at least equally accessible to Plaintiff. Documents equally accessible to all parties are not discoverable. *See, e.g., Thomas v. The City of Jacksonville*, No. 3:13-CV-776-J-39PDB, 2014 WL 12708970, at *1 (M.D. Fla. July 16, 2014); *Amerisure Ins. Co. v. FCCI Ins. Co.*, No. 8:18-CV-3042-T-24SPF, 2019 WL 8358710, at *3 (M.D. Fla. Nov. 6, 2019).

For these reasons, and subject to and without waiving or limiting these objections, Defendants are not producing anything in response to this Request at this time, although they refer Plaintiff to ICE Annual Report FY 2021, USA000058–90, produced in response to Request No. 27, which contains data on criminal noncitizen apprehensions and removal efforts.

## REQUEST FOR PRODUCTION NO. 45:

Any and all documents that disclose or discuss the impacts of inadmissible aliens on state resources.

**Exhibit 2 - 073**

**OBJECTIONS AND RESPONSE TO REQUEST NO. 45:**

Defendants object to Request No. 45 on the grounds that it is overbroad, vague, not limited in time or scope in any way, not proportional to the needs of the case. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case and thus is not proportional to the needs of the case. Further, the requested discovery is wholly irrelevant to the claims in this case, which challenge Defendants' practices of detaining or releasing noncitizens at the border, not their impact on state resources after release.

Finally, the requested discovery is information at least equally accessible to Plaintiff. Documents equally accessible to all parties are not discoverable. *See, e.g., Thomas v. The City of Jacksonville*, No. 3:13-CV-776-J-39PDB, 2014 WL 12708970, at *1 (M.D. Fla. July 16, 2014); *Amerisure Ins. Co. v. FCCI Ins. Co.*, No. 8:18-CV-3042-T-24SPF, 2019 WL 8358710, at *3 (M.D. Fla. Nov. 6, 2019).

Subject to, and without waiving or in any way limiting these objections, and limiting this request to documents created on or after January 20, 2021, Defendants state they have not identified and will not be producing any responsive documents within their possession or control.  Discovery is still ongoing and Defendants reserve the right to supplement this answer should responsive documents be identified.

**Exhibit 2 - 074**

**REQUEST FOR PRODUCTION NO. 46:**

Any and all documents disclosing information about any person from Central America named Yery Noel Medina Ulloa who entered the United States after January 20, 2021.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 46:**

Defendants object to Request No. 46 on the grounds that it is overbroad and seeks information not relevant to the claims or defenses in this case.  Plaintiff is challenging DHS practices at the programmatic level, and has made no allegations concerning individuals, whether named "Yery Noel Medina Ulloa" or otherwise; therefore "information" about one or more individual(s) with this name is not "of consequence in determining" and thus irrelevant to Plaintiff's claims that Defendants' policies are improper.  *See* Fed. R. Evid. 401 (defining relevance).

Defendants also object on the grounds that this request is not sufficiently limited in scope as it seeks "all documents disclosing information" without limitation of "any person" from any country in Central America with that name, without regard to whether such information has any relevance to the claims and defenses in this case, and is confusing as to what "information" Plaintiff is seeking.

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  Individuals' information is protected from disclosure under the

**Exhibit 2 - 075**

Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy

Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG*

*v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2

(S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of

privacy that can be raised in response to discovery requests"); and other statutes,

regulations, or directives regarding the protection of privacy, confidential

information, or medical information, or under regulations preventing disclosure of

specific noncitizen information (such as, but not limited to: 8 U.S.C. §§

1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and

1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e);

214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21;

1003.46; and 1208.6), many of which would subject Defendants to civil or criminal

penalties or other sanctions in the event of unauthorized disclosure.

  For these reasons, Defendants are not producing anything in response to this

Request at this time.

## REQUEST FOR PRODUCTION NO. 47:

  Any and all documents disclosing information about any person from Central

America named Reynel Alexander Hernandez who entered the United States after

January 20, 2021.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 47:

**Exhibit 2 - 076**

Defendants object to Request No. 47 on the grounds that it is overbroad and seeks information not relevant to the claims or defenses in this case.  Plaintiff is challenging DHS practices at the programmatic level, and has made no allegations concerning individuals, whether named "Reynel Alexander Hernandez" or otherwise; therefore "information" about one or more individual(s) with this name is not "of consequence in determining" and thus irrelevant to Plaintiff's claims that Defendants' policies are improper.  *See* Fed. R. Evid. 401 (defining relevance).

Defendants also object on the grounds that this request is not sufficiently limited in scope as it seeks "all documents disclosing information" without limitation of "any person" from any country in Central America with that name, without regard to whether such information has any relevance to the claims and defenses in this case, and is confusing as to what "information" Plaintiff is seeking. Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  Individuals' information is protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; the general right of privacy, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); and other statutes, regulations, or

**Exhibit 2 - 077**

directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Accordingly, Defendants are not producing anything in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 48:**

All organization charts for your agency (or any part thereof) which applied to your agency from January 20, 2021, to the current date.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 48:**

Defendants object to Request No. 48 on the grounds that it is confusing, vague as to which agency Plaintiff is referring to, overbroad, compound, not sufficiently limited in scope, and not relevant to any parties' claims or defenses. The names and offices of Defendants' employees are wholly irrelevant to the challenged practices of detaining or releasing noncitizens at the border. Defendants further object to the extent the information sought is publicly available, and therefore equally available

**Exhibit 2 - 078**

to Plaintiff. Documents equally accessible to all parties are not discoverable. *See,*

*e.g., Thomas v. The City of Jacksonville*, No. 3:13-CV-776-J-39PDB, 2014 WL

12708970, at *1 (M.D. Fla. July 16, 2014); *Amerisure Ins. Co. v. FCCI Ins. Co.*, No.

8:18-CV-3042-T-24SPF, 2019 WL 8358710, at *3 (M.D. Fla. Nov. 6, 2019).

Subject to and without waiving or in any way limiting these objections, and

limiting this request to organizational charts currently in effect, concerning the

public-facing individuals working for the only agencies involved in this case (DHS,

CBP and ICE), Defendants will produce organizational charts for DHS

(USA000111), CBP (USA000112-14), and refer Plaintiff to ICE's interactive

organizational chart, available at https://www.ice.gov/leadership/organizational-

structure. Defendants are not producing anything further at this time, although

discovery is ongoing and Defendants reserve the right to supplement this production.

## REQUEST FOR PRODUCTION NO. 49:

The administrative record for the U.S. Customs and Border Protection's

Notice to Report processing pathway that was issued in March 2021.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 49:

Defendants object to Request No. 49 on the grounds that this request is not

relevant to any parties' claims or defenses. Plaintiff amended its complaint and no

longer challenges the discontinued Notice to Report processing pathway. ECF No.

16 ¶¶ 13, 51-52.

**Exhibit 2 - 079**

For these reasons, Defendants are not producing anything in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 50:**

The administrative record for the U.S. Customs and Border Protection's Parole Plus Alternative to Detention policy that was issued on or around November 2, 2021, and was filed by Defendants in this case as ECF 6-2.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 50:**

Defendants object to Request No. 50 on the grounds that discovery regarding the Parole+ATD policy is not appropriate, and the case should instead be limited to review of the administrative record on this issue.  *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the administrative record, produced on April 20, 2022, and will be producing nothing further.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents disclosing or discussing the U.S. Customs and Border Protection's Parole Plus Alternative to Detention policy, including its rationale or its implementation generally or by particular individuals.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 51:**

**Exhibit 2 - 080**

Defendants object to Request No. 51 on the grounds that it is vague, compound, confusing, overbroad, unduly burdensome as Plaintiff purports to seek "all documents … discussing" the policy both generally and as it related to particular individuals as well as seeking documents relating to its implementation and its rationale, and not sufficiently limited in time or scope.  Defendants also object on the grounds that it seeks information that is privileged, both deliberative-process and attorney-client, and is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent Plaintiff seeks documents pertaining to individual governmental line officers' activities Plaintiff seeks information that may be protected from disclosure given the privacy interests of the individuals at issue, *see Int'l Underwriters AG v. Triple I: Int'l Invs., Inc.*, No. 06-80966-CIV-HURLEY, 2007 WL 9701828, at *2 (S.D. Fla. July 9, 2007) (noting "federal courts generally do recognize a right of privacy that can be raised in response to discovery requests"); DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n);

**Exhibit 2 - 081**

245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Defendants also object on the grounds that discovery regarding the Parole+ ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the administrative record, produced on April 20, 2022, and will be producing nothing further.

## REQUEST FOR PRODUCTION NO. 52:

Any and all documents disclosing or discussing the application of the Parole Plus Alternative to Detention policy generally or to particular individuals.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 52:

Defendants object to Request No. 52 on the grounds that it is vague, compound, confusing, overbroad, unduly burdensome as Plaintiff purports to seek "all documents … discussing" the policy both generally and as it related to particular individuals, and not sufficiently limited in time or scope.

**Exhibit 2 - 082**

Defendants also object on the grounds that this Request seeks information that is sensitive, private, personal, and/or embarrassing, and violates the privacy rights of non-parties.  To the extent Plaintiff seeks documents concerning the detention or release of individual noncitizens, and the particularized decisions therefore, Plaintiff seeks information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a; DHS policy regarding the application of the Privacy Act to "visitors and aliens"; and other statutes, regulations, or directives regarding the protection of privacy, confidential information, or medical information, or under regulations preventing disclosure of specific noncitizen information (such as, but not limited to: 8 U.S.C. §§ 1160(b)(5),(6); 1186a(c)(4); 1202(f); 1254a(c)(6); 1255a(c)(4),(5); 1304(b); and 1367(a)(2),(b),(c),(d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6; 210.2(e); 214.11(e); 214.14(e); 216.5(e)(3)(iii); 236.6; 244.16; 245a.2(t); 245a.3(n); 245a.21; 1003.46; and 1208.6), many of which would subject Defendants to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Defendants also object on the grounds that discovery regarding the Parole+ ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy.  *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained

**Exhibit 2 - 083**

in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the administrative record, produced on April 20, 2022, and will be producing nothing further.

## REQUEST FOR PRODUCTION NO. 53:

Any and all documents disclosing or discussing the number of individuals to whom the Department has applied the Parole Plus Alternative to Detention policy.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 53:

Defendants object to Request No. 53 on the grounds that it is vague, confusing as what Plaintiff means by "the Department has applied the … policy", overbroad, unduly burdensome, and not sufficiently limited in time or scope. Defendants also object on the grounds that discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

**Exhibit 2 - 084**

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the certified administrative record, produced on April 20, 2022, and will be producing nothing else in response to this Request at this time.

## REQUEST FOR PRODUCTION NO. 54:

Any and all documents reflecting instructions to the Department's employees regarding how to exercise the Parole Plus Alternative to Detention policy with respect to inadmissible aliens entering the United States from the Southern border.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 54:

Defendants object to Request No. 54 on the grounds that it is vague, overbroad, confusing as to what Plaintiff means by "documents reflecting instructions", not sufficiently limited in time or scope, and unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case. Defendants also object on the grounds that discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the

**Exhibit 2 - 085**

certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the administrative record, produced on April 20, 2022, and will be producing nothing further.

## REQUEST FOR PRODUCTION NO. 55:

Any and all documents disclosing or discussing the number of individuals to whom the Department has applied the Parole Plus Alternative to Detention policy with respect to inadmissible aliens entering the United States from the Southern border.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 55:

Defendants object to Request No. 55 on the grounds that it is vague, overbroad, not sufficiently limited in time or scope, and unduly burdensome. Defendants also object on the grounds that this request is not limited to those "inadmissible" noncitizens falling under section 1225(b) at issue in this case. Defendants also object on the grounds that discovery regarding the Parole+ATD policy is not appropriate, because the case is limited to the administrative record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the

**Exhibit 2 - 086**

certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the administrative record, produced on April 20, 2022, and will be producing nothing further.

## REQUEST FOR PRODUCTION NO. 56:

Any and all documents disclosing or discussing whether the Parole Plus Alternative to Detention policy was developed in response to Florida's lawsuit or based on federal officials' view that the Notice to Report processing pathway was unlawful.

## OBJECTIONS AND RESPONSE TO REQUEST NO. 56:

Defendants object to Request No. 56 on the grounds that it is overbroad, not sufficiently limited in time or scope, vague as to which case Plaintiff is referring to as "Florida's lawsuit", and confusing as to what Plaintiff means by "federal officials' view." Defendants further object to the extent Plaintiff seeks putative documents that would be privileged and protected from discovery under the attorney-client privilege and deliberative process privilege, *see Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

Defendants also object on the grounds that discovery regarding the Parole+ ATD policy is not appropriate, because the case is limited to the administrative

**Exhibit 2 - 087**

record with respect to that policy. *See Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The agency's basis for this policy is contained in the certified administrative record, rendering any additional discovery duplicative, unnecessary and unduly burdensome.

For these reasons, and subject to, and without waiving or in any way limiting these objections, Defendants refer Plaintiff to the administrative record, produced on April 20, 2022, and will be producing nothing further.

Date:  April 27, 2022                    Respectfully submitted,

JASON R. COODY                          BRIAN M. BOYNTON
*United States Attorney*                 *Principal Deputy Assistant Attorney General*

MARIE A. MOYLE                          WILLIAM C. PEACHEY
*Assistant United States Attorney*       *Director*
Northern District of Florida             Office of Immigration Litigation
                                         District Court Section

                                         EREZ REUVENI
                                         *Assistant Director*

                                         /s/ *Joseph A. Darrow*
                                         JOSEPH A. DARROW
                                         ERIN T. RYAN
                                         *Trial Attorney*
                                         U.S. Department of Justice
                                         Civil Division
                                         Office of Immigration Litigation
                                         District Court Section
                                         P.O. Box 868, Ben Franklin Station
                                         Washington, DC 20044
                                         Tel.: (202) 805-7537

**Exhibit 2 - 088**

Joseph.a.darrow@usdoj.gov

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

**Exhibit 2 - 089**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2022, I served **DEFENDANTS'**

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF**

**REQUESTS FOR PRODUCTION**, and the documents to be produced by

Defendants referenced therein, via email on the following counsel for Plaintiff in

*Florida v. United States, et al.*, No. 3:21-cv-01066.

Karen Ann Brodeen
Karen.brodeen@myfloridalegal.com

Natalie Christmas
Natalie.christmas@myfloridalegal.com

James Hamilton Percival II
James.percival@myfloridalegal.com


By: */s/ Joseph A. Darrow*
JOSEPH A. DARROW
Trial Attorney
United States Department of Justice
Civil Division

**Exhibit 2 - 090**