# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA,<br><br>                Plaintiff,<br>v.<br><br>The UNITED STATES OF AMERICA; et al.,<br><br>                Defendants. | Case No. 3:21-cv-1066-TKW-EMT |

## MOTION OF IMMIGRATION REFORM LAW INSTITUTE FOR LEAVE TO FILE A BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MATT A. CRAPO
CHRISTOPHER J. HAJEC
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
matt.crapo@pm.me
litigation@irli.org

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

1. Pursuant to FED. R. CIV. P. 7, the Immigration Reform Law Institute ("IRLI") respectfully requests this Court's leave to file the accompanying brief as *amicus curiae* in opposition to Defendants' motion to dismiss the first amended complaint. Pursuant to Local Rule 7.1, IRLI's counsel has conferred with counsel for both parties; Plaintiff does not oppose the filing of the attached *amicus* brief, and Defendants take no position.

2. IRLI is a nonprofit 501(c)(3) public interest law firm dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in understanding federal immigration law. IRLI has litigated or filed *amicus curiae* briefs in a wide variety of immigration-related cases. For more than twenty years the Board of Immigration Appeals has solicited supplementary briefing, drafted by IRLI staff, from the Federation for American Immigration Reform, of which IRLI is a supporting organization.

3. "'The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court.'" *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 U.S. Dist. LEXIS 84230, at *2 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Unlike the corresponding appellate rules, the federal and local rules applicable here do not specifically address *amicus* briefs. Nonetheless, IRLI looks to the appellate rules' criteria for granting leave to

file *amicus* briefs to support their motion here. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment. As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS— JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

4.  IRLI respectfully submits that its proffered brief will bring the following relevant matters to the Court's attention:

- Demonstrating that Defendants' standing arguments with respect to incidental harms are untenable and run contrary to current law.

- Showing that the Attorney General's legal determinations are entitled to deference.

- Demonstrating that the authorities relied upon by Defendants in support of their contention that their actions are committed to agency discretion by law pre-date the enactment of the relevant provisions and are therefore inapplicable.

These issues are relevant to this Court's decision on the Defendants' motion to dismiss, and movant IRLI respectfully submits that its brief may aid the Court.

5. For the foregoing reasons, IRLI respectfully requests that the Court grant its motion for leave to file the accompanying brief as *amicus curiae*.

Dated: October 28, 2022   Respectfully submitted,

/s/ Matt Crapo
MATT A. CRAPO
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
matt.crapo@pm.me
litigation@irli.org

Counsel for *Amicus Curiae*
Immigration Reform Law Institute

## DISCLOSURE STATEMENT

Pursuant to Fed. R. Civ. P. 7.1, *amicus curiae* Immigration Reform Law Institute makes the following disclosures as a non-governmental corporate party:

1) All parent corporations: None.

2) All publicly held companies that hold 10% or more of the party's stock: None.

*/s/ Matt Crapo*
MATT A. CRAPO

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 27, 2022, I conferred with counsel for both Plaintiff and Defendants regarding this motion. Plaintiffs informed me that they do not oppose the filing of the attached *amicus* brief. Defendants take no position on this motion.

*/s/ Matt Crapo*
MATT A. CRAPO

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ Matt Crapo*
MATT A. CRAPO