UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. 3:21-CV-1066

**STATE OF FLORIDA**,

      Plaintiff,

  v.

**The UNITED STATES OF AMERICA,** *et al.*,

      Defendants.

_____/

**DEFENDANTS' MOTION FOR AN ALTERNATIVE
PRETRIAL SCHEDULING ORDER**

Defendants, by and through undersigned counsel, respectfully request a modification to the current pretrial schedule, as proposed below. Defendants request that the Court hold summary judgment arguments separately from any pretrial conferences, and sequence all pretrial filings accordingly to allow for the most efficient resolution of this case. This proposed schedule will also best utilize the time and resources of the Court and the parties. Plaintiff objects to this request.

The parties completed their summary judgment briefing on October 31, 2021, and on November 8, 2022, the Court requested that the parties confer on mutually agreeable dates for a conference. ECF No. 110. The Court proposed that this conference be a combined oral argument on the parties' motions for summary

1

judgment and a pretrial conference. *Id.* For the reasons discussed herein, Defendants respectfully request that the Court hold an oral argument and then, after ruling on the parties' motions for summary judgment, hold a separate final pretrial conference.

Conservation of the time and resources of the Court and the parties necessitates that these conferences be separated and sequenced. The current scheduling order directs the parties to make their pretrial disclosures by the date of the pretrial conference, with motions *in limine* due 14 days prior to that conference, with responses filed no later than 7 days thereafter, so those motions can be considered prior to or at the pretrial conference. ECF No. 39. Therefore, should the Court hold a joint summary judgment argument/pretrial conference, the parties will be required to file their motions *in limine* before receiving a ruling from the Court on their motions for summary judgment.

Proceeding as such will undermine the efficacy of pretrial planning generally, and motion *in limine* practice specifically. Motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Herbert v. Architect of Capitol*, 920 F. Supp. 2d 33, 37 (D.D.C. 2013) (internal citation omitted). Without a ruling on the motions for summary judgment, the parties will not know what causes of action, if any, will proceed to trial. Therefore, the parties will be unable to draft specific, narrowly tailored motions *in*

2

*limine.* In order to adequately represent their clients' interests and preserve their arguments for appeal, counsel will be required to file all possible motions *in limine* on all possible claims and issues. This is not the most effective use of time and resources for the Court or the parties, as the parties will have to spend extensive time and resources briefing and opposing these motions and the Court will then have to issue rulings on all these—potentially moot—motions. Holding a pretrial conference before a ruling on the motions for summary judgment also poses challenges for the parties to properly draft, and object to, their exhibit lists, witness lists, and deposition designations for the same reasons. *See, e.g., Martel v. Cnty. of Los Angeles*, 34 F.3d 731, 736 (9th Cir. 1994), *opinion withdrawn and superseded on reh'g in part,* 56 F.3d 993 (9th Cir. 1995) (explaining that scheduling trial too soon, when there are justifiable grounds for delay, severely prejudices the ability of parties to prepare their cases).

Defendants therefore propose that the Court hold oral arguments on the motions for summary judgment separately, and issue a ruling on same, before setting deadlines for pretrial filings and conferences. While this will require a short delay of the trial, Defendants believe that a brief three (3) to four (4) week continuance of the trial date would be in the best interest of this case, given its importance and the

voluminous record involved.[1]

Therefore, Defendants propose the following possible alternative pretrial schedule, with all dates subject to the convenience and availability of the Court:

- Oral arguments on motions for summary judgment held during the week of December 5, 2022, at a date and time convenient to the Court and the parties;
- Motions *in limine* due 14 days after the Court's summary judgment ruling, or by January 6, 2023, whichever is later,[2] with responses due seven (7) days thereafter;
- Final pretrial conference held the week of January 16, 2023, at a date and time convenient to the Court and the parties;
- Parties to make their pretrial disclosures by the date of the final pretrial conference, with objections due 7 days thereafter;
- Trial to be held the week of January 30, 2023—or later—at a date convenient to the Court.

In the alternative, if the Court would prefer to have a combined summary-judgment argument and pretrial conference, Defendants request that the deadline for filing motions *in limine* and pretrial disclosures be set after the Court has ruled on the motions for summary judgment, and a second, substantive final pretrial conference be held closer to the start of trial to contemplate those motions *in limine*.

---

[1] Plaintiff has indicated that it objects to any delay of the trial and has advised Defendants that if this request is made, Plaintiff will seek to file motions to compel on discovery issues and may seek additional discovery. Defendants strongly object to any such request, as discovery has long since closed, and Plaintiff should not be permitted to continue to add to the record without end, especially after motions for summary judgment have been fully briefed. Such previous requests by Plaintiff have already been denied by the Court. *See* ECF No. 94. Reopening discovery would be inconsistent with the prompt and effective resolution of this case, which Defendants seek through this motion. If additional discovery is granted to Plaintiff, and the record is re-opened, then Defendants request that the trial date be postponed a few months to allow complete discovery on any new issues raised by Plaintiff.

[2] Defendants include two alternatives to account for the upcoming holidays.

The parties have conferred as the Court requested (ECF No. 110), and are available on the following dates and times, as stated in the joint filing (ECF No. 111): December 5, 9, 12, 14, 15, and 16. Should the Court grant this motion, Defendants would prefer December 5 or 9. Alternatively, should the Court deny the motion and hold the summary judgment argument and pretrial conference on the same day, Defendants would prefer December 12, 14, 15, or 16, to permit the parties sufficient time to file any necessary motions *in limine*.

Defendants can also make themselves available for a status conference to discuss the schedule or logistics of this request, should the Court prefer.

Date:  November 15, 2022

Respectfully submitted,

JASON R. COODY
*United States Attorney*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

MARIE A. MOYLE
*Assistant United States Attorney*
Northern District of Florida

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Erin T. Ryan*
ERIN T. RYAN
JOSEPH A. DARROW
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station

5

Washington, DC 20044
Tel.: (202) 532-5802
Erin.t.ryan@usdoj.gov

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 15, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division