UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

v.                                                 Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

   *Defendants*.
_____/

**FLORIDA'S OPPOSITION TO
DEFENDANTS' MOTION FOR NEW TRIAL DATE**

At every stage of this case, Defendants have sought to delay proceedings. They filed a baseless motion to transfer venue, Doc. 13, attempted to moot Florida's claims two separate times, Doc. 6-1 at 18; Doc. 70 at 2–3, and even asked this Court to stay proceedings, Doc. 25. It is not surprising that Defendants seek to delay this case yet again. Doc. 112. Every day before this Court reaches final judgment is a day that Defendants can continue violating the law.

While Defendants' motion does not discuss the standard governing their request, Doc. 112, the standard they must meet is "good cause." *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). They cannot meet that standard. Defendants' sole rationale for moving the trial date is that they do not wish to prepare for a pretrial conference. Doc. 112

at 2–3. In Florida's experience, parties routinely prepare for trial under similar circumstances. Florida plans to prepare for the pretrial conference as if every claim will go to trial. There is no reason Defendants cannot do the same. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (explaining that good cause requires a party to show that "the schedule cannot be met despite the diligence of the party seeking the extension" (quotations omitted)).[1]

Moreover, Florida faces irreparable harm every day that the challenged policies continue. *See* Doc. 86 at 7 (noting that over 100,000 released aliens are now in Florida); Doc. 98 at 1 (noting that Defendants released over 100,000 aliens in September 2022 alone); Doc. 86 at 9–14 (noting Florida's expenditures).[2] This Court has already recognized "the harm that Plaintiff (and the nation) will continue to suffer if this case continues to be delayed and illegal immigrants are allowed to continue flooding into the country." Doc. 25 at 1.

## CONCLUSION

For these reasons, the Court should deny Defendants' motion to modify the schedule and keep the current schedule, including the current trial date.

---

[1] While Defendants reference the "voluminous record" in this case, Doc. 112 at 3–4, the record is fairly scant by modern standards.

[2] Defendants also mention that Florida may seek to raise additional discovery issues should the trial date move. Doc. 112 at 4 n.1. It is true that Florida has uncovered additional problems with Defendants' discovery responses, including material misrepresentations by their attorneys. At this time, however, Florida prefers to proceed to trial without delay.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

<u>/s/ *James H. Percival*</u>
James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Joseph E. Hart (FBN 124720)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Anita Patel (FBN 70214)
SENIOR ASSISTANT ATTORNEY GENERAL

Karen Brodeen (FBN 512771)
SPECIAL COUNSEL

Bilal Faruqui (FBN 15212)
SENIOR ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I certify that on November 15, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

/s/ James H. Percival
Deputy Attorney General