UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

v.                                               Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

   *Defendants*.
_____/

**FLORIDA'S MOTION TO SUPPLEMENT
THE SUMMARY JUDGMENT RECORD**

After the close of discovery, Florida uncovered a March 19, 2021 memorandum signed by the Chief of Border Patrol (the March 19 memo), which asserts "discretionary authority to release [aliens] without placing them in removal proceedings." Ex. 1 at 2. While the parties vigorously dispute whether Defendants should have produced this document, Florida does not ask the Court to resolve that dispute. Instead, Florida only asks the Court to add the March 19 memo to the summary judgment record. This relief is necessary to correct representations made by Florida and to provide the Court an accurate and complete understanding of the facts.

## BACKGROUND

In summary judgment briefing, Florida relied extensively on a March 20, 2021 email that authorized officers "to exercise prosecutorial discretion authority and release illegal aliens without placing them in removal proceedings" (the March 20 email). Doc. 98 at 5 (quoting Doc. 85-12 at 4). Florida presented this email as key evidence demonstrating the existence of a non-detention policy. *See* Doc. 98 at 14.

After summary judgment was fully briefed, counsel for Florida reviewed an October 17, 2022 letter from Senator James Lankford to Defendant Secretary Mayorkas. Ex. 2. The letter indicates that Senator Lankford—like Florida—was led to believe that Defendants created their prosecutorial discretion policy through "guidance . . . sent to the field by email." Ex. 2 at 4. The letter further indicates that Senator Lankford subsequently uncovered a "formal memorandum" creating that policy. Ex. 2 at 4 (discussing the March 19 memo).

Because Florida held the same incorrect belief regarding the genesis of the prosecutorial discretion policy, because Florida communicated that misperception to the Court in its summary judgment filings, and because Defendants never corrected that misperception, Florida believes its duty of candor requires bringing the March 19 memo to the Court's attention. Thus, Florida asks the Court to supplement the summary judgment record.

## ARGUMENT

"[A] court may permit parties to supplement the summary judgment record with newly discovered or previously unavailable evidence, where doing so would allow for the 'efficient and expedient resolution' of the case on the merits." *AIM Recycling of Fla., LLC v. Metals USA, Inc.*, No. 18-cv-60292, 2019 WL 5963815, at *3 (S.D. Fla. Nov. 13, 2019) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)). Thus, a party may move to supplement the summary judgment record "'when, through no fault of the filing party, certain relevant materials were not in the party's possession at the time that the party filed its motion, response, or reply,' or when such materials were not known to exist at the time of filing." *Id.* (quotations omitted).

This Court should supplement the summary judgment record with the March 19 memo because it is newly discovered evidence that is material to the issues before the Court and would aid the Court in resolving summary judgment. The March 19 memo is substantially similar to the March 20 email that Florida relied on in its summary judgment filings. *See* Doc. 98 at 5, 7, 14, 17 (citing Doc. 85-12). In fact, the March 19 memo appears to be the formal policy that the March 20 email implements. As such, Florida contends that the March 19 memo, like the March 20 email, shows that DHS began implementing its policy of releasing aliens into the interior in the first days of the Biden Administration.

3

Importantly, however, the March 19 memo contains language that the March 20 email does not. It says that DHS "already retain[ed] the discretion to not place a removable alien in proceedings" but that, "[a]s a general rule, agents do not exercise this option." Ex. 1 at 2. In other words, the March 19 memo sheds light on DHS's (incorrect) legal positions regarding 8 U.S.C. § 1225(b), and it demonstrates a fundamental shift in detention policy shortly after President Biden took office.

Moreover, while Florida previously represented that the November 2, 2021 Parole + ATD memo rescinded portions of the March 20 email, Doc. 98. at 14, it appears that the principal document rescinded by the November 2 memo was in fact the March 19 memo. *See* Doc. 87-1 at 96 ("This memorandum supersedes previous guidance relating to prosecutorial discretion and issuance of Notices to Report (NTR), as issued in March 2021"). To the extent the Court is considering granting Florida summary judgment as to the Parole + ATD policy, this memo should be part of the administrative record. If the agency rescinded the March 19 memo, then it necessarily considered and relied on it. *See Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 & n.1 (11th Cir. 1996) (noting that a court may look beyond the administrative record where "it appears that the agency relied on materials not included in the record").

Further, the March 19 memo was not available prior to summary judgment briefing. *See Selectica, Inc. v. Novatus, Inc.*, No. 6:13-cv-1708, 2015 WL 12843841,

at *2 (M.D. Fla. Sept. 30, 2015) ("Generally speaking, a Court should only grant a motion to supplement a summary judgment record where such evidence was not available prior to the motion's filing."). Florida's counsel discovered the March 19 memo on October 28, after summary judgment briefing concluded on October 24. And Florida did not immediately seek this relief because the parties have been diligently conferring in hopes of reaching a resolution. Florida believes the document is responsive to several requests for production, but the State does not ask the Court to resolve that question. *See, e.g.*, Doc. 89-2 at 6–9.[1]

Finally, supplementing the summary judgment record will not prejudice Defendants. The March 19 memo merely provides the Court with an accurate understanding of the March 20 email, which Florida already filed with the Court. Doc. 85-12. In fact, it is surprising that the United States does not wish to correct Florida's inaccurate explanation of the March 20 email. And given Defendants' position—as stated to Florida—that the March 19 memo is irrelevant to Florida's claims, it is difficult to imagine how its disclosure to the Court could prejudice Defendants. In any event, Defendants cannot be prejudiced because the March 19 memo is judicially noticeable "at any stage of the proceeding." *See* Fed. R. Evid.

---

[1] While Defendants published the March 19 memo on their website in November 2021, it was far from readily available. The document is in CBP's "FOIA Reading Room," which contains hundreds of published documents and was produced under an "Unaccompanied Children (UAC)" title. *See* FOIA Reading Room – Page 5, U.S. Customs & Border Protection, https://tinyurl.com/2c3kbvpe (last visited Nov. 17, 2022).

5

201(c)–(d). It is published on DHS's website, *see supra* note 1, and a court may take "judicial notice of the official government documents and other sources from [the agency's] government website as 'sources whose accuracy cannot reasonably be questioned.'" *Humane Soc'y of U.S. v Animal & Plant Health Insp. Serv.*, 386 F. Supp. 3d 34, 40 n.2 (D.D.C. 2019) (quoting Fed. R. Evid. 201 and citing *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013)).

## CONCLUSION

For these reasons, this Court should grant Florida's motion to supplement the summary judgment record.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Natalie P. Christmas*
Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Joseph E. Hart (FBN 124720)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Anita Patel (FBN 70214)
SENIOR ASSISTANT ATTORNEY GENERAL

Karen Brodeen (FBN 512771)
SPECIAL COUNSEL

Bilal Faruqui (FBN 15212)
SENIOR ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
natalie.christmas@myfloridalegal.com

*Counsel for the State of Florida*

## CERTIFICATE OF WORD COUNT

Consistent with Local Rule 7.1(F), this motion contains 1,201 words.

## CERTIFICATE OF CONFERRAL

Consistent with Local Rule 7.1(B), counsel for Florida conferred by email with counsel for Defendants regarding this motion. Defendants oppose the relief sought.

## CERTIFICATE OF SERVICE

I certify that on November 17, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Natalie P. Christmas*
Assistant Attorney General
