UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

    *Plaintiff*,

v.                                                          Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

    *Defendants*.
_____/

## **DEFENDANTS' DEPOSITION DESIGNATIONS FOR TRIAL**

Pursuant to the parties' December 9, 2022 pretrial stipulation, ECF No. 122, Defendants submit their affirmative deposition designations to be used at trial.

**Tony Barker**

Mr. Barker is no longer employed by the Department of Homeland Security ("DHS") and lives more than 100 miles from the courthouse, and thus is unavailable to testify at the trial. *See* Fed. R. Civ. P. 32(a)(4)(B).[1]

Rule 32 governs the use of depositions in court proceedings. Relevant here, the Rule provides that a witness is "unavailable" if "the witness is more than 100

---

[1] Florida has informed Defendants that it intends to object to these designations and Defendants' representation that Mr. Barker is unavailable. Given the upcoming final pretrial conference, scheduled for December 16, 2022, Defendants include their legal position on this matter in this filing—rather than in response to Florida's objections—to ensure the Court has the full picture of the legal dispute prior to the conference.

miles from the place of hearing or trial ... unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). "The Eleventh Circuit has held that district courts have broad discretion in this context." *See Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2019 U.S. Dist. LEXIS 238221, at *3 (M.D. Fla. June 21, 2019) (citing *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)).

In its challenge to Defendants' designations of Mr. Barker's deposition, Florida demanded a large amount of detailed, personal information about Mr. Barker including his current home address and phone number, copies of any operative employment agreements Mr. Barker had with DHS, and details about his resignation from DHS.  However, there is no need for Florida, or the Court, to obtain such extensive, private information in order to determine whether Mr. Barker is unavailable under the Federal Rules.

Upon information and belief, based on the personnel information known to DHS, Mr. Barker currently resides in Fredericksburg, Virginia.  The Court can take judicial notice that Fredericksburg, Virginia is more than 100 miles from the Pensacola courthouse. That is sufficient absent a showing that Defendants procured the witness's absence.  Courts in this Circuit have held that the fact that a witness resides outside the 100-mile zone on its own, with no further information about the witness' availability, is sufficient to offer deposition testimony under Rule

2

32(a)(4)(B). *See, e.g.*, *Kreitman v. Fla. Dep't of Corr.*, No. 4:20cv371-MW/MJF, 2020 U.S. Dist. LEXIS 260124, at *8 n.4 (N.D. Fla. Nov. 30, 2020) ("While this Court reserves ruling on the witnesses' availability or unavailability until trial, this Court takes judicial notice that certain witnesses currently reside more than 100 miles from the federal courthouse in Tallahassee. … Therefore, assuming these witnesses do not come to Tallahassee for the trial, they will be 'unavailable' pursuant to Rule 32(a)(4)(B)."); *Kraese v. Jialiang Qi*, No. CV417-166, 2020 U.S. Dist. LEXIS 125676, at *5 (S.D. Ga. July 16, 2020) ("The Court might take judicial notice of the fact that Tampa, Florida is more than 300 miles from Savannah, Georgia."); *Ikerd v. Lapworth*, 435 F.2d 197, 205 (7th Cir. 1970) (explaining that the court was entitled to take judicial notice that the distance between two cities exceeded the Rule's 100-mile threshold).

To the extent Florida tries to allege that Defendants procured Mr. Barker's absence, it has to point to specific actions Defendants allegedly took to keep Mr. Barker from testifying at the trial, not just that Defendants are not affirmatively undertaking efforts to make Mr. Barker available. *See CFTC v. Fintech Inv. Grp., Inc.*, No. 6:20-cv-652-WWB-EJK, 2022 U.S. Dist. LEXIS 184715, at *1-2 (M.D. Fla. Jan. 26, 2022) ("Plaintiff represents that Cameron Hooper resides more than 100 miles from the courthouse, which Defendants do not dispute, and they do not argue

3

the existence of any foul play. Therefore, this Court finds Mr. Hooper to be unavailable within the meaning of Rule 32….").

"[T]here is a difference between procuring a witness's absence and electing not to procure his attendance." *A.H. v. Evenflo Co.*, 579 F. App'x 649, 656 (10th Cir. 2014); *see also In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, 2022 U.S. Dist. LEXIS 43844, at *11-12 (N.D. Fla. Mar. 11, 2022) ("Witness availability is . . . dependent upon whether the party seeking to use the witness's deposition testimony has taken actions designed to promote unavailability rather than simply non-passive conduct."); *A.H. ex rel. Hadjih v. Evenflo Co.*, 579 F. App'x 649, 656 (10th Cir. 2014) ("A party 'procures' the absence of a witness if it 'actively [takes] steps to keep the deponents from setting foot in the courtroom.") (internal citations omitted); *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, No. 5:14-CV-5262, 2017 U.S. Dist. LEXIS 51799, at *3-4 (W.D. Ark. Apr. 5, 2017) (collecting cases).

Defendants have taken no such steps to procure Mr. Barker's unavailability. Mr. Barker resigned from DHS in October 2022 and Defendants have no ongoing contractual, fiduciary, or employment relationship with him. Even in cases where the witness is still employed by the party offering the deposition testimony, the Court did not find "availability" if they lived outside the 100-mile zone. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2022 U.S. Dist. LEXIS

4

43844, at *11-12 (N.D. Fla. Mar. 11, 2022) ("The cases cited by Defendants, however, rely solely on a corporation's passive relationship with an employee, which the undersigned agrees, by itself, is not enough to show that the witness is available."); *see also Chao v. Tyson Foods, Inc.*, 255 F.R.D. 560, 561 (N.D. Ala. 2009) ("Moreover, the Secretary cannot be said to have 'procured' the absence of an employee or former employee who both resides and works in areas that are hundreds of miles from the courthouse.").

Defendants alerted Florida to Mr. Barker's change in employment at the time it occurred, and that Defendants would no longer be relying on Mr. Barker as a witness in this case. Importantly, Mr. Barker is not listed as a witness on Defendants' pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3), and thus Defendants have no obligation to provide Florida with his current address or contact information. To the extent Florida argues that proof is required to show Mr. Barker's current location, there are a number of problems with that argument. First, such a showing of proof is not required by the case law. *See*, *e.g.*, *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1333 (S.D. Fla. 2012) ("[Rule 32(a)(4)(B) would not require a showing that any of the witnesses were unavailable, and Defendants do not need a process server to demonstrate that a witness resides outside of the 100-mile zone."). Counsel for Defendants have investigated this matter and make this

5

representation as officers of the Court, and the Court can take judicial notice of that fact.

Additionally, as Mr. Barker has spent his entire career in law enforcement, there are real safety and security concerns about disseminating his home address. This risk is particularly concerning given Florida's broad public record laws, and the risk that the information could be release after this litigation is over if the Florida's Attorney General's Office receives a public record request.  Counsel for Florida has advised it will seek to keep it confidential if Defendants provide a written, notarized request from DHS asking that the information be kept confidential, but the confidentiality of the information cannot be assured at this time.

Accordingly, as Mr. Barker is unavailable and resides more than 100 miles from the courthouse, Defendants intend to use at trial the following designations from his Fed. R. Civ. P. 30(b)(6) depositions, taken on July 13, 2022 and August 25, 2022.  The relevant pages cited below have been excerpted and are annexed hereto as Exhibits A and B.

July 13, 2022 30(b)(6) Deposition
- 21:17-22:1
- 35:22-36:14
- 38:11-39:2
- 40:22-41:16
- 42:9-43:8
- 47:2-6
- 47:17-48:25
- 49:22-51:18

- 52:7-57:17
- 57:25-59:15
- 59:19-60:20
- 62:4-63:9
- 63:18-66:5
- 67:10-23
- 68:1-69:21
- 69:23-70:22
- 72:1-6
- 73:3-75:14
- 75:21-77:8
- 78:15-79:12
- 80:21-81:3
- 91:5-25
- 93:15-94:18
- 96:1-99:18
- 102:21-103:5
- 110:12-114:18
- 120:16-122:19
- 130:9-15
- 134:13-135:14
- 149:2-151:24
- 163:2-165:12
- 177:25-180:5
- 188:17-189:12
- 198:14-20
- 199:22-200:11
- 201:2-20

Additionally, Defendants identify the following designations to be used at trial if the Court denies Defendants' motion *in limine* and permits Plaintiff to introduce evidence of the Notice to Report policy at trial. ECF No. 120 at 7-9.

<u>July 13, 2022 30(b)(6) Deposition</u>
- 110:7-11
- 117:24-119:5
- 121:5-11
- 146:13-148:6

Finally, Defendants identify the following designations to be used at trial if the Court denies Defendants' motion *in limine* and permits Plaintiff to introduce substantive evidence of the Parole + ATD policy at trial. ECF No. 120 at 1-7.

<u>July 13, 2022 30(b)(6) Deposition</u>
- 87:9-88:2
- 88:4-17
- 94:4-95:18
- 109:14-110:5
- 122:20-123:18
- 128:25-129:12
- 132:18-134:13
- 145:23-146:4
- 167:3-21

<u>August 25, 2022 30(b)(6) Deposition</u>
- 9:9-11:22
- 12:14-13:13
- 15:14-17:21
- 20:5-21:25
- 25:18-26:11
- 28:16-32:14
- 35:9-36:16
- 41:5-42:21
- 43:5-44:17

- 47:25-48:17
- 58:23-60:21
- 62:15-25
- 67:8-70
- 70:18-74:2
- 78:2-79:8
- 81:10-86:3

Date:  December 13, 2022                     Respectfully submitted,

JASON R. COODY                               BRIAN M. BOYNTON
*United States Attorney*                     *Principal Deputy Assistant Attorney General*

MARIE A. MOYLE                               WILLIAM C. PEACHEY
*Assistant United States Attorney*           *Director*
Northern District of Florida                 Office of Immigration Litigation
                                             District Court Section

                                             EREZ REUVENI
                                             *Assistant Director*

                                             /s/ *Erin T. Ryan*
                                             ERIN T. RYAN
                                             JOSEPH A. DARROW
                                             ELISSA P. FUDIM
                                             *Trial Attorney*
                                             U.S. Department of Justice
                                             Civil Division
                                             Office of Immigration Litigation
                                             District Court Section
                                             P.O. Box 868, Ben Franklin Station
                                             Washington, DC 20044
                                             Tel.: (202) 532-5802
                                             Erin.t.ryan@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division