UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA

*Plaintiff*,

v.                                                          No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA,
*et al.*,

*Defendants*.

**FLORIDA'S OBJECTIONS TO
DEFENDANTS' DEPOSITION DESIGNATIONS**

Florida has no specific objections to Defendants' designations, Doc. 126, but Florida objects to the designations in their entirety because Defendants have not shown that Mr. Barker is unavailable under Rule 32(a)(4). Florida is willing to withdraw its objection if Defendants present additional evidence of Mr. Barker's unavailability. Florida's position is further explained below.

Defendants did not inform Florida until Wednesday, December 7 that they planned to offer Mr. Barker's depositions at trial. Despite bearing the burden, Defendants provided no evidence to Florida regarding Mr. Barker's availability and refused to provide any address or contact information.

In response, Florida asked Defendants a series of questions in an attempt to understand whether Mr. Barker is available at trial. Defendants almost categorically

1

refused to answer these questions even after Florida offered assurances that the information could be kept confidential.

Defendants now contend that DHS's last available records for Mr. Barker reflect an address in Fredericksburg, Virginia. But it appears to Florida that Defendants do not know where Mr. Barker currently resides, have not sought to contact him, and are solely relying on his last known address from when he was an employee. *See* Doc. 126 at 2 ("Upon information and belief, based on the personnel information known to DHS, Mr. Barker currently resides in Fredericksburg, Virginia.").

Defendants, moreover, do not state that they cannot obtain the presence of Mr. Barker at trial. They state only that they have no obligation to do so. Florida believes that if Defendants can obtain Mr. Barker's presence at trial—for example, because his employment agreement continues to require his cooperation in pending cases where he is a material witness—then Defendants' decision not to contact Mr. Barker amounts to procuring his absence under Rule 32(a)(4)(B). And Florida has good grounds for questioning whether Mr. Barker might have continuing obligations to his former employer. *See* Doc. 92 at 9 (representing that "DHS would . . . have to authorize" former Border Patrol Chief Rodney Scott to provide deposition testimony in this case).

Finally, Florida has requested Mr. Barker's phone number so that Florida can request his presence at trial. Defendants have refused to provide that information also. *But see* Fed. R. Civ. P. 26(a)(3)(A)(i)–(ii) (requiring Defendants to provide this information). At a minimum, Defendants' attempts to prevent Florida from requesting Mr. Barker's presence at trial is a separate basis to conclude that "the witness's absence was procured by the party offering the deposition." *See* Fed. R. Civ. P. 32(a)(4)(B).

\* \* \*

If this Court allows Defendants to designate portions of Mr. Barker's depositions, Florida offers the following counter designations.

**July 13, 2022 Rule 30(b)(6) Deposition of Tony Barker**

| **Defendants' Designation** | **Florida's Counter Designations** |
|---|---|
| 62:4–63:9 and 63:18–66:5 | 63:10–63:17 |
| 88:4–88:17 | 88:19–91:3 |
| 132:18–134:13 | 134:14–135:25 |
| 145:23–146:4 | 146:5–148:14 |
| 146:13–148:6 | 145:23–146:4 and 148:8–149:1 |
| 149:2–151:24 | 148:23–149:1 |
| 188:17–189:12 | 189:13–191:2 |
| 199:22–200:11 | 198:21–199:19 and 200:12–200:21 |

3

**August 25, 2022 Rule 30(b)(6) Deposition of Tony Barker**

| Defendants' Designation | Florida's Counter Designations |
|---|---|
| 15:14–54:21 and 20:5–21:25 | 17:22–19:21 |
| 25:18–26:11 and 28:16–32:14 | 27:4–28:15 |
| 67:8–70 and 70:18–74:2 | 70:1–70:17 |
| 78:2–79:8 | 77:13–78:1 |
| 81:10–86:3 | 63:3–65:13 |

    Respectfully submitted,

    Ashley Moody
    ATTORNEY GENERAL

    John Guard (FBN 374600)
    CHIEF DEPUTY ATTORNEY GENERAL

    */s/ James H. Percival*
    James H. Percival (FBN 1016188)
    DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

    Henry C. Whitaker (FBN 1031175)
    SOLICITOR GENERAL

    Natalie P. Christmas (FBN 1019180)
    ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

    Joseph E. Hart (FBN 124720)
    ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

    Anita Patel (FBN 70214)
    SENIOR ASSISTANT ATTORNEY GENERAL

    Karen Brodeen (FBN 512771)
    SPECIAL COUNSEL

    Office of the Attorney General
    The Capitol, Pl-01
    Tallahassee, Florida 32399-1050
    (850) 414-3300
    (850) 410-2672 (fax)
    james.percival@myfloridalegal.com

    *Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides notice to all parties, on this 15th day of December, 2022.

*/s/ James H. Percival*
James H. Percival
