**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**STATE OF FLORIDA**,

    **Plaintiff**,

**v.**                                                                **Case No. 3:21cv1066-TKW-ZCB**

**UNITED STATES OF AMERICA**,
**et al.**,

    **Defendants**.

_____/

## FINAL PRETRIAL ORDER

This case came before the Court for a pretrial conference on December 16, 2022.  The purpose of this Order is to establish the trial plan in accordance with Fed. R. Civ. P. 16(e) and to memorialize the rulings and discussions at the pretrial conference.  Accordingly, it is **ORDERED** that:

1.    <u>Trial Schedule</u>.

    a.    The bench trial will begin at 9:00 a.m. on Monday, January 9, 2023, as previously ordered.  Four days are reserved for trial, although the parties are expected to use only so much of that time as they reasonably need to efficiently try this case.

    b.    Each day, there will be one break in the morning and one break in the afternoon of approximately 15 minutes each; the lunch break will be

around noon and will be 60 to 90 minutes depending on the pace of the trial; and trial will end at, or shortly after, 5:00 p.m.  The start time for each subsequent day will be determined based on the pace of the trial, but will likely not be before 8:30 a.m.

2.      Opening Statements / Closing Arguments.  Each party will be afforded 15 minutes for opening statements, but the parties are expected to use only so much of that time as they need to provide an overview of the evidence they intend to introduce.  The Court will establish a deadline for the submittal of proposed findings after trial in lieu of oral closing arguments at trial, unless the Court determines at the close of the evidence that it will be able to rule from the bench.  No trial briefs or other filings need be submitted before trial.

3.      Rule of Sequestration.  The Rule has not been invoked.

4.      Pretrial Stipulation.  The pretrial stipulation is approved and the pleadings are merged into it.  The pretrial stipulation will control the course of the trial and it and this Order will only be modified to prevent a manifest injustice.

5.      Exhibits.  The parties shall provide each other a set of the exhibits that will be offered at trial, except for rebuttal exhibits that cannot be anticipated before trial.  The parties shall provide a set of the exhibits that may be offered at trial for the witness stand.  The exhibits shall be indexed into a binder for easy and quick

reference.  The parties shall provide the Court hardcopies of the exhibits as they are admitted into evidence at trial.  The exhibits shall not be filed before trial.

6.      Court Reporter.  Any special request for court reporter services, such as a daily copy, must be submitted to the court reporter, Julie Wycoff, as soon as possible.      Her      contact      information      is      850-470-8196      and Julie_Wycoff@flnd.uscourts.gov.

7.      Evidence Presentation System.  Attorneys shall familiarize themselves with the Court's evidence presentation system prior to the time of trial.  Any questions about the system or other information technology matters should be directed to the Court's courtroom deputy clerk, Paula Cawby, at 850-470-8129 or paula_cawby@flnd.uscourts.gov.

8.      Rulings from Pretrial Conference.

a.      *Motion to Withdraw.*  Attorney Bilal Ahmed Faruqui's motion to withdraw (Doc. 129) is **GRANTED**.  Mr. Faruqui shall have no further obligation to represent Plaintiff in this case and the Clerk shall terminate him as counsel of record for Plaintiff.

b.      *Motion in Limine.*  For the reasons stated on the record, Defendants' motion in limine (Doc. 120) is:

i.      **DENIED** as to Issues I and II, with the understanding that evidence concerning the Parole + ATD or NTR policies is admissible

only for background purposes or to establish the existence or legality of the alleged non-detention policy.  Such evidence will not be used to evaluate the legality of those policies.

    ii.      **DENIED** as to Issue III, with the understanding that the Court's ruling on cost-based standing will be based only on the costs attributable to aliens in Florida because of the challenged policies and not costs associated with "get-aways" or "illegal aliens."

    iii.      **DENIED** as to Issue IV.

    iv.      **GRANTED in part** and **DENIED in part** as to Issue V in accordance with the Court's rulings on Defendants' objections to deposition designations.

c.    *Deposition Designations.*

    i.      Plaintiff's objection (Doc. 127) to Defendants' deposition designations is **OVERRULED**, so long as Defendants provide contact information for Tony Barker to Plaintiffs on or before December 23, 2022, and it is confirmed that Mr. Barker will be more than 100 miles from Pensacola during the trial.  The Court will enter an appropriate protective order, if the parties are unable to address the confidentiality concerns about the contact information through other means.

ii.      Defendants' objections (Doc. 128) to Plaintiff's deposition designations that were argued at the pretrial conference are **SUSTAINED in part** and **OVERRULED in part** as stated on the record.  The objections that were not argued at the conference were acknowledged to go the weight of testimony not its admissibility and will be treated accordingly.

d.      *Exhibits.*  The parties (particularly Plaintiff) shall work to pare down the exhibits based on the stipulated facts and rulings at the pretrial conference.

9.      <u>Other Matters</u>.

a.      There will be no re-cross examination as a matter of course.

b.      The parties and attorneys may bring bottled drinks into the courtroom.

c.      The attorneys may bring cell phones and other electronic devices into the courtroom so long as the devices are silenced and do not become a distraction for counsel, the parties, or the Court.

d.      The parties and attorneys should familiarize themselves with the requirements of the Addendum to the Local Rules of the Northern District of Florida on Customary and Traditional Conduct and Decorum in the United States District Court, which the Court expects to be observed during the trial.

  e.  Questions concerning the conduct of trial may be directed to the

Court's law clerk, Jalen LaRubbio, at 850-470-8106 or

jalen_larubbio@flnd.uscourts.gov.

**DONE and ORDERED** this 19th day of December, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

6