# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| STATE OF FLORIDA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-01066 |
| | ) | |
| The UNITED STATES OF AMERICA, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## STIPULATED PROTECTIVE ORDER

## I.   PURPOSES AND LIMITATIONS

This protective order is entered into between the Parties in this litigation to facilitate the Court-ordered disclosure of the address and telephone number of non-party Tony Barker (Mr. Barker's Contact Information) by Defendants to Plaintiff. *See* ECF No. 130.

## II.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a court order otherwise directs. The Parties and any other person(s) or entity subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

## III.   STIPULATION

1.    The Parties agree that Mr. Barker's Contact Information constitutes law enforcement information that is exempt from disclosure under the Florida Public Records Act, including section 119.071(4)(d)2.a., Florida Statutes.  Under section 119.071(4)(d)2.a., Florida Statutes, the home addresses, telephone numbers, dates of birth, and photographs of active or former sworn law enforcement personnel or of active or former civilian personnel employed by a law enforcement agency, including correctional and correctional probation officers; the names, home addresses, telephone numbers, photographs, dates of birth, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel (collectively "Contact Information") are exempt from public disclosure.

2.    Plaintiff agrees that it will keep Mr. Barker's Contact Information Confidential, such that Mr. Barker's Contact Information will be viewed only by Plaintiff's Counsel who have appeared in this action, and their associates, clerks, and paralegals.

3.      Nothing in paragraph 2 above shall prohibit Plaintiff from disclosing Mr. Barker's Contact Information to any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, and stenographic personnel in connection with this action, provided that Plaintiff provides Defendants and Tony Barker, five (5) business days' notice prior to disclosing the Contact Information to such judicial entities.

4.      Absent a court order secured after appropriate notice to all interested persons, as set forth in paragraph 3 above, Plaintiff may not disclose Mr. Barker's Contact Information in the public record in this action.

5.      Use of Mr. Barker's Contact Information shall be restricted to use in this action and shall not be used by Plaintiff for any purpose outside of this action or any other proceeding between the Parties.

6.      If Plaintiff receives a subpoena or other compulsory process from a non-party to this Protective Order, seeking production or other disclosure of Mr. Barker's Contact Information then Plaintiff shall provide notice to Defendants and Mr. Barker within (5) business days after receipt of the subpoena or other compulsory process, enclosing a copy of the subpoena or other compulsory process. Plaintiff shall not produce Mr. Barker's Contact Information to any requesting or subpoenaing non-party, absent a court order.

7.      If Plaintiff's counsel learns that, by inadvertence or otherwise, it, or a person or entity to whom it has disclosed Mr. Barker's Contact Information in accordance with this Protective Order, has disclosed Mr. Barker's Contact Information to any person or entity or in any circumstance not authorized under this Protective Order, Plaintiff's Counsel shall, upon learning of the unauthorized disclosure:

a.  promptly notify the person(s) or entity to whom the unauthorized disclosure was

made that the unauthorized disclosure contains confidential information subject to this Protective Order;

b.  promptly make all reasonable efforts to prevent further unauthorized disclosure of Mr. Barker's Contact Information, including requesting the person(s) or entity who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A;" and

c.  within five (5) business days notify Defendants and Tony Barker of the identity of the person(s) or entity to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of Mr. Barker's Contact Information.

8.  In the event any third party seeks disclosure of Mr. Barker's Contact Information under the Florida Public Records Act, Defendants will reasonably assist Plaintiff by establishing, to the extent necessary, that Mr. Barker is former sworn law enforcement.

9.  By signing the Stipulated Protective Order, the Parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: December 22, 2022

JASON A. COODY
*United States Attorney*

MARIE A. MOYLE
*Assistant United States Attorney*

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Elissa P. Fudim*
ELISSA P. FUDIM
JOSEPH A. DARROW
ERIN T. RYAN
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-6073
Elissa.p.fudim@usdoj.gov

*Counsel for Defendants*

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Joseph E. Hart (FBN 124720)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Anita Patel (FBN 70214)
SENIOR ASSISTANT ATTORNEY GENERAL

Karen Brodeen (FBN 512771)
SPECIAL COUNSEL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

**IT IS SO ORDERED**

Dated: 12/22/22

_____
T. KENT WETHERELL II
United States District Court Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

|  |  |  |
|---|---|---|
| STATE OF FLORIDA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-01066 |
| | ) | |
| The UNITED STATES OF | ) | |
| AMERICA, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, have read and understood the Protective Order

entered in the case of *Florida v. United States of America, et al.*, Case No. 3:21-cv-01066 (N.D.

Fla.), and agree to be bound by all of its terms, including agreeing not to disclose in any manner

Mr. Barker's Contact Information to any person or entity except in compliance with the provisions

of this Protective Order. I understand and acknowledge that failure to so comply could expose me

to applicable consequences and agree to submit to the jurisdiction of the United States District

Court for the Northern District of Florida for the purposes of enforcing the terms of the Protective

Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____      _____
                                Signature

7