UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

v.                                                       Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

   *Defendants*.
_____/

## FLORIDA'S UNOPPOSED MOTION FOR CLARIFICATION

On December 19, 2022, this Court entered its final pretrial order. Doc. 130. Among other things, the order approves the parties' pretrial stipulation. Doc. 130 at 2 (approving Doc. 122). The order states that the pretrial stipulation and the order approving it "will only be modified to prevent a manifest injustice." Doc. 130 at 2.

Following the pretrial conference, Florida has been working to trim down exhibits, cut witnesses, and rely on stipulated facts as much as possible. In that spirit, Florida has identified certain additional facts that the State believes are not disputed. When Florida asked Defendants to stipulate to these facts, however, Defendants represented that they read the Court's order to prevent additional stipulations unless the parties can meet the "manifest injustice" standard.

Florida respectfully asks for clarification. Florida understands the Court's order to prevent the parties from, for example, disclosing new evidence or witnesses. *See* Doc. 118 at 5 (explaining that "witnesses not timely listed in the pretrial stipulation will not be allowed to testify" and that "exhibits not timely listed in the pretrial stipulation will not be admitted into evidence"). Florida also understands the Court's order to prevent the parties from modifying statements in the pretrial stipulation—such as the description of the case and claims. But Florida does not understand the order to prevent the parties from working in good faith to resolve any remaining disputes between now and the trial. Doing so would not result in changes to the pretrial stipulation. Instead, the parties could simply offer any additional stipulations at trial.

To the extent Florida misunderstands the Court's order, the State respectfully asks the Court to modify its order to allow continued dialogue between the parties. Doing so may allow the parties to streamline their cases and save the Court's time and resources.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Joseph E. Hart (FBN 124720)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Anita Patel (FBN 70214)
SENIOR ASSISTANT ATTORNEY GENERAL

Karen Brodeen (FBN 512771)
SPECIAL COUNSEL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

3

## CERTIFICATE OF SERVICE

I certify that on December 27, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ James H. Percival*
Deputy Attorney General
