**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**Case No. 3:21-CV-1066**

**STATE OF FLORIDA**,

        Plaintiff,

  v.

**The UNITED STATES OF**
**AMERICA**, *et al.*,

        Defendants.

_____/

**DEFENDANTS' MOTION TO AMEND**
**THEIR TRIAL WITNESS LIST**

**INTRODUCTION**

Defendants, by and through undersigned counsel, respectfully request the Court's leave to amend their witness list to cross-list Plaintiff's standing witnesses as defense witnesses, should Plaintiff not call their own witnesses to testify about their Article III standing. This amendment is necessitated by the fact that Plaintiff has indicated for the first time today, six days before trial, that it may not call of most of its Article III standing witnesses, instead relying upon the Parties' stipulations of fact as listed in the Joint Pretrial Stipulation (ECF No. 122). Defendants agreed to those stipulations with the understanding that they would be able to cross-examine Plaintiff's witnesses. Accordingly, this amendment will prevent a manifest injustice and prejudice to Defendants should Plaintiff now rely upon the stipulations and no longer make their witnesses available for cross examination. Plaintiff opposes this motion.[1]

---

[1] Plaintiff also intends to file a motion to amend the Joint Pretrial Order to add an exhibit to the exhibit list. Therefore, Defendants attempted to reach an agreement with Plaintiff on this issue to make better use of the Court's time so close to trial, and to permit both parties to make changes they felt were necessary to the Pretrial Order. Defendants take no

## BACKGROUND

On November 29, 2022, Plaintiff emailed Defendants its witness list. The list included the following witnesses: Kimberly Thomas, Department of Corrections; Lavitta Stanford, Department of Corrections; Jacob Oliva, Department of Education; Tony Lloyd, Department of Children and Families; Patti Grogan, Department of Children and Families; Jesse Bottcher, Agency for Health Care Administration; James Heckman, Department of Economic Opportunity; and Robert Kynoch, Department of Highway Safety and Motor Vehicles (hereinafter referred to as the "standing witnesses"). Plaintiff again listed the standing witnesses on the Final Pretrial Stipulation as witnesses it intended to call at trial. *See* ECF No. 122. By contrast, in the Final Pretrial Stipulation, Plaintiff listed other witnesses as only potential witnesses it "may" call. *See* ECF No. 122. The standing witnesses were anticipated to testify to the alleged injury that Plaintiff claims to have sustained because of the policies, and alleged policies, it challenges in this lawsuit.

To streamline this case, the Parties agreed to certain stipulations of fact and law to include in the Pretrial Stipulation. Included within those stipulations were stipulations relevant to Article III standing. However, those stipulations were never intended to be a substitute for the presentation of live evidence to the Court regarding Article III standing, or lack thereof. Indeed, Court denied summary judgment to both Parties on Article III standing based upon similar statements of undisputed facts, concluding, "there are genuine disputes of material fact as to Plaintiff's standing," ECF No. 117, and ordered the Parties to address standing at trial.

Earlier today, however, for the first time, Plaintiff communicated to Defendants that the only standing witness it definitively intends to call is Jacob Oliva from the Department of Education. Defendants do not understand the basis for this development, as no rationale was

position on Plaintiff's anticipated motion. Plaintiff, however, would not extend the same courtesy to Defendants, and thus will be filing an opposition to this motion.

provided by Florida, but Defendants reasonably assume Plaintiff intends to rely solely on the stipulated facts in the Joint Pretrial Stipulation to establish Article III standing, thereby preventing Defendants from questioning Plaintiffs' standing witnesses and eliciting additional, relevant facts that may undercut Plaintiff's position on standing. To allow this eleventh-hour change in tactics by Plaintiff, less than a week before trial is scheduled to begin, would be highly prejudicial to Defendants and would deprive the Court of relevant evidence necessary to evaluate Plaintiff's standing, evidence the Court found lacking in the record at the summary judgment stage.

Defendants immediately informed Plaintiff that they still intend to question Plaintiff's standing witnesses, requested that they be available in Pensacola during the trial, and asked for Plaintiff's consent to the relief sought in this motion. At present, Plaintiff has not confirmed that it will make its witnesses available for cross-examination, and has only indicated that it opposes this motion.

## <u>ARGUMENT</u>

Plaintiff seeks to have the Court decide the Article III standing issues based almost solely upon the undisputed facts included within the Parties' Joint Pretrial Stipulation, thereby precluding Defendants from eliciting those facts which are indeed disputed or otherwise challenging the relevance of various stipulated facts. Defendants submit—particularly considering the Court's decision denying summary judgment to both Parties on Article III Standing—that there are facts—some disputed by Plaintiff—that are relevant to the Court's standing analysis, which go beyond the stipulations. Defendants always intended to elicit such facts via live testimony when cross-examining Plaintiff's witnesses. Stated differently, Defendants agreed to many of the stipulations with the explicit understanding that Defendants would be able to cross-examine Plaintiff's witnesses regarding the inferences to be drawn from those undisputed facts, and with the ability to

elicit additional facts. Defendants never would have agreed to those stipulations relevant to standing had Plaintiff suggested that its plan was to limit the Court's analysis of standing to only those stipulations, or that those stipulations would take the place of live testimony subject to cross-examination. And while Defendants understood following the final pre-trial conference that Plaintiff might limit its witnesses to avoid redundancies (for example, Plaintiff had listed two witnesses from Children and Family Services, and two witnesses from the Department of Corrections), Defendants never understood Plaintiff to be foreshadowing that it might reduce all its witnesses to a single one.

Accordingly, Defendants respectfully request the Court's leave to amend their witness list to add Plaintiff's standing witnesses, to reserve Defendants' ability to call these witnesses in their case in chief, should Plaintiff fail to call these witnesses. In its Final Pretrial Order, the Court ordered that the Pretrial Stipulation would "only be modified to prevent a manifest injustice." ECF No. 130 at ¶ 4. To permit Plaintiff to withdraw all but one of their standing witnesses, without allowing Defendants the opportunity to add them to their witness list, would be just such an injustice.

Although under Rule 16, a pretrial order should not be modified except to avoid manifest injustice, *see* Fed. R. Civ. P. 16(e), "an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow to might result in injustice to the movant, and the inconvenience to the court is slight." *United States v. Varner*, 13 F.3rd 1503, 1507 (11th Cir. 1994) (quotation and citation omitted). Thus, the Eleventh Circuit has held that "[t]here is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court." *Id*. at 1507-08.

4

That standard is readily satisfied here. Had Defendants known Plaintiff was considering its standing witnesses only as potential witnesses, Defendants would have added them to their witness list from the start. Similarly, if Plaintiff had expressed that it intended to rely only on the agreed upon facts in the Pretrial Stipulation to prove Article III Standing, Defendants would have taken a different position on which facts to which to stipulate. However, Defendants relied on Florida's representations and attempted, in good faith, to streamline the trial as much as possible. Florida should not be permitted to take advantage of that good faith at the eleventh hour, effectively preventing Defendants from making a complete record on Florida's alleged standing injuries. The Court, and the Parties, deserve all the relevant evidence related to Article III standing, which can only happen if these witnesses are questioned.

Moreover, allowing Defendants to add witnesses Plaintiff had previously represented they would call will cause no injury to Plaintiff. There is also no inconvenience to the Court in Defendants calling witnesses that were already anticipated to be called to address standing and for which time had already been budgeted into the trial length. And refusal to allow amendment will result in injustice to Defendants. By changing course days before trial, Plaintiff has effectively amended the pretrial order unilaterally, and it would be manifestly unjust not to allow Defendants to make a corresponding change to add witnesses Defendants would have listed had Plaintiff not disclosed its plan for witnesses for the first time on the eve of trial. *Jarema v. United States*, No. 8:19-CV-197-T-24CPT, 2020 WL 10692986, at *3 (M.D. Fla. July 7, 2020) (granting motion to amend pretrial order to allow substitute witness on the same topic when original witness was no longer available to testify at trial as anticipated); *Lincoln Benefit Life Co. v. Stamps*, No. 1:04-CV-1272-JEC, 2008 WL 11336942, at *1-2 (N.D. Ga. Sept. 23, 2008) (granting motion to amend pretrial order to add witnesses, finding no prejudice to the opposing party).

5

   If Plaintiff will not call these witnesses during their case in chief, then Defendants are prepared to do so. Accordingly, Defendants respectfully request that Court permit this change to Defendants' witness list.[2]

Date:  January 3, 2023                    Respectfully submitted,

JASON R. COODY                            BRIAN M. BOYNTON
*United States Attorney*                  *Principal Deputy Assistant Attorney General*

MARIE A. MOYLE                            WILLIAM C. PEACHEY
*Assistant United States Attorney*        *Director*
Northern District of Florida              Office of Immigration Litigation
                                          District Court Section

                                          EREZ REUVENI
                                          *Assistant Director*

                                          /s/ *Erin T. Ryan*
                                          ERIN T. RYAN
                                          JOSEPH A. DARROW
                                          ELISSA P. FUDIM
                                          *Trial Attorneys*
                                          U.S. Department of Justice
                                          Civil Division
                                          Office of Immigration Litigation
                                          District Court Section
                                          P.O. Box 868, Ben Franklin Station
                                          Washington, DC 20044
                                          Tel.: (202) 532-5802
                                          Erin.t.ryan@usdoj.gov

                                          SARAH STEVENS WILSON
                                          *Assistant Director*
                                          Office of Immigration Litigation
                                          Appellate Section

---

[2] Defendants are prepared to subpoena these witnesses to ensure their presence at trial, if necessary or requested by the Court.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 3, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: <u>*/s/ Erin T. Ryan*</u>
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division