**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA,

   *Plaintiff*,

v.                                           Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

   *Defendants*.
_____/

## **FLORIDA'S MOTION TO SUPPLEMENT ITS EXHIBIT LIST**

On Friday, December 30, 2022, DHS produced documents to Florida in response to a FOIA request. *See* Ex. 1. Florida moves to add one document from that production—an email dated January 28, 2021 (the January 28 email), Ex. 1 at 3–6—to avoid manifest injustice at trial. The document, which Defendants should have produced in discovery, flatly contradicts deposition testimony that Defendants plan to offer at trial and is inconsistent with representations they have made throughout this litigation.

Defendants do not oppose this motion but "take no position." Florida therefore understands that the Court may rule on this motion without a response from Defendants.

## BACKGROUND

From the outset of this suit, Florida's position has been that Defendants made a deliberate policy change on or shortly after January 20, 2021. As alleged by Florida, part of that policy includes "eliminat[ing] effective measures that make more detention capacity available" so that Defendants' unlawful releases "appear justified and necessary." Doc. 1 ¶ 34. Florida refers to this new policy as the "non-detention policy." Doc. 16 ¶ 19. Defendants have consistently denied these allegations without caveat or qualification. *E.g.*, Doc. 53 ¶¶ 59–60 (denying Doc. 16 ¶¶ 59–60). As recently as summary judgment, Defendants told this Court the following:

> To the extent there has been an increase in the number of releases under sections 1182(d)(5)(A) or 1226(a) since January 20, 2021, *this has not been due to an orchestrated top-down policy decision*, but instead is driven by several factual circumstances, including a significant increase in migration by noncitizens that the United States is currently unable to remove (because, for example, of a lack of diplomatic relations with their countries of origin) and overcrowding concerns and attendant disease risks in detention facilities.

Doc. 88-1 at 37 (emphasis added).

Consistent with that position, Defendants have indicated that they plan to offer deposition testimony from their Rule 30(b)(6) witness, Tony Barker, at trial. The designated testimony includes the following: "there is no change, I would say, in regards to necessarily how we're doing business" at the border since January 20, 2021. Doc. 126 at 7 (designating Doc. 126-1 at 163:2–15).

On Friday, December 30, 2022, Florida received a production of documents from DHS in response to a FOIA request. *See* Ex. 1; *see also Florida v. DHS*, No. 21-14462 (S.D. Fla.). Defendants did not produce these documents in discovery even though Florida's FOIA requests track its discovery requests almost verbatim. *Compare* Ex. 2 (requests 1–20), *with* Doc. 89-2 (requests 1–23). In other words, it appears that a FOIA officer at DHS believed the documents responsive, while counsel in this case either deemed them non-responsive, did not locate them, or withheld them. *But see* Doc. 89-3 at 3 (representing that Defendants did not withhold documents on the basis of privilege); Fed. R. Civ. P. 34(b)(2)(C) (requiring Defendants to "state whether any responsive materials are being withheld on the basis of [an] objection").

The first document in the FOIA production is the January 28 email. Ex. 1 at 3–6. The email chain includes Defendant CBP Commissioner, then-Border Patrol Chief Rodney Scott, and Defendants' trial witnesses Raul Ortiz and Tony Barker. Ex. 1 at 4–5. The subject of the email is a request for information regarding "release of migrants along [the] border," and its purpose appears to be talking points for the CBP Commissioner's upcoming meeting with "the AS," which Florida takes to mean the Acting Secretary of DHS. Ex. 1 at 3.

The email—eight days after President Biden took office—states that "pause[s] on processing pathways" and "recent policy changes" have "impacted [Border

3

Patrol's] ability to expeditiously process and remove" aliens encountered at the border. Ex. 1 at 5. It further states that Border Patrol "will be required to promptly process and release family units and single adults due to lack of adjudication pathways" and challenges related to the pandemic. Ex. 1 at 5.

## ARGUMENT

To add an additional trial exhibit, Florida must show that doing so is required "to prevent a manifest injustice." Doc. 130 at 2; *see United States v. Varner*, 13 F.3d 1503, 1507–08 (11th Cir. 1994). The January 28 email, especially in light of the surrounding circumstances, meets that standard.

First, Florida did not act negligently. Defendants alone possessed the January 28 email, and DHS did not provide the email to Florida until 5 days ago.

Second, the January 28 email does not change the nature of Florida's claims or Defendants' response. *Varner*, 13 F.3d at 1507–08 (allowing late addition to exhibit list where amendment "did not significantly alter the defendant's case"). As explained above, the document merely corroborates allegations Florida has been making since the outset.

Third, Defendants are not prejudiced by adding the exhibit. In the email, Raul Ortiz personally endorses the accuracy of the relevant language by forwarding the email to CBP Chief of Staff Lise Clavel for use in a meeting with the Acting Secretary. Ex. 1 at 4. Defendants list Chief Ortiz on their witness list for trial, and

he is well positioned to provide any explanation Defendants wish to offer. Moreover, Defendants were on notice that Florida would seek to prove the basic substance of the January 28 email at trial and thus had an opportunity to prepare accordingly. *Cf. McAlister-Jones v. Foote*, 720 F. App'x 971, 975 (11th Cir. 2017) (finding no abuse of discretion where district court amended pretrial order to allow a claim for future wages where record reflected that Defendant was or should have been aware of Plaintiff's claim). Notably, Defendants do not oppose this motion.

## CONCLUSION

For the foregoing reasons, the Court should grant Florida's request to add the January 28 email to its exhibit list.

>Respectfully submitted,
>
>Ashley Moody
>ATTORNEY GENERAL
>
>John Guard (FBN 374600)
>CHIEF DEPUTY ATTORNEY GENERAL
>
>*/s/ James H. Percival*
>James H. Percival (FBN 1016188)
>DEPUTY ATTORNEY GENERAL OF LEGAL POLICY
>
>Henry C. Whitaker (FBN 1031175)
>SOLICITOR GENERAL
>
>Natalie P. Christmas (FBN 1019180)
>ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY
>
>Joseph E. Hart (FBN 124720)
>ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY
>
>Anita Patel (FBN 70214)
>SENIOR ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

### CERTIFICATE OF WORD COUNT

Consistent with Local Rule 7.1(F), this motion contains 961 words.

### CERTIFICATE OF CONFERRAL

Consistent with Local Rule 7.1(B), counsel for Florida conferred by email with counsel for Defendants regarding this motion. Defendants take no position on the relief sought.

## CERTIFICATE OF SERVICE

I certify that on January 4, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ James H. Percival*
Deputy Attorney General
