## Natalie Christmas

| | |
|---|---|
| **From:** | Natalie Christmas |
| **Sent:** | Monday, October 11, 2021 2:52 PM |
| **To:** | foia@hq.dhs.gov; uscis.foia@uscis.dhs.gov; ice-foia@dhs.gov |
| **Cc:** | James Percival |
| **Subject:** | *Request for Expedited Processing* State of Florida FOIA Requests |
| **Attachments:** | FOIA Request 10.11.2021.pdf |
| | |
| **Importance:** | High |

Good afternoon,

Please see the attached FOIA Requests directed to the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, U.S. Immigration Customs & Enforcement, and U.S. Customs and Border Protection.

Thank you,



Natalie Christmas
Assistant Attorney General of Legal Policy
Office of the Attorney General
PL-01 The Capitol │ Tallahassee, FL 32399-1050
Tel.: ██████████
E-mail: Natalie.christmas@myfloridalegal.com



**ASHLEY MOODY**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
**James H. Percival**
**Deputy Attorney General of Legal Policy**

PL-01 The Capitol
Tallahassee, FL 32399
Phone (850) 414-3300
*james.percival@myfloridalegal.com*

October 11, 2021

Via Electronic Submission

Dear Sir or Madam,

Please accept this request for records under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, on behalf of the State of Florida. Copies of the following records must be provided:

1. Any records that discuss whether the Department of Homeland Security (DHS),[1] or any DHS employee, believes DHS has discretion to release rather than detain inadmissible aliens entering the United States from the Southern border.[2]
2. Any records that disclose or discuss a policy of releasing inadmissible aliens entering the United States from the Southern border.
3. Any records that disclose or discuss a policy of issuing "notices to report" to aliens subject to removal from the United States rather than charging documents.
4. Any records that reflect instructions to DHS employees regarding how to exercise DHS's parole authority under 8 U.S.C. § 1182(d)(5)(A) with respect to inadmissible aliens entering the United States from the Southern border.
5. The administrative record for any policies to the extent identified in (1)–(4).
6. Any records that discuss DHS actions or plans concerning immigration detention capacity, including any plans to reduce such capacity.
7. Any records that discuss using a lack of detention capacity as a rationale for reducing immigration enforcement.
8. Any records that discuss whether to increase detention capacity and how that might undermine the rationale for the current Administration's immigration policies.

---

[1] References to DHS are also intended to include DHS components, especially Immigration and Customs Enforcement (ICE), Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS).

[2] The phrase "inadmissible aliens entering the United States from the Southern border," used repeatedly in this request, is intended to include illegal border crossers, as well as aliens who arrive at a port of entry. It is also intended to include those with pending claims for asylum or similar relief.

1

9. Any records that disclose or discuss the number of inadmissible aliens entering the United States from the Southern border whom DHS has paroled under 8 U.S.C. § 1182(d)(5)(A).

10. Any records that disclose or discuss the number of persons whom DHS has issued a "notice to report."

11. Any records that disclose or discuss the anticipated effect of DHS's September 30, 2021 enforcement guidance on DHS's detention capacity.

12. Any records that disclose or discuss the anticipated effect of DHS's September 30, 2021 enforcement guidance on the volume of immigration enforcement actions.

13. Any records that disclose or discuss the anticipated effect of DHS's September 30, 2021 enforcement guidance on DHS's use of its parole authority under 5 U.S.C. § 1182(d)(5)(A).

14. Any records that disclose or discuss the anticipated effect of DHS's September 30, 2021 enforcement guidance on DHS's decision to issue "notices to report" rather than charging documents.

15. Any records that discuss the content of any training that has been or will be conducted as contemplated by DHS's September 30, 2021 enforcement guidance.

16. Any records that discuss the transportation (whether by government or nongovernment officials) of inadmissible aliens entering the United States from the Southern border who have been released into the United States rather than detained or removed, including the states (and the locations within the states) to which any such aliens may be transported.

17. Any records that disclose or discuss the existence or number of inadmissible aliens entering the United States from the Southern border who have been released into the United States whom DHS knows or has reason to believe have resettled in Florida.

18. Any records reflecting the likely address in the United States of inadmissible aliens entering the United States from the Southern border who have been released into the United States rather than detained or removed. To the extent the specific locations may properly be withheld, please provide state-level information.

19. Any records that discuss the number of aliens subject to mandatory detention, such as under 8 U.S.C. §§ 1226(c) or 1231(a)(2), whom the government nonetheless decides to release into the interior of the United States.[3]

This request is limited to records created between January 20, 2021 and the date of your response. Further, the search may be limited to the records of the following persons, as well as their predecessors and successors (to include both individuals who held the same office as well as those who performed the functions and duties of the same office in an acting capacity or otherwise), and their respective immediate staff members:

- Alejandro Mayorkas, Secretary of Homeland Security

---

[3] The phrase "subject to mandatory detention" refers to statutory language using phrases like "shall detain" or "may release . . . only if."

- John K. Tien, Deputy Secretary of Homeland Security
- Jennifer Higgins, Chief of Staff, Department of Homeland Security (acting)
- Karen Olick, Former Chief of Staff, Department of Homeland Security
- Kimberly O'Connor, Executive Secretary, Department of Homeland Security
- David Gersten, Ombudsman for Immigration Detention (acting)
- David Shahoulian, Former Assistant Secretary of Border Security and Immigration, Department of Homeland Security
- Ur M. Jaddou, Director, U.S. Citizenship & Immigration Services
- Tracy Renaud, Deputy Director (acting), U.S. Citizenship & Immigration Services
- Troy Miller, Commissioner (acting), U.S. Customs & Border Protection
- Benjamine C. Huffman, Deputy Commissioner (acting), U.S. Customs & Border Protection
- Christopher Kelly, Branch Chief, U.S. Customs & Border Protection
- Raul Ortiz, Chief, U.S. Border Patrol
- William Ferrara, Executive Assistant Commissioner, U.S. Customs & Border Protection Office of Field Operations
- Marguerite Lise Clavel, Chief of Staff, U.S. Customs & Border Protection
- Tae Johnson, Director (acting), U.S. Immigration & Customs Enforcement
- Patrick J. Lechleitner, Deputy Director (acting), U.S. Immigration & Customs Enforcement
- Enrique M. Lucero, Former Field Office Director and Executive Associate Director (acting), Enforcement and Removal Operations
- Matthew Allen, Assistant Director for Investigative Programs, Homeland Security Investigations
- Timothy Perry, Chief of Staff, U.S. Immigration & Customs Enforcement
- Kerry E. Doyle, Principal Legal Advisor, U.S. Immigration & Customs Enforcement
- John Trasviña, Former Principal Legal Advisor, U.S. Immigration & Customs Enforcement
- Michael P. Davis, Executive Deputy Principal Legal Advisor for the Office of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement
- Corey A. Price, Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement
- Eliman Solorzano, Special Assistant to the Chief of Staff, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement
- Peter Berg, Deputy Executive Associate Director (acting), Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement
- Mitchell Diaz, Assistant Field Office Director, Miami Field Office, U.S. Immigration & Customs Enforcement
- Monica Burke, Acting Assistant Director of Custody Management Division, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement
- Tim Quinn, Executive Director, Intergovernmental Public Liaison, U.S. Customs & Border Protection

3

I request that these records be processed on an expedited basis and produced in an electronic format no later than 20 working days from the date of this request. Expedited treatment is warranted because the polices at issue raise serious questions regarding the federal government's compliance with the law, implicate public safety, and are a matter of widespread and exceptional media interest. Further, it is urgent that the State of Florida be able to prepare for the influx of aliens entering its territory and the resulting drain on its resources.

I ask that any fees be waived because of the significant public interest in the federal government's enforcement of the nation's immigration laws and the widespread media attention the border crisis is receiving.

If you have any questions, please contact me using the contact information in the letterhead.

**Certification in Support of Expedited Processing**

I hereby certify that all statements provided in the foregoing request are true and correct to the best of my knowledge.

Sincerely,

James H. Percival
Deputy Attorney General of Legal Policy