UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

v.   Case No. 3:21-cv-1066-TKW-ZCB

The UNITED STATES OF AMERICA;
*et al.*,

   *Defendants*.

_____/

**FLORIDA'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND THEIR WITNESS LIST**

Defendants seek to amend their witness list six days before trial because, they say, they assumed they "would be able to cross-examine Plaintiff's witnesses." Doc. 137 at 1. But Florida cutting standing witnesses was anticipated by all sides and encouraged by the Court. And Florida does not understand how Defendants are prejudiced by their inability to cross examine witnesses that do not testify at trial. For that reason, and those that follow, Florida opposes the motion.

**BACKGROUND**

When the parties exchanged witness lists and drafted the pretrial stipulation, Florida and Defendants made different strategic choices. Florida chose to designate deposition testimony from Defendants' witnesses and to list Defendants' witnesses on its witness list. Doc. 122 at 15–16; Doc. 125. Defendants, by contrast, decided to

do neither. Doc. 122 at 16, Doc. 126. They did not list Florida's witnesses on their witness list, and they did not designate any testimony from their Rule 30(b)(6) depositions of Florida's agencies. *See* Fed. R. Civ. P. 32(a)(3) (making such designations admissible).

Because Defendants had a duty to disclose evidence they planned to present unless "solely for impeachment," Fed. R. Civ. P. 26(a)(3)(A), Florida understood Defendants' plan to be not to offer any affirmative evidence on standing because Florida bears the burden of proof. Instead, Defendants' plan appeared to be only to impeach Florida's witnesses. That strategic decision—by its very nature—limited the evidence Defendants would be able to present because the scope of cross examination is limited to "the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b).

At the pretrial conference, Florida and the Court were clear. The Court stated as follows: "The parties [stipulated to] facts that seem to go directly to the issue of Florida's standing, yet we still have listed as potential witnesses a lot of witnesses that go to the question of Florida's standing." Tr. of Dec. 16 Hr. at 9–10. The Court was clear that it expected Florida to trim its case down to "no more than two days." Tr. of Dec. 16 Hr. at 126. In response, Florida stated that "we're going to go through this with a fine-tooth comb, Your Honor, and see if there are witnesses we can drop

entirely." Tr. of Dec. 16 Hr. at 63. Florida also filed an unopposed motion to allow further stipulations, which this Court granted. Doc. 135.

At no point between the pretrial conference and the filing of Defendants' motion yesterday did Defendants express any concerns with Florida cutting witnesses. In fact, Defendants agreed to additional stipulations after Florida told Defendants that the purpose of the stipulations was to cut witnesses. Ex. 2 at 1. Even as early as the status conference on November 18, 2022, Defendants agreed that "it's possible we can stipulate to some of the facts regarding standing and, you know, avoid having to go through all the different Florida agency witnesses." Tr. of Nov. 18 Hr. at 57.

Defendants again expressed this understanding on December 21. Counsel stated the following in an email that day: "[Y]ou had mentioned at the pretrial conference possibly cutting down the number of state witnesses you're presenting at trial. Have you made any decision on that yet?" Ex. 2 at 3. Counsel for Florida responded almost immediately: "We are aiming to definitely get through our case in the first two days . . . you may want to have someone ready in the afternoon of day 2 [because] we are baking in time to deal with objections to exhibits." Ex. 2 at 3. Defendants expressed the same understanding yet again on December 28. *See* Ex. 1 at 1.

3

Since that time, Florida calculated the time necessary to present its case on the merits and determined that its merits presentation will take more than a full day. As such, Florida does not have time to present anywhere close to the eight standing witnesses on its witness list. Florida also believes that Mr. Oliva's testimony will take several hours and will be of most interest to the Court. Given that, and the time needed to deal with Defendants' substantial objections, Florida decided to rest on the stipulations for its remaining theories of standing. Florida therefore communicated to Defendants on Tuesday, January 3 that the State only plans to call Mr. Oliva.

Defendants immediately objected. Florida asked for further conferral and informed Defendants that it was happy to agree to further stipulations to resolve Defendants' concerns. Defendants declined these offers and filed their motion only hours after informing Florida of their intentions. Doc. 137. Defendants still have not told Florida what specific evidence they wish to present or which specific witnesses they wish to call.

## ARGUMENT

The Eleventh Circuit considers three factors in reviewing a decision to allow or exclude a witness not listed in the pretrial order: (1) "the importance of the testimony," (2) "the reason for the failure to disclose the witness earlier," and

(3) "the prejudice to the opposing party." *R.M.R. ex. rel. P.A.L. v. Muscogee Cnty. Sch. Dist.*, 165 F.3d 812, 818 (11th Cir. 1999).

As to the importance of the testimony, Defendants insist that they must be "able to cross-examine Plaintiff's witnesses." Doc. 137 at 1. Florida does not understand that objection. If a witness does not testify, there is no need for cross examination. *See* Fed. R. Evid. 611(b) (limiting the scope of cross examination to "the subject matter of the direct examination and matters affecting the witness's credibility"). In fact, because Florida bears the burden to establish standing, Florida's decision not to call a witness only helps Defendants.[1]

As to the reason for the failure, Defendants made an intentional strategic decision. Specifically, Defendants decided not to present affirmative evidence on Florida's standing but instead to rely solely on cross examination to hold Florida to its burden. Defendants should not be able to clothe their regrets about that decision in the high standard of manifest injustice. *Cf. Staten v. D.R. Horton Inc.*, No. 2:17-cv-376, 2018 WL 11280850, at *2 (N.D. Ala. 2018) (explaining that "serious misconduct of counsel" may create a "manifest injustice" for a client but run of the mill "attorney error" does not).

---

[1] Defendants also argue that they "agreed to th[e] stipulations with the understanding that they would be able to cross-examine Plaintiff's witnesses." Doc. 137 at 1. This argument is perplexing. Florida understands the stipulations to reflect facts that Defendants do not dispute. Defendants are not entitled to impeach their own stipulations.

As to prejudice, Florida has been preparing its case on the assumption that Defendants would only impeach its standing witnesses. Florida has not prepared for Defendants to call its witnesses. Moreover, Defendants already plan to call four live DHS witnesses and read Tony Barker's deposition into evidence. Doc. 122 at 16. To the extent Defendants have time to call any of Florida's witnesses, they certainly could not call all of them, and they have refused to tell Florida which witnesses they desire to call.

* * *

Defendants could have avoided their current situation in at least two ways. First, they could have designated testimony from the Rule 30(b)(6) depositions they took of Florida's agencies. Second, they could have listed Florida's witnesses on their witness list. Defendants' regrets do not create a manifest injustice. But to the extent the Court concludes otherwise, Florida respectfully submits that it would better serve the Court and the parties to allow Defendants to designate deposition testimony out of time rather than adding new witnesses.

## CONCLUSION

For these reasons, the Court should deny Defendants' motion.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Joseph E. Hart (FBN 124720)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Anita Patel (FBN 70214)
SENIOR ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

# CERTIFICATE OF WORD COUNT

Consistent with Local Rule 7.1(F), this response contains 1,268 words.

## CERTIFICATE OF SERVICE

I certify that on January 4, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ James H. Percival*
Deputy Attorney General
