# James Percival

| | |
|---|---|
| **From:** | Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov> |
| **Sent:** | Friday, December 30, 2022 3:48 PM |
| **To:** | James Percival; Fudim, Elissa P. (CIV); Ryan, Erin T. (CIV) |
| **Cc:** | Natalie Christmas; Reuveni, Erez R. (CIV); Joseph Hart; John Guard; Anita Patel; Karen Brodeen |
| **Subject:** | RE: FL v. U.S. - next steps |

Hi Jimmy,

You had mentioned at the pretrial conference that you were considering narrowing down your witness and/or exhibit list(s). Have you made any decisions in this area?

Additionally, at the pretrial conference, we had discussed what purpose you might need to call our witnesses for in your case, and you had indicated you might call them out of order to lay the foundation for certain documents. Now that the court has permitted additional stipulations, do you want to let us know which documents and we will consider whether we can come to an agreement on them, to avoid the need for you to call our witnesses?

Thanks,

Joe

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Wednesday, December 28, 2022 1:38 PM
**To:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** [EXTERNAL] Re: FL v. U.S. - next steps

Hi Joe,

Now that the court has clarified things, is there anything you need from us regarding our proposed stipulations? The previous stipulations already set the amount spent, and we are just trying to connect those to the statutes and regs, which provide additional details. This doesn't seem controversial to us, but we are happy to tweak the language to accommodate any concerns.

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Tuesday, December 27, 2022 12:46 PM
**To:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** RE: FL v. U.S. - next steps

Thanks, Joe. We are considering filing a motion for clarification to confirm that the Court does not wish the parties to stipulate to any additional facts. We assume the Court would prefer the parties keep working in good faith

towards eliminating disputes at trial, and we plan to explain that Defendants take the position that the parties are foreclosed from doing so. Please confirm your position.

To be clear, we aren't asking you to stipulate to what the statutes and rules say. We are asking you to stipulate that those statutes and rules are what define eligibility, which there seemed to be some dispute about in drafting the stip. This shouldn't be disputed because it's all a matter of public record, and it would be an extraordinary waste of time to put a witness on the stand just to make that connection.

---

**From:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Sent:** Tuesday, December 27, 2022 12:35 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** RE: FL v. U.S. - next steps

Hi Jimmy,

We don't think we should attempt to create new or different stipulations given the Court's language in the pretrial order that the pretrial stipulation
"will only be modified to prevent a manifest injustice." We don't think circumstances meet this high bar.  And, to the extent that the stipulations proposed are just recognizing what various statutes provide, you don't need us to stipulate to that anyway.

As for the exhibits, we will get you answers on any additional objections by the end of today….holidays and people being out have made things difficult this week.  Additionally, we want to note that we will be counter designating portions of those videos to play for the Court to add the appropriate context to your portions, and aim to let you know what those are later this week.

Thanks,

Joe

---

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Thursday, December 22, 2022 10:19 AM
**To:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** [EXTERNAL] RE: FL v. U.S. - next steps

Joe, Erin,

As I mentioned, we are hoping we can work together to stipulate to a few additional facts between now and trial. We may circle back with additional issues, but here are the two stipulations we are hoping to get. Both of these are designed to address issues where our negotiations previously broke down. My hope is that by simply pointing to the relevant statutes and regulations we can reach agreement. These statutes discuss, for example, the five-year eligibility bar that applies to certain aliens, which I think you had proposed including in the stipulation.

- Qualifying noncitizens, as discussed in paragraphs 57–59 of the pre-trial stipulation, include those defined in 8 U.S.C. §§ 1612 and 1613. Qualifying noncitizens include Cuban and Haitian entrants, as defined in section 501(e) of the Refugee Education Assistance Act of 1980, currently codified in the statutory note to 8 U.S.C. § 1522.
- The types of services including within "emergency medical services," as described in paragraphs 42–46 of the pre-trial stipulation, are set out in Fla. Admin. Code 59G-1.058, Fla. Admin. Code 59G-1.050, and 42 C.F.R. § 440.255.

**From:** James Percival
**Sent:** Wednesday, December 21, 2022 3:46 PM
**To:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** RE: FL v. U.S. - next steps

We have not made any final decisions on our witnesses, but we are OK calling your witnesses out of order. I would also reiterate that the more we can work out the objections to exhibits the less likely it is we will need your witnesses.

We are aiming to definitely get through our case in the first two days. So I would think you would be good scheduling your witnesses on days 3 and 4 as you see fit.

Having said that, you may want to have someone ready in the afternoon of day 2 in case we finish earlier. As of right now, we are baking in time to deal with objections to exhibits. If we can work that out we may finish early.

**From:** Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Sent:** Wednesday, December 21, 2022 3:37 PM
**To:** Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; James Percival <James.Percival@myfloridalegal.com>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** RE: FL v. U.S. - next steps

Hi Jimmy,

You mentioned at the pretrial conference possibly cutting down the number of state witnesses you're presenting at trial. Have you made any decision on that yet? And if so, how do you think it would impact your sense of how long your case in chief will run? Also, do you think you will need to call our witnesses in your case in chief, or can we agree to handle anything you'd want to call them for out-of-order in our case? I ask because we are trying to get a sense of which days our witnesses will need to be in Pensacola, so they can book their travel.

Thanks,

Joe

**From:** Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Sent:** Wednesday, December 21, 2022 2:29 PM
**To:** James Percival <James.Percival@myfloridalegal.com>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Darrow, Joseph

A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** RE: FL v. U.S. - next steps

James,

Per my earlier email, attached is a draft Protective Order to govern the transmission of Mr. Barker's contact information. Please circle back to us with any edits by the end of the day. If you have no edits, please insert your signature block and sign, and we will then countersign and file.

Thanks,
Elissa

**From:** James Percival <James.Percival@myfloridalegal.com>
**Sent:** Wednesday, December 21, 2022 11:42 AM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Cc:** Natalie Christmas <Natalie.Christmas@myfloridalegal.com>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Joseph Hart <Joseph.Hart@myfloridalegal.com>; John Guard <John.Guard@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Karen Brodeen <Karen.Brodeen@myfloridalegal.com>
**Subject:** [EXTERNAL] FL v. U.S. - next steps

Joe, Erin,

I hope you are well and had a safe trip back to DC. We wanted to reach out on a few things in hopes of streamlining some issues for the trial.

First, we wanted to make sure we were on track to get Mr. Barker's contact information by the Friday deadline. We also wanted to be clear that, to the extent you plan on seeking confidentiality pursuant to a protective order or a Florida public records exception, we need some lead time to work all that out before Friday. We request any draft protective order or any affidavit for Florida's public records exception by 10 am tomorrow, especially because Friday is a holiday in Florida government this year.

Second, we wanted to give you some updates on exhibits in hopes of streamlining things.
1. We will likely be cutting down the standing exhibits significantly, and we may use some of them to refresh recollection as necessary rather than admitting them.
    o As part of that, we have identified a few additional facts that we are hoping the parties can stipulate to. They are very basic things, which we think are likely judicially noticeable, such as "eligibility for X benefit is set out in Y statute."
    o We will try to get you a draft of these additional proposed stipulated facts ASAP.
2. Several exhibits are videos we are planning to play at trial. Since they are pretty long, we are giving you notice of the portions we want to play. Please let us know if this raises any issues beyond the objections you already preserved. To the extent a transcript is available, we would not plan to offer it because we can play the video, and the court seemed to indicate a preference to only receive the portions we are relying on.
    o Exhibit 38 - Operation Horizon ICE training Video 1: 0:00-1:32
    o Exhibit 39 - Operation Horizon ICE training Video 2: 0:00-0:03 & 1:13-3:56
    o Exhibit 40 - Operation Horizon ICE training Video 3: 0:00-0:03 & 38:29-43:18
    o Exhibit 61 - May 4, 2022 Mayorkas Testimony: 0:00-0:05 & 2:28:16-3:32:12. Available here. https://www.hsgac.senate.gov/hearings/05/04/2022/resources-and-authorities-needed-to-protect-and-secure-the-homeland

- o Exhibit 62 - May 21, 2021 Mayorkas Testimony: 0:00-0:05 & 1:19:00-1:19:40. Available here https://appropriations.house.gov/events/hearings/department-of-homeland-security-resource-management-and-operational-priorities
- o To the extent you believe the questions by members contain hearsay, we are willing to stipulate that the court may consider the questions only insofar as they provide context for Secretary Mayorkas's answers.
3. For Exhibit 23, we have cut this down. We are only relying on the "questions for the record" and responses. See attached. Please let us know if this raises any issues other than the objections you have already preserved.

Third, we wanted to provide the attached Eleventh Circuit case, which discusses binding Fifth Circuit precedent from before the Eleventh Circuit existed. The case holds that Rule 403 does not apply in bench trials. Our hope is that this case, the court's motion in limine rulings, and our offer to allow objections to go to weight will allow us to work more quickly through any remaining objections.

Happy to get on the phone. We would appreciate a response on the first issue by <u>10 am tomorrow</u> and a response on the exhibit issues by <u>Tuesday the 27th at noon</u>.



James H. Percival
Deputy Attorney General of Legal Policy
Office of the Attorney General
PL-01 The Capitol | Tallahassee, FL 32399-1050
Tel.:
E-mail: james.percival@myfloridalegal.com