UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA,

   *Plaintiff*,

v.                                                                  Case No. 3:23-cv-9962-TKW-ZCB

ALEJANDRO MAYORKAS, et al.,

   *Defendants*.

_____/

STATE OF FLORIDA,

   *Plaintiff*,

v.                                                                  Case No. 3:21-cv-1066-TWK-ZCB

UNITED STATES, et al.,

   *Defendants*.

_____/

**FLORIDA'S LIMITED RESPONSE
TO DEFENDANTS' EMERGENCY STAY MOTION
<u>AND REQUEST FOR ADDITIONAL TIME TO RESPOND</u>**

    DHS's motions to stay and to convert the TRO to a preliminary injunction do not present an "emergency," and this Court should treat them accordingly.

Florida—and this Court—painstakingly developed a robust record in Florida's original action over a year and a half of litigation. Instead of contesting that record and judgment squarely, DHS claims a dire need to escalate Florida's second action without the benefit of a meaningful record. For DHS to claim such an emergency when it chose not to even appeal the prior action for 58 days—much less avail itself of the seven-day stay the Court granted to seek emergency relief—is cynical gamesmanship at its worst. That cynical gamesmanship has been going on for some time. As this Court knows, DHS has been playing whack-a-mole with Florida since September 2021.[1]

Let us be clear about what has apparently happened since. The federal government has known for some time that it intended to end Title 42 and induce a massive increase in the inflow of unlawful migrants at the border, thus exacerbating a border crisis that its own policies created. Part of its master plan to address that latest escalation of its own border crisis was apparently to reimpose much the same unlawful policy that this Court previously held unlawful—all without seeking a stay of the policy—apparently counting on the fact that no one would catch wind of what

---

[1] DHS has the audacity to suggest that it will revert to its Notice to Report policy absent a stay. Stay Mot. At 9. DHS is likely considering doing so because it thinks such a policy would be subject to Section 1252(f)'s bar on injunctive relief. But if DHS does so, it would render dishonest scores of representations made by DHS's witnesses and its attorneys, and the Court will be hearing more from Florida on that front if DHS takes that extraordinarily cynical step.

it was up too. When a DHS spokesperson, on the eve of this self-created crisis, said the quiet part loud and revealed the existence of this unlawful policy, Florida naturally sued to vindicate this Court's decision.

Perhaps there is an innocent explanation for all of this (though Florida thinks it unlikely). Regardless, the Court should certainly not do what DHS now asks—quickly decide DHS's stay requests based on a unilaterally imposed artificial timeline designed to address a crisis of DHS's own creation. Quickly deciding the stay—or worse, converting the TRO into a preliminary injunction—would be highly prejudicial to Florida. The State has not even had the opportunity to present arguments regarding the *actual* policy, only a DHS statement describing it. And the reason for that is that DHS unveiled its new policy to the world only after Florida filed its request for a TRO. Nor has the State had the opportunity to meaningfully present its evidence of standing or irreparable harm, to challenge the assertions of DHS's declarant, to review the administrative record, or to fully consider whether to seek enforcement of this Court's judgment through sanctions or other remedies.

Florida asks the Court to deny the motion to convert the TRO to a preliminary injunction. Florida further asks the Court to defer ruling on the requests for a stay pending the March 19 hearing. Finally, Florida asks the Court to enter an order allowing Florida to file a response by Thursday at 5 p.m. Eastern. By that time, Florida hopes to have a copy of the administrative record, and the State's response

3

to the present motions can also serve as supplementary briefing on the merits in advance of the hearing. If the Court denies that relief, Florida requests a deadline to respond to the stay motions of Tuesday at 11:59 p.m. Eastern.

If DHS wants to go to the Eleventh Circuit on Monday without a ruling on its stay motions, so be it. But this Court should not allow DHS's dubious plans and unilaterally imposed artificial deadlines to force a bypass of important proceedings in such a significant case. The appellate courts are relying on this Court to develop a record.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie P. Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Joseph E. Hart (FBN 124720)
COUNSELOR TO THE ATTORNEY GENERAL

Anita Patel (FBN 70214)
ASSISTANT BUREAU CHIEF

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

5

## CERTIFICATE OF COMPLIANCE

This response contains 699 words.

<u>/s/ James H. Percival</u>
Chief of Staff

## CERTIFICATE OF SERVICE

I certify that on May 13, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all parties.

*/s/ James H. Percival*
Chief of Staff
